IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBEN COREY MCNABB, ) <br> AIS #23612 ) <br>     Petitioner, ) <br> ) <br> v. ) <br> ) <br> DAVID WISE, ET AL., ) <br> ) <br>     Respondents. ) | CIVIL ACTION NO. <br> 1:08-CV-224-MEF |

## ANSWER

Come now Respondents, by and through the Attorney General of Alabama, to respond to the Order to Show Cause issued by this Honorable Court on April 10, 2008.

## PROCEDURAL HISTORY

The Houston County Grand Jury indicted the petitioner, Ruben C. McNabb, on August 30, 2001, for first-degree robbery, a violation of Section 13A-8-41(a)(1) of the Code of Alabama (1975). (C. 1)  McNabb was tried on the charge, but the trial ended in a mistrial on February 14, 2003. (C. 4)

1

McNabb's attorney filed a motion for extraordinary expenses and asked for funds to purchase a transcript of the mistrial. Counsel alleged that the transcript was necessary for cross-examination and rebuttal of witness testimony at the new trial. That motion was denied. (C.79, 82)

McNabb was tried again on February 10-11, 2004, and the jury returned a verdict of guilty on the first-degree robbery charge. (R. 2, 356) McNabb was sentenced as a habitual offender to life imprisonment without the possibility of parole.

The Alabama Court of Criminal Appeals affirmed the conviction on November 19, 2004. *McNabb v. State*, CR-03-1141 (Ala. Crim. App. Nov. 19, 2004) (Mem. op.). McNabb's application for rehearing was overruled on December 10, 2004. On February 11, 2005, the Supreme Court of Alabama denied McNabb's petition for writ of certiorari, and the Certificate of Judgment was entered on February 14, 2005.

On March 8, 2005, McNabb filed a petition under Rule 32 of the *Alabama Rules of Criminal Procedure* in the Houston County Circuit Court. The petition was denied on April 5, 2005. The Alabama Court of Criminal Appeals affirmed the denial on August 5, 2005. *McNabb v. State*, CR-04-1628 (Ala. Crim. App. Aug. 5, 2005) (Mem. op.). His petition for writ of certiorari filed in the Supreme

Court of Alabama was denied on November 10, 2005. The Certificate of Judgment was issued on November 14, 2005.

On January 25, 2006, McNabb filed a petition for habeas corpus relief in the United States District Court For The Southern District Of Alabama. That court transferred the petition to the United States District Court For The Middle District Of Alabama on June 13, 2006. On January 26, 2007, this Court dismissed the petition without prejudice for McNabb to exhaust his state court remedies. *Ruben Corey McNabb v. Ralph Hooks*, Civil Action No. 1:06-CV-530-MEF.

McNabb thereafter filed his second Petition For Relief From Conviction Or Sentence Pursuant to Rule 32 of the *Alabama Rules of Criminal Procedure*, in the Houston County Circuit Court on March 21, 2007. He alleged that his sentence was excessive because it had been improperly enhanced with youthful offender adjudications from the State of Florida. McNabb alleged that the criminal record from the State of Florida that was presented by the State at sentencing contained youthful offender adjudications instead of felony convictions. The circuit court found the petition to be successive and denied relief on April 4, 2007. (C. 27)

Because the record from the circuit court proceedings did not conclusive show that McNabb's criminal record from Florida involved felony convictions instead of youthful adjudications, the State requested that the case be remanded to the circuit court for additional findings on the issue. On August 31, 2007, the

Alabama Court of Criminal Appeals remanded the case for specific, written findings of fact on McNabb's claim. *McNabb v. State*, CR-06-1421(Ala. Crim. App. Aug. 31, 2007) (Mem. op.).

On September 4, 2007, the circuit court filed its written findings of facts in accordance with the Order of Remand on September 4, 2007. The court found that the certified copies of judgments for the three previous convictions from Florida listed them as felony convictions and made no mention that McNabb was sentenced as a youthful offender. The court also indicated that the State presented no certified copy of an alleged fourth conviction and that alleged conviction was not considered for sentence enhancement.

On October 26, 2007, the Court Of Criminal Appeals affirmed the denial of the petition on Return To Remand. McNabb filed a Petition For Writ of Certiorari with the Supreme Court of Alabama on November 26, 2007, but the petition was denied on March 14, 2008.

McNabb is considered to have filed this second federal habeas petition on March 26, 2008, because that is the date he signed it and, presumably, presented it to prison authorities.

## ISSUES RAISED IN THE FEDERAL HABEAS PETITION

McNabb alleged the following claim in his federal petition:

1) "[His convictions under the] Florida Youthful Offender Act 958.04(4) [were] being used for [enhancement of his sentence under the] Habitual Offender Act in Alabama."

## CLAIMS RAISED ON DIRECT APPEAL

I. "Whether the Court erred by refusing to grant funds for McNabb to purchase a transcript of the prior trial."

## CLAIMS RAISED IN THE FIRST RULE 32 PETITION

(1) "The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief;

(2) The court was without jurisdiction to render the judgment or to impose the sentence;

(3) The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law."

4) McNabb also alleged that his trial counsel was ineffective and that his sentence exceeded the maximum authorized by law. (C.4-5, 13-15)

On appeal, McNabb raised the following claims:

1) He contended that the trial court never adjudicated him to be a habitual felony offender and, as a result, his sentence exceeded the maximum authorized by law.

2) McNabb contended that his trial counsel was ineffective for failing to object to the trial court's alleged failure to adjudicate him as a habitual felony offender.

### CLAIMS RAISED IN THE SECOND RULE 32 PETITION

**1)** McNabb alleged that the three previous convictions from the State of Florida used to enhance his sentence under the Habitual Felony Offender Act were actually youthful offender adjudications, not felony convictions.

**2)** He also alleged that he was denied effective assistance of counsel.

### EXHAUSTION OF CLAIM RAISED IN THE FEDERAL HABEAS PETITION

(A)

### MCNABB HAS PROPERLY EXHAUSTED THE CLAIM RAISED IN THIS PETITION.

The claim raised by McNabb in his federal habeas petition is exhausted because he raised the precise claim in the second Rule 32 petition.

## MCNABB'S CLAIM IS PRECLUDED FROM REVIEW BECAUSE IT DOES NOT RAISE ANY FEDERAL CONSTITUTIONAL QUESTION.

In his Rule 32 petition, McNabb alleged that his sentence was enhanced under the Alabama Habitual Felony Offender Act (HFOA) with youthful offender adjudications, instead of felony convictions, from the State of Florida. McNabb is not entitled to any federal review of this issue because the questions of whether the State may use a youthful offender adjudication to enhance the sentence on a later conviction, or whether the State adequately proved that the previous convictions from Florida were felony convictions instead of youthful offender adjudications are a state law questions. A habeas court sits only to review federal constitutional questions, and do not sit to review issues of state law.

State law precluded the State from using youthful offender adjudications to enhance a sentence under the HFOA. *See Ex Parte Thomas*, 435 So.2d 1324 (Ala. 1982). *See also Lucious v. State*, 879 So. 2d 1216, 1217 (Ala. Crim. App. 2003) ("A youthful-offender adjudication cannot be used as a prior conviction to enhance a sentence under the Habitual Felony Offender Act."). The fact that state law precluded the use of youthful offender adjudications to enhance the sentence on a later conviction does not create any federal constitutional right for McNabb. "The simple fact that state law prescribed certain procedures does not mean that the

7

procedures thereby acquire a federal constitutional dimension.... The due process clause does not convert every state statutory right into a constitutional entitlement." *Coleman v. State of Ala.,* 827 F.2d 1469 (11th Cir.1987), citing *Vruno v. Schwarzwalder,* 600 F.2d 124 (8th Cir.1979).

In *U.S. v. Acosta,* 287 F.3d 1034, 1036 (11th Cir. 2002), the court concluded that a state court's youthful offender conviction could be used for sentencing enhancement in a later federal proceedings under *21 U.S.C. § 841(b) (1) (A).* Because a state court youthful offender adjudication can be used to enhance a subsequent sentencing in a federal proceeding, it is clear that there is no federal constitutional prohibition on using a youthful offender adjudication to enhance a sentence on a later conviction. *See also U.S. v. Loomis,* 230 Fed.Appx. 938 (11th Cir. 2007)( The district court did not plainly err in concluding that a prior youthful offender adjudication constituted a prior conviction under 18 U.S.C. § 2252(b)(1), (b)(2). ) ; *United States v. Burge,* 407 F.3d 1183, 1187-90 (11th Cir.2005) (holding juvenile adjudications can be prior convictions under Armed Career Criminal Act, 18 U.S.C. § 924(e).).

In accordance with state law procedural requirements, The State presented certified copies of the convictions from the State of Florida to the trial court. Therefore, the only question presented in McNabb's case was whether the State adequately proved it was presenting felony convictions, instead of youthful

offender adjudications, to the trial court for use under the HFOA. The question, as previously stated, raises only a matter of state law; Accordingly, McNabb's allegation presents no federal constitutional claim for review in a federal habeas petition.

"[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire, 502 U.S. 62, 67(1991)*. "Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. "Id. at 67-68. "A state court's interpretation of its own laws and rules are not grounds for relief in a federal habeas proceeding." *Pulley v. Harris, 465 U.S. 37, 41 (1984); Beverly v. Jones, 854 F.2d 412 (11th Cir.1988)*. "In a federal habeas corpus proceeding, a federal court is bound by the state court's interpretation of a state criminal statute." *Garcia v. Perringer, 878 F.2d 360, 361(11th Cir.1989)*, citing *Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. Unit B 1981)*. "This court is bound by the determination of the Alabama courts that no state law violation has occurred." *Walton v. Attorney General of State of Ala., 986 F.2d 472, 475 (11th Cir. 1993)*. "Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes." *Carrizales v. Wainwright, 699 F.2d 1053, 1054-1055 (11th Cir. 1983)*. "A state's

9

interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Id.

McNabb cannot obtain review on the claim raised in his federal petition because the claim raises only questions regarding the application of state law to him state law claim. Accordingly, this Court should deny relief in this petition because McNabb has raised no claim on which federal habeas corpus relief can be granted.

Whereas Respondents have shown that McNabb is not entitled to relief on his claims, this petition should be denied.

>Respectfully submitted,
>
>Troy King – KIN047
>*Attorney General*
>State of Alabama
>
>
>s/James B. Prude
>James B. Prude (PRU005)
>Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>21st</u> day of May, 2006, I electronically filed the foregoing (excluding exhibits)[1] with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing (excluding exhibits) to the following non-CM/ECF participants to the address listed on the Department of Corrections' website:  <u>Ruben McNabb, AIS #236182, St. Clair Correctional Facility, 1000 St. Clair Rd, Springville, AL 35146-9790</u>.

                                              s/James B. Prude
                                              James B. Prude (PRU005)
                                              Office of the Attorney General
                                              Alabama State House
                                              11 South Union
                                              Montgomery, AL  36130-0152
                                              Telephone:  (334) 242-7300
                                              Fax:  (334) 242-2848
                                              E-Mail:  JPrude@ago.state.al.us

644076/120611-001

---

[1] The exhibits will be sent under separate cover.