## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

RUBEN COREY MCNABB,　　　)
AIS #23612　　　　　　　　　　)
　　　　　　Petitioner,　　　　　)
　　　　　　　　　　　　　　　　)　　CIVIL ACTION NO.
v.　　　　　　　　　　　　　　　)　　1:08-CV-224-MEF
　　　　　　　　　　　　　　　　)
DAVID WISE, ET AL.,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Respondents.　　　　　)

## MOTION TO SUBMIT EXHIBITS

Come now Respondents, by and through the Attorney General of

Alabama, and in support of the Answer filed in the above-styled cause on

May 21, 2008, submit the following exhibits:

　　1)　　Copy of trial transcript, Exhibit A;[1]

　　2)　　McNabb's brief on appeal, Exhibit B;

　　3)　　Copy of State's brief on appeal, Exhibit C;

　　4)　　Opinion on direct appeal, Exhibit D;

　　5)　　Copy of Rule 32 transcript, Exhibit E;

　　6)　　McNabb's brief on appeal, Exhibit F;

---

[1] Respondents are unable to locate Exhibit A at this time.  It will be filed as soon as it is located.

1

7)     Copy of State's brief on appeal, Exhibit G;

8)     Copy of Opinion on Rule 32 proceeding, Exhibit H;

9)     Copy of Second Rule 32 transcript, Exhibit I;

10)    McNabb's brief on appeal, Exhibit J;

11)     Copy of State's brief on appeal, Exhibit K;

12)    Copy of Opinion on Second Rule 32 proceeding, Exhibit L;

13)    Copy of Rule 32 transcript on Remand, Exhibit M;

14)    Copy of Opinion on Return To Remand, Exhibit N;

15)    Copy of Denial of Writ of Certiorari, Exhibit O;


Respectfully submitted,

Troy King – KIN047
*Attorney General*
State of Alabama



s/James B. Prude
James B. Prude (PRU005)
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2008, I electronically filed the foregoing (including all exhibits, except Exhibit A) with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing (including all exhibits, except Exhibit A) to the following non-CM/ECF participants to the address listed on the Department of Corrections' website:  Ruben McNabb, AIS #236182, St. Clair Correctional Facility, 1000 St. Clair Rd, Springville, AL 35146-9790.

s/James B. Prude
James B. Prude (PRU005)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  JPrude@ago.state.al.us

644232/120611-001

3

66092

10/5

CASE NO. CR 03-1141

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF ALABAMA

RUBEN COREY MCNABB,                    )
                                       )
        APPELLANT,                     )
                                       )
V.                                     )
                                       )
STATE OF ALABAMA,                      )
                                       )
                                       )
        APPELLEE.                      )

========================================================

APPEAL FROM THE CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA

CASE NO.  CC 02-225

BRIEF OF THE APPELLANT

========================================================

David K. Hogg
Attorney for Appellant
188 N. Foster St., Ste. 201
Dothan, Alabama 36303
(334) 794-8559

EXHIBIT

B

## **STATEMENT REGARDING ORAL ARGUMENT**

Because of the simplicity of the factual and legal matters involved in this appeal, the Defendant does not believe oral argument is necessary or beneficial in this case.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . 6

    WHETHER THE TRIAL COURT ERRED BY REFUSING TO GRANT FUNDS
    FOR MCNABB TO PURCHASE A TRANSCRIPT OF THE PRIOR TRIAL
    . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . 6

SUPPRESSION HEARING (Record Volume I) . . . . . . . . . 6

FIRST TRIAL . . . . . . . . . . . . . . . . . . . . . 10

RETRIAL (Record Volume II) . . . . . . . . . . . . . . 11

    RONALD REEVES . . . . . . . . . . . . . . . . . . 11

    PATSY ROACH . . . . . . . . . . . . . . . . . . . 14

    BETTY PRESCOTT . . . . . . . . . . . . . . . . . . 16

    REGGIE HILL . . . . . . . . . . . . . . . . . . . 17

    JIMMY SINGLETON . . . . . . . . . . . . . . . . . 19

    RUBEN COREY MCNABB . . . . . . . . . . . . . . . . 22

    YVETTE MCNABB . . . . . . . . . . . . . . . . . . 28

    RONALD REEVES . . . . . . . . . . . . . . . . . . 32

    SHERRY WISDOM . . . . . . . . . . . . . . . . . . 32

    STEPHANIE REEVES . . . . . . . . . . . . . . . . . 33

    MARY BESSIE . . . . . . . . . . . . . . . . . . . 33

    GREG BRYSON . . . . . . . . . . . . . . . . . . . 34

WILLIE WILLIAMSON   . . . . . . . . . . . . . . . . . 35

STANDARD OF REVIEW   . . . . . . . . . . . . . . . . 36

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . 37

ARGUMENT   . . . . . . . . . . . . . . . . . . . . . 38

    THE  TRIAL  COURT  ERRED  BY  REFUSING  TO  GRANT  FUNDS  FOR
    MCNABB,  AN  INDIGENT,  TO  PURCHASE  A  TRANSCRIPT  OF  HIS
    PRIOR TRIAL   . . . . . . . . . . . . . . . . . . . 38

CONCLUSION   . . . . . . . . . . . . . . . . . . . . 41

CERTIFICATE OF SERVICE   . . . . . . . . . . . . . . 42

SUMMARY OF RULINGS AND ACTIONS ADVERSE TO APPELLANT . . . 43

## TABLE OF AUTHORITIES

**STATUTES**

Section 15-12-1, Ala. Code 1975 . . . . . . . . . . . . . 38

**CASES**

<u>Britt v. North Carolina</u>, 404 U.S. 226, 92 S.Ct. 431, ,30
    L.Ed.2d 400 (1971) . . . . . . . . . . . . . . . 36, 39

<u>Dunn v. State</u>, 733 S.W.2d 212, 215 (Tex.Cr.App. 1987) . . 36

<u>Grayson v. State</u>, [CR-95-1511, 824 So. 2d 804, 823 (Ala. Crim.
    App. 1999) . . . . . . . . . . . . . . . . . . . 37, 39

<u>Harris v. State</u>, 552 So.2d 866, 873 (Ala.Crim.App. 1989) .

. . . . . . . . . . . . . . . . . . . . . . . . 36-37

<u>McKinney v. State</u>, 665 So. 2d 209 (Ala. Crim. App. 1995)  40

<u>Quick v. State</u>, 825 So. 2d 246 (Ala. Crim. App. 2001) . . .

. . . . . . . . . . . . . . . . . . . . . . . 37-40

<u>State v. Tison</u>, 129 Ariz. 526, 633 P.2d 335(1981) . . 37, 39

## STATEMENT OF THE CASE

Ruben Corey McNabb ("McNabb") was indicted on charges of robbery in the first degree by the Grand Jury of Houston County, Alabama for the August term of 2001. (C 10-11.) The Indictment specified no bond would be set. (Id.) On February 6, 2002 McNabb filed an affidavit of hardship with the court and counsel was appointed to represent him. (C 13-14.) On February 13, 2002 McNabb, through his counsel, filed a motion for preliminary hearing and discovery (C 17-18) and a motion for bond (C 19). On March 1, 2002 he filed a written waiver of arraignment and plea of not guilty. (C 16.) In two separate orders, dated February 27, 2002 and March 6, 2002, the court granted the motion for discovery (C 20-21) and on March 11, 2002, following a hearing, set McNabb's bond at $500,000.00. (C 22.)

On March 13, 2002 McNabb filed a written motion to suppress the State's evidence. (C 23-25.) On March 18, 2002 the court ordered the motion to be heard prior to trial. (C 26.) On May 7, 2002 McNabb filed a request for reconsideration of his bond. (R 27-28.) On May 31, 2002 the court set this motion for a hearing (C 28), and on August 14, 2002 denied the motion. (C 38.) On June 19, 2002 McNabb filed a motion for speedy trial

1

(C 30), which the court granted (C 31.) On July 31, 2002 McNabb's counsel filed a second motion for discovery (C 33-36), which the court granted. (C 37.) On August 21, 2002 McNabb requested that his trial be continued. (C 39.) The court granted the continuance. (C 41.) On August 19, 2002 the State served notice of its intent to use McNabb's prior convictions for impeachment purposes. (C 42.) On August 30, 2002 McNabb filed a request that his trial be scheduled for the next term of court. (C 45.) On September 10, 2002 the court granted this motion. (C 46.)

On January 16, 2003 the case was continued unreached. (C 47.) On January 29, 2003 the State filed a notice of intent to seek the additional penalty pursuant to Ala. Code § 14A-5-6 (1975) for commission of a felony in which a firearm or deadly weapon was used. (C 48.) On February 13, 2002 McNabb filed a motion in limine seeking to preclude introduction at trial of evidence that he had been convicted of carrying a concealed firearm. (C 52-54.) On the same day the court ruled that the conviction could be used for impeachment purposes if McNabb testified at trial. (C 35.) On the same date a hearing was held on McNabb's motion to suppress the evidence.(R 2-25.) The court denied the motion to suppress.(R 25.) The case proceeded

2

to trial and on February 14, 2003 a mistrial was declared due to a deadlocked jury. (C 72.)

On February 19, 2003 McNabb was mistakenly released from jail, an alias warrant was issued, and bail was set at $1 million. (C 73.) McNabb was arrested and on February 24, 2003 he filed a motion to reduce his bond. (C 72-73.) McNabb also filed an affidavit of hardship, showing that he was unemployed. (C 75-76.) On February 26, 2003 McNabb filed a request for expenses to purchase a transcript of the previous trial. (C 79-80.) On the same day McNabb was brought before the court for a first appearance following his arrest on the alias warrant and counsel was re-appointed to represent him (C 81.) On March 4, 2003 the court denied the motion to reduce bond and for funds to purchase a transcript of the prior trial. (C 82.) On April 3, 2003 the trial was continued for the State without objection from McNabb. (C 83.) On May 1, 2003 McNabb filed another motion to reduce bond. (C 84-85.) The motion was set for a hearing. (C 86.) On May 15, 2003 the court reduced McNabb's bail to $100,000.00. (C 87.) On July 15, 2003 McNabb, acting pro se, filed a motion to reconsider the amount of his bond. (C 88-90.) The court denied the motion. (C 91.) On August 20, 2003 trial of the case was

3

continued pending resolution of issues on appeal. (C 92.) On October 21, 2003 the Alabama Supreme Court issued a certificate of judgment returning McNabb's petition for mandamus to this Court. (C 93.) On November 18, 2003 this Court issued an order granting the State 21 days to respond to McNabb's petition for mandamus. (C 94.) On January 9, 2004 this Court denied the mandamus petition. (C 95.)

On February 2, 2004 the State filed a motion seeking release of trial exhibits admitted during the previous trial. (C 96.) The court granted this motion. (C 97.) On February 5, 2004 McNabb filed a motion to suppress the State's evidence. (C 98-99.) On February 10, 2004 the case proceeded to trial. (R 2-358.) On February 11, 2004 McNabb and the State agreed to incorporate the arguments from the hearing in McNabb's previous trial on the motion to suppress the evidence. (R 174.) The court denied the motion to suppress. (C 100.) On February 11, 2004 at the close of the State's evidence, McNabb moved for a judgment of acquittal, which was denied. (C 122.) The jury returned a verdict of guilty of robbery, first degree. (C 119.) A sentence hearing was scheduled for March 18, 2004. (C 120.) On March 17, 2004 the State served McNabb with notice of previous convictions. (C 123.) On March 18, 2004 the court

4

continued the sentencing hearing on motion by McNabb. (C 124.) On the same date the State served McNabb with another notice of previous convictions. (C 125.) On March 24, 2004 the court sentenced McNabb to life without parole and ordered him to pay all court costs. (C 120-21.) On the same day McNabb's trial counsel filed a motion to withdraw and requested that appellate counsel be appointed to represent McNabb. (C 126.) On March 30, 2004 the court entered an order permitting trial counsel to withdraw and appointing other counsel to represent McNabb on appeal. The court also noted McNabb's oral notice of appeal and ordered that a free transcript be furnished for the appeal. (C 127.)

On March 25, 2004 McNabb filed a motion for new trial. (C 128-29.) Newly appointed appellate counsel subsequently filed a motion to withdraw as McNabb's attorney.[1] (C 128.) On April 7, 2004, the court denied the motion for new trial, allowed newly appointed counsel to withdraw and appointed the undersigned to represent McNabb on appeal. (C 131.)

---

[1] The Stamp on this motion shows it was filed in the clerk's office on April 8, 2004; however, the motion was apparently presented to the court a day earlier, as evidenced by the date of the court's order granting the motion.

5

## ISSUE PRESENTED

**WHETHER THE TRIAL COURT ERRED BY REFUSING TO GRANT FUNDS FOR MCNABB TO PURCHASE A TRANSCRIPT OF THE PRIOR TRIAL.**

## STATEMENT OF FACTS

Ruben Corey McNabb ("McNabb") was indicted on charges of robbery in the first degree by the Grand Jury of Houston County, Alabama for the August term of 2001.(C 10-11.) On February 6, 2002 McNabb filed an affidavit of hardship with the court and counsel was appointed to represent him. (C 13-14.) On February 13, 2002, a hearing was held on McNabb's motion to suppress the evidence.(C 23-25, R 2-25.)

### SUPPRESSION HEARING
### (Record Volume I)

At the suppression hearing, Dothan Police Sergeant Willie Williamson ("Williamson") testified that on June 7, 2001 she was called to investigate an armed robbery at Winn Dixie in Dothan.(R 5.) Upon arriving at the scene, Williamson spoke with Winn Dixie employee Betty Jean Prescott ("Prescott").(R 6.) Prescott told Williamson she arrived at the Winn Dixie at 4:00 o'clock that morning. As she drove into the parking lot, a mini van sped from around the north side of the store and

6

nearly collided with her vehicle. (<u>Id.</u>) Prescott said the van was possibly a 1989 through 1992 model with wood panels on the sides. (R 6-7.) Prescott entered the Winn Dixie, clocked in, walked to the back of the store and saw the manager, Ronald Reeves ("Reeves"), talking with an assistant manager, Reginald Hill ("Hill"). Shortly thereafter, the store was robbed. (R 7.)

After speaking with Prescott, Williamson and Officer Jimmy Singleton ("Singleton") began searching for the van described by Prescott. They went to Barstone Apartments ("Barstone") because the police had received numerous calls to that apartment complex. (R 7-8.) Also, Williamson had learned that Hill lived at Barstone, and the police initially thought the robbery might be an "inside job." (R 7, 8, 10.)

Upon arriving at Barstone, Williamson and Singleton found a van matching the description given by Prescott. (R 8-9.) They ran the van's tag number and learned the van was registered to Ruben McNabb ("McNabb") or Yvette McNabb, who were residents of Barstone. (R 9.) Williamson ran McNabb's "rap sheet" and learned he had some drug and weapons activity, and that he had previously been arrested for armed robbery. (R 9-10.) Williamson also learned that McNabb and Hill were acquaintances. (<u>Id.</u>)

7

Subsequently, Williamson took Prescott to Barstone and showed her the mini van.(R 10-11.) Prescott said the van resembled the one she saw in the parking lot the night of the robbery.(R 11.) Prescott was unsure about the color of the van, but said the wood frame on the sides was the right color. Also, the van appeared to be the same year model (Id.) Williamson then requested the Alabama Department of Public Safety Drivers License Division to email her a picture of McNabb. After receiving the emailed photograph, the police assembled a black-and-white photographic line-up which included McNabb's picture.(R 11.) The lineup was shown to Reeves, who identified McNabb as one of the robbers.(R 11-12.) Based on this information, Williamson typed up a search warrant and supporting affidavit for Singleton to sign in order to obtain permission to search McNabb's apartment.(R 12-13.)

Williamson said she typed the affidavit to state McNabb has a history of robbery, because the criminal history report she obtained shows on December 18, 1996 the Orlando Police Department charged McNabb with robbery. However, Williamson admitted she knew at the time she typed the affidavit that the charges had been reduced to larceny.(R 13-14.)

8

Williamson also admitted on cross-examination that the photograph of McNabb included in the photographic line-up is "a little more distorted than the other [photographs.]" (R 17.) However, Williamson said this was the only photograph of McNabb she could obtain. (R 15.) When asked if she could have gotten drivers license pictures for the other persons shown in the line up, Williamson said she could have if they had Alabama drivers licenses. (R 17-18.)

McNabb called Reeves to testify at the suppression hearing. Reeves had called 911 after the store was robbed. (R 18.) Reeves said one of the robbers was a black male who wore a toboggan-type cap, and was about six-feet tall. (R 19-20.) Reeves claimed that he could remember facial characteristics of the robber he described; however, after listening to defense counsel play a tape recording of his 911 call, Reeves admitted he had told the police dispatcher he could not state whether the robber was black or white. (R 21.) Reeves said he identified suspect number five in the photographic line-up as the robber because "he held me at gunpoint." (Id.) Reeves claimed he was "a hundred percent sure" he was the robber. (R 21-22.)

Defense counsel argued the search warrant was based upon

9

an unduly suggestive photographic line-up because the photograph of McNabb was a grainy digital photograph which had been enlarged and was distorted in comparison with the other photographs.(R 22.) McNabb contended this photograph would stand out to a casual observer. Moreover, immediately after the robbery, which occurred a year prior to trial, Reeves had told the police dispatcher he did not know the race of the robber.(R 23.) The trial judge opined that Reeves might have been "scared to death" when he made the 911 call.(Id.) Defense counsel also argued the sworn testimony of Officer Singleton in the search warrant was knowingly and intentionally false, because McNabb had no history of robbery. Defense counsel said the only connection between the robbery and McNabb was the fact that McNabb owned a white Dodge mini-van.(R 24.) The trial court denied the motion to suppress.(R 25.) The court denied the motion to suppress.(R 25.)

### FIRST TRIAL

McNabb's first trial ended in a mistrial after the jury deadlocked. (C 72.) On February 19, 2003 McNabb was mistakenly released from jail, an alias warrant was issued, and bail was set at $1 million. (C 73.) McNabb was arrested and filed an affidavit of hardship, showing that he was unemployed and had

10

no assets. (C 75-76.) On February 26, 2003 McNabb filed a request for expenses to purchase a transcript of the previous trial, stating: "Defendant's counsel is in need of the trial transcript from the mistrial and the court reporter has estimated that such a transcript would cost $800.00. Defendant's counsel is in need of said transcript for cross examination and rebuttal purposes in the next trial of this case." (C 79-80.) On the same day McNabb was brought before the court for a first appearance following his arrest on the alias warrant and counsel was re-appointed to represent him (C 81.) On March 4, 2003 the court denied the motion for funds to purchase a transcript of the prior trial with an order stating simply "[m]otion for extraordinary expenses denied." (C 82.)

**RETRIAL**
**(Record Volume II)**

**RONALD REEVES**

Ronald Reeves testified for the State. (R 22.) On June 7, 2001 he was an assistant manager for Winn Dixie. Reeves said money taken from cash registers is kept in a safe. (R 23.) The money is wrapped in quantities of one thousand dollars, five hundred dollars, and one hundred dollars. (Id.) The wraps are stamped with the number 426 which is the store number of that particular Winn Dixie. (R 23-24.) The store safe contained

11

postage stamps, a large amount of bills, food stamps and coins.(R 24-25.) The postage stamps were kept in a book and were self-stick type, similar to those represented by State's exhibit 9.(R 51-52.)

Reeves said the following employees were working at the store after midnight on June 7, 2001: Patsy Roach ("Roach"), Hill, John Stack, and Steven Woodham.(R 26.) Reeves had access to the safe.(R 27.) The night of the robbery, Reeves was stocking aisle one when he heard Roach call him to come to the service desk.(R 31-32.) Reeves went to the service desk where Roach was stocking cigarettes. A black male, whom Reeves identified as McNabb, was standing at the service desk.(R 32-33.) McNabb was wearing a black toboggan-type cap with a bib on it.(R 35.) Reeves identified State's exhibit 2 as the cap worn by McNabb.(Id.) Reeves asked McNabb if he could help him. McNabb replied "guess what, today is your lucky day." (Id.) McNabb produced a silver-colored nine millimeter automatic gun and ordered Roach and Reeves to go to the office.(R 34.) Reeves unlocked the office door and he, Roach, and McNabb went inside. McNabb ordered Reeves to open the safe and threatened to "bust" Reeves if he didn't.(R 40.) Reeves opened the safe, which contained mostly coins.(R 42.) McNabb then ordered

12

Reeves to open the second safe, which contained most of the cash. (R 42-43.) The currency in the second safe contained the wrappers with the store number. (R 43.) After Reeves opened the second safe, McNabb ordered him at gunpoint to get on his knees. (Id.) Acting on orders by McNabb, Roach tied Reeves's hands behind his back using a speaker wire. (R 44-45.) Once Reeves was tied up he could no longer see McNabb's face. (R 56.) After Roach tied Reeves, McNabb took a neck tie which had been hanging on the wall and used it to tie Roach. (R 47.) During this general time period, McNabb opened the office door and allowed another black male to enter. (R 48-49.) This man was about the same height as McNabb but was a little heavier, and wore a toboggan. (R 49.) The man was armed with a .380 caliber gun. (R 52.)

Reeves said tills which had been made up for use in cash registers the next morning were thrown onto the floor of the office. (R 53, 64-65.) Reeves heard the second man curse at Roach. (R 54-55.) After McNabb and the other man left, Reeves got up and looked out of the office. (R 57.) Reeves looked around the store and finally located Hill. (R 58-59.) He told Hill the store had been robbed. (R 59.) As Reeves talked to Hill he untied his hands. (Id.) The men went to check on Roach,

13

who was still in the office.(Id.) They found her in the office
and untied her.(R 60.) Reeves called 911; however, he was
unable to tell the operator the race of the robbers.(R 60-61.)
Reeves said this was because he was afraid.(R 61.) When police
arrived, Reeves told them what had happened.(R 61-62.) Reeves
said the robbers were wearing sneaker-type shoes or tennis
shoes.(R 62-63.) Reeves did not give McNabb permission to take
any property from Winn Dixie.(R 52.)


**PATSY ROACH**

On June 7, 2001 Patsy Roach was at Winn Dixie working
behind the cigarette counter stocking cigarettes and
performing an inventory.(R 100-01.) Around four o'clock a
black male came up to the counter and asked to speak to Ron
Reeves.(R 102-03.) The man was about six feet tall, of medium
weight, had a dark complexion (R 107), wore tennis shoes (R
105) and blue-jean-type clothing. (R 107-08). Roach picked up
a telephone, paged Reeves, turned her back and continued her
inventory.(R 104.) Reeves came up to the counter and asked the
man if he could help him. The man said "guess what, this is
your lucky day." The man pulled a silver gun (R 114) from his
jacket and told Roach and Reeves to "come on."(R 106.) Roach

14

identified McNabb as the robber.(R 109-110.)

McNabb forced Reeves and Roach into the office at gunpoint; the gun was touching the middle of Roach's back.(R 108.) He made Reeves open the safe and remove money. McNabb put the money into a backpack or heavy sack.(R 110-111.) McNabb made Roach tie Reeves with a speaker-type wire which McNabb pulled from a small black bag he was carrying.(R 111.) McNabb then tied Roach using a neck tie which had been hanging on the wall in the office.(R 113.)

While they were in the office another black male entered. He was shorter, darker and heavier than McNabb and wore a toboggan.(R 112.) He had a dark-colored gun.(R 114.) Roach heard tills hitting the floor. (Id.) Then she heard the door open and close. Thinking the men were gone, Roach turned around and saw the second man standing there. He said, "yeah, I'm still here, bitch, and I'm not afraid to pop you, don't do anything stupid."(R 117.) After what seemed to Roach like a long time, Reeves got up and left the office.(R 118.) He returned with Reggie Hill, who untied Roach.(R 119-20.)

On cross-examination, Roach claimed she got a "pretty good look" at the robber, and that her recollection is better now than it was then.(R 122-23.) She went with Singleton to

15

the police station and was shown different pictures on a computer.(R 123-3-24.) Later, Singleton and another officer came to her house with a picture, but she did not recall if it was the same photograph she was shown by defense counsel, nor did she recall which person in the photograph she selected.(R 124-25.) She said both robbers had light mustaches,(R 125), were medium height, were wearing tobaggans and tennis shoes.(R 126.)

**BETTY PRESCOTT**

Prescott was working at Winn Dixie the morning of June 7, 2001. When she arrived at work around 3:20 a.m. it was dark outside.(R 130.) As she pulled into the parking lot she noticed a van coming from the back of the store at a "pretty good rate of speed."(R 130-31.) The van had wood grain paneling on the sides, and appeared to be a 1989 to 1992 model.(R 131.)

She clocked in and began working.(R 132.) Hill was in the receiving room with her and they were pushing buggies to the dumpster.(R 138.) Later, Reeves came to the receiving room and said he had been held up.(R 132.) Hill went with Reeves back up to the front of the store.(R 133.) After police arrived, Prescott told them police about her encounter with the van in

16

the parking lot.(R 133-34.)

On cross-examination, Reeves said after she exited her vehicle upon arriving at work the van was not in the front parking lot. She did not know where it went.(R 136.) She did not know the color of the van, but knew it was a mid-sized van with wood grain on the sides. She also said that when Williamson took her to Barstone the night after the robbery (R 140) she could not identify the van as the same one she saw the night of the robbery, but thought it "looked familiar."(R 138.) On redirect, Prescott said since the robbery she has not seen any other vans similar to that one.(R 140-41.)

**REGGIE HILL**

On the night of the robbery Hill worked at Winn Dixie on Westgate Parkway.(R 141-42.) As managers, both he and Reeves knew the combination to the store safe.(R 143.) He knew McNabb because they both lived in Barstone Apartments, had played basketball together and he had visited in McNabb's apartment.(R 144.) During the few months before the robbery, McNabb asked Hill how many people worked the night shift at Winn Dixie and how much money the store made.(R 145.) McNabb also described Reeves to Hill and asked his name.(R 145-46.)

The night of the robbery, Reeves walked to the back of

17

the store untying his arms and told Hill the store had been robbed.(R 147.) Hill and Reeves went to the office and untied Roach. Reeves then called 911.(R 148.) Later, Hill spoke with Prescott who told him she had almost collided with a brown and white station wagon in the parking lot as she was coming to work.(R 149.) The vehicle had paneling.(R 149-50.) Hill got a police officer to talk to Prescott so she could tell what she had seen.(R 150.) Hill said coins used at Winn Dixie come from the bank in boxes and are kept in the safe. He identified State's Exhibit three as such a box.(R 150.) After the night of the robbery, Hill did not recall seeing McNabb's van at Barstone.(R 152.) Hill has never had any prior difficulties with McNabb.(R 153.)

On cross-examination, Hill said he usually saw McNabb a couple of times each week, but had not seen him for awhile before the robbery.(R 156-57.) Hill admitted he no longer works for Winn Dixie because he was asked to resign.(R 158.) Hill once drove one of McNabb's cars.(R 159.) He also went on a trip to Orlando with McNabb.(R 160.) He said McNabb did not ask him about the layout of the office; the location of the safe, or whether there was a security system, security cameras or guards in the store.(R 160-61.) Also, McNabb did not ask

18

about bait money, a bundle of cash containing ink which could stain a robber or a honing device.(R 162-63.)

Hill was at work at Winn Dixie when the store was robbed in October of 2000. He saw the robber, who wore a toboggan-type cap.(R 164.) In a June 27, 2001 statement to police, Hill said he thought McNabb committed the October 2002 robbery.(R 165-66.) However, in the earlier robbery the robber realized he was being given bait money.(R 167.) Based upon his discussions with McNabb about each other's backgrounds, Hill thought McNabb was capable of robbery.(R 169.)

**JIMMY SINGLETON**

On June 7, 2001 Singleton was a criminal investigator for the Dothan Police Department and was assigned to investigate the Winn Dixie robbery. He went to the scene shortly after the robbery.(R 175.) He also went with Williamson to Barstone Apartments looking for an older model van with wood grain paneling on the side.(R 180.) They found such a van at the apartments and ran the tag number, which came back registered to McNabb.(R 181.) Singleton checked city utility records to determine McNabb's residence.(R 185.) Using this information and the description of the robbers as black males, Singleton obtained a search warrant for McNabb's residence from a

19

district judge.(R 184-86.) He and Williamson went to the apartment where they found the door had already been forced open by the Swat team.(R 187.) Entering the apartment Singleton found a bibbed black toboggan on the living room couch, and a safe in the bedroom closet.(R 188, 192.) The safe contained food stamps and money wrappers bearing Winn Dixie's stamp.(R 188-89.) It also contained a large number of postage stamps, and bullets. Near the safe in the closet was a case of rolled pennies. Singleton also found a bag of speaker wire (R 189) and some tennis shoes in the apartment (R 190). The speaker wire was found in the bedroom.(R 191.) The wire was admitted as State's Exhibit 4.(Id.) The toboggan was admitted as State's Exhibit 2.(R 192-93.) The food stamps were admitted as State's Exhibit 5.(R 193-94.) The one-thousand dollar money wrapper was admitted as State's Exhibit 9.(R 195.) The books of postage stamps were admitted as State's Exhibit 6.(R 195-97.) The case of pennies was admitted as State's Exhibit 4.(R 197-99.)

Singleton showed Roach a photographic lineup which contained pictures of people who were similar in appearance.(R 199.) Roach picked someone whom she said resembled the robber except for the mustache.(R 200.) McNabb was not in that

20

lineup. (R 201.) Singleton also searched McNabb's van and found McNabb's driver's license over the sun visor. (R 202-03.) The license was admitted as State's Exhibit 10. (R 203-04.) The van had wood grain paneling on the side and was within the 1989 to 1992 year model range. (R 204.) Singleton took Prescott to Barstone to view the van. Prescott told him she wasn't sure if the color of the van was the same but claimed she told him the wood grain paneling was "exactly the same" as she had seen. (R 205.) However, on cross-examination, Singleton admitted Prescott had actually told him the wood grain on the van was the "same type" as that on the van which almost ran her over in the parking lot. (R 206.) He admitted Prescott could not identify McNabb's van as the one she had seen in the parking lot of Winn Dixie. (R 207.) Singleton admitted he alleged in a search warrant affidavit that McNabb had a "history of robbery" while knowing that McNabb's robbery charges in Florida had been reduced to larceny. (R 207-09.) Singleton never showed Roach a lineup containing McNabb's photograph. (R 209.) Singleton did not match any shoe prints to shoes confiscated from McNabb's apartment. (R 211.) Singleton did not believe the robbery was an "inside job." (R 211-12.) Singleton denied going to Barstone to check out any connection between

21

Hill and the robbery.(R 216.) Singleton admitted although more than $900.00 in postage stamps were taken from Winn Dixie, only $118.00 worth of stamps were retrieved from McNabb's apartment.(R 216-17.)

The safe in McNabb's closet was small, about the size of two lunch boxes.(R 218.) The safe also contained some .380 caliber bullets, single postage stamps a Winn Dixie money wrapper, and a food stamp.(R 219.) Although nearly $20,000.00 was stolen from Winn Dixie, only a box full of pennies, some assorted change in a piggy bank, and three one-dollar silver certificates were found in the safe at McNabb's apartment.(R 219-20.) No gun was found in the apartment. The only thing to connect McNabb to the robbery was a food stamp and a money wrapper. Singleton said the police did consider Hill a suspect at one point.(R 220.)

The State rested and McNabb made a motion to dismiss for failure to prove a prima facie case.(R 221.) The court denied the motion.(R 222.)

### RUBEN COREY MCNABB

McNabb denied robbing the Winn Dixie.(R 222-23.) He said at the time of the robbery his car broke down in Orlando, where he had gone to pick up his daughter, Taquasia, who lives

22

with her mother. McNabb said he went to Orlando on Sunday, June 3, 2001.(R 224.) He did not return home, however, because he learned he was accused of robbing the Winn Dixie.(R 224-25.)

McNabb said he met Hill shortly after he moved to Dothan in September of 1999. They used to play basketball together several times each week and socialize with each other.(R 225.) Hill and McNabb occasionally drove each other's vehicles.(R 231.) Each knew where the other worked.(R 225-26.) McNabb worked at King Church Furniture. Hill dropped him off at work a couple of times. McNabb usually worked from noon to 9:30 p.m.

On McNabb's way to Orlando, the transmission in his vehicle started slipping.(R 226.) He arrived in Orlando on Sunday and the transmission became worse, so he took it to Greg's Automotive in Orlando on Tuesday or Wednesday.(R 227-28.) Someone at Greg's gave him a receipt dated June 6, 2001.(R 228-29.) The transmission had to be replaced. McNabb expected to be able to get the car back in a couple of days.(R 230.)

McNabb denied having ever seen the food stamps or money wrapper found in his apartment, but said the stamps were some

he used when he wrote to his wife from prison in Florida. He was recently released from prison.(R 232.) McNabb said he did not recall asking Hill how much money the Winn Dixie store earned or the name of the night manager.(R 232.) He said they had general conversations about work, but he had no interest in robbing stores because he was earning a good living at his job.(R 232-33.) On about June 13 or 14 a friend informed McNabb by telephone that his apartment had been searched.(R 233.) After he learned this he contacted the Dothan Police Department and spoke with someone who cussed at him and threatened to get his "mother f.....g ass". McNabb was afraid of police brutality, so he didn't return to Dothan.(R 234-35.)

On cross-examination, McNabb admitted he left Dothan before June 3 and went to Eufaula to see his father.(R 235-36.) He left Eufaula and went to Orlando, where he stayed with his wife's sister, Daniella.(R 245.) He stayed with her all the time  McNabb's wife, Yvette, had had a baby on May 15.(R 236-37.) McNabb quit his job working for the church furniture company about the time the baby was born.(R 237-38.) He had no income during that time, but he said his wife was getting maternity pay from her company.(R 238.) He said the family also had savings in banks in Dothan and Orlando.(R 239.)

24

McNabb admitted he and his wife owned a van with wood paneling, a Buick LeSabre, and a tan Cadillac.(R 239-40.) He originally planned to pick up his daughter in Orlando on Monday and return home.(R 240-41.) He said he and his wife were having problems because he was frequently out of town, but he denied they were separated.(R 241.) While McNabb was in Orlando, he and his wife talked with each by telephone.(R 242.) He said his wife did not tell him the police had been to their apartment.(R 243.) McNabb said when he talked to the police by telephone they asked him to come in and talk with them.(R 243.) He admitted when he was stopped by the Orlando police for a traffic violation he gave them his brother's name because he was trying to get away. (R 244.) He ran when the police tried to arrest him.(R 264.) McNabb is about six feet tall and weighs about 200 pounds.(R 245.) When he went to Orlando he didn't have a job, but had children in Orlando that he was responsible for supporting.(R 246.) McNabb claimed he asked for time off from his job to be with his baby. He claimed he went back and talked with Jimmy King, the owner of the business where he had worked.(R 246-47.) He denied that he quit his job.(R 247.) McNabb admitted he has four or five felony drug convictions.(R 248.) He said he and his wife had

25

not been on food stamps in Dothan.(R 248.) He insisted that in June 2001 he still had the some of the same postage stamps which he used to write his wife before he was released from prison in September of 1999.(R 248-49.) He said the toboggan was his little girl's and they both used it.(R249.) He disputed that the food stamp, State's Exhibit 5, and the money wrapper, State's Exhibit 9, were in his safe, and claimed to have never seen them. He said someone else put them there.(R 250.)    However, he admitted his door has a deadbolt installed.(R 251-52.) He never reported to the apartment manager that anyone had tampered with his door. However, he said his wife had made such a report.(R 252.) McNabb said during the time he stayed with Daniella, he went "everywhere in Orlando."(R 253.) McNabb said at the time of the robbery he was asleep at Daniella's house. McNabb admitted he served time for a battery and theft conviction which had been reduced from robbery.(R 254.)  McNabb denied ever owning a gun. He said he once had a gun, and admitted the .380 bullets found in the safe were his.(R 255.) The prosecutor confronted McNabb with previous testimony in which he denied knowing anything about the bullets. McNabb said his memory had been "refreshed" by his wife.(R 256-57.) McNabb said at the time of the robbery

26

his wife was in Dothan. (R 257.) He said he talked with her on June 14. (R 258.) She told him the police had searched the van, and on June 15 he talked with Lt. Martin of the Dothan Police Department. His wife came to Orlando the following Saturday. McNabb said he saw Daniella Turner on June 3 and has never talked about the robbery. (R 259.) McNabb admitted that Daniella, in her deposition, said she saw McNabb on the 4th and not the 3rd. (R 259-60.) He admitted Daniella, in her deposition, claimed McNabb stayed at her house from June 4 until June 14 and never went anywhere. (R 263.) On June 15, McNabb's wife moved to Florida to live with McNabb, because the police in Dothan were harassing her. (R. 263-64.) McNabb denied ever going into Winn Dixie. (R 265.) McNabb admitted owning tennis shoes and denied owning a blue jean jacket. (R 266.)

On redirect, McNabb said he was charged with robbery in Florida because he got into a fight with an acquaintance who stole some money from him. (R 267.) McNabb attempted to testify that after his arrest in Florida, he had been mistakenly released from the Houston County Jail and came back voluntarily. However, the court sustained the State's objection to this testimony. (R 268-70.) McNabb denied knowing

27

there was a warrant for his arrest while he was in Florida, and said had he known, he would have returned to Alabama.(R 271.)

**YVETTE MCNABB**

Yvette McNabb ("Mrs. McNabb") is McNabb's wife.(R 271.) She said on June 2, 2001 McNabb went to see his father, who takes dialysis treatments, and on June 7, 2001 was gone to Orlando to get his daughter for the summer.(R 272.) She believes McNabb went to Orlando on June 3 because she is sure he spent the night with his father.(R 273.) She and McNabb had already made arrangements with the child's mother for him to pick up the child.(R 273.) Mrs. McNabb stayed in contact with McNabb on his cell phone the entire time he was gone. She admitted being upset with McNabb because she had just had a baby and didn't want to deal with three children. She had been working at Chic-fil-A but was on maternity leave. She said her boss put in time for her to get checks.(R 274.) She and McNabb supported themselves during her time off with money they had saved.(R 275.) Mrs. McNabb said she went to Orlando on June 9, 2001 so her family could see the new baby, and so she could be with McNabb.(R 275-76.) The trip was prolonged so she could see more of her family. She returned to Dothan on June 13.(R

28

276.) When she came home, she found the front door "busted," the house "tore up," and a search warrant with a "list of stuff on the table."(R 276-77.) Mrs. McNabb was shown the food stamp and postage stamps. She said the food stamp was not in her house; she also denied that the postage stamps were in the house, but said they did have postage stamps she had sent to McNabb while he was in jail.(R 277.)

On cross-examination, Mrs. McNabb said she knows McNabb spent the night in Eufaula on June 2, because she talked with him on his cell phone. When confronted with McNabb's testimony that he didn't spend the night in Eufaula, Mrs. McNabb said, "I know he told me where he was at, and I believed him."(R 279.) She denied she and McNabb had separated when he left, or that she told anyone they were separated.(R 280.) Mrs. McNabb denied quitting her job at Chic-fil-A. She claimed she took leave, and then moved to Orlando.(R 281.) She admitted while she was on maternity leave she did not receive a check every week from Chic-fil-A.(R 281-82.) Mrs. McNabb could not remember if she received more than one week's pay after she left Chick-fil-A.(R 282.) She also denied that McNabb quit his job. She said he took leave a couple of days before her baby was born on May 8.(R 282.) Mrs. McNabb has another daughter,

Dezeray, who was living in the household before the baby was born.(R 283.) Although neither she nor McNabb were working, they had money saved in accounts at AmSouth Bank in Dothan and "Washington Mutual" in Orlando. She admitted they owned a white 1989 van with wood paneling.(R 284.)

Mrs. McNabb said after McNabb left to go to Orlando she did not see him again until June 9 when she went to Orlando. She denied seeing McNabb on June 7, but said she knew he was in Orlando because she had talked with him and her sister on the phone.(R 285.)  Mrs. McNabb said she did not know McNabb's cell phone number.(R 286.)

Before she left to go to Orlando, her apartment door was "messed up a little." She normally used her key to open her apartment door.(R 288.) She could not remember how many locks the door had.(R 288-89.) However, she denied the door had a deadbolt lock.(R 289.) She said she always locked her door when she slept at night.(R 289-90.) Before June 7, 2001 there were no problems locking the door. Also, she never made any reports that the door could be entered too easily.(R 290.)

When she came home from Orlando and discovered the apartment had been searched she did not initially call McNabb and tell him.(R 291.) McNabb had stayed in Orlando because his

30

car was being fixed. The day Mrs. McNabb returned from Orlando, the police stopped her and asked her to follow them in her van to the police station.(R 292.) They asked her permission to search the van, and asked where McNabb was. She didn't tell them.(R 293.) She knew from the search warrant inventory left at the apartment that he was being sought for robbery.(R 294.) She denied telling either Williamson or Singleton that she and McNabb were separated, that she hadn't seen him in two weeks, or that she couldn't explain the items found in her home during the execution of the search warrant.(R 295.) Mrs. McNabb said when she moved to Orlando she left the Cadillac behind and it probably was towed away by the apartment complex. She claimed it did not work.(R 296-97.) She said the AmSouth account had probably already been closed before she learned McNabb was wanted for robbery. She said she did not know how much money was in the account, but when asked if it had enough money to support four people, including a new baby, she said "Yes and no."(R 298.) She claimed her husband did odd jobs in Orlando, such as working on radios.(R 299.) She admitted living with him in Orlando while knowing the police wanted him for a robbery in Dothan.(R 299.) She denied being in Dothan the day police executed the search warrant,

31

and said if someone said they saw her that day it would not be true.(R 301.)

**RONALD REEVES**

The Defense recalled Reeves to the stand and showed him the speaker wire taken from McNabb's apartment. He said it was not like the wire he was tied up with.(R 304.) On cross-examination, Reeves said he had heard McNabb testify and recognized his voice as that of the robber.(R 305.)

The Defendant rested.(R 306.)

**SHERRY WISDOM**

On rebuttal, the State called Sherry Wisdom ("Wisdom"), who keeps the payroll records for King Church Furniture. The company is owned by Jimmy King ("King").(R 307.) She said McNabb worked for the company as an upholsterer. He last worked for the company on May 15, 2001. He was not given a leave of absence.(R 308.) McNabb left and never returned.(R 308-09.) When asked by the prosecutor if McNabb could have had any conversations with the shop foreman about not returning to work, McNabb objected on grounds of hearsay. The court overruled the objection and Wisdom answered, "No."(R 309.) On cross-examination, Wisdom admitted she was not privy to all

32

conversations the owner and the foreman had with their employees. However, when he asked, "So it's possible he could have had a conversation?" Wisdom replied, "No, it's not possible. I checked with both [King] and [the foreman] before testifying to make sure."(R 310.)

**STEPHANIE REEVES**

In June 2001 Stephanie Reeves ("Ms. Reeves") lived next door to the McNabbs at Barstone.(R 311.) Prior to June 14, 2001 she had talked with both of them.(R 312.) She saw Mrs. McNabb the morning police searched McNabb's apartment, as well as on the following day.(R 313.)

**MARY BESSIE**

Mary Bessie ("Bessie") knew the McNabbs in May of 2001. Mrs. McNabb was pregnant at the time (R 315), and lived with her brother-in-law and sister at Barstone right beside the McNabbs' apartment.(R 316.) Bessie's grandmother died June 6, 2001, which was also the birthday of Bessie's brother.(R 316-17.) Bessie's family came to the apartment that night.(R 317.) That night she went outside to smoke a cigarette and saw McNabb, who was coming to his apartment from the parking lot.(R 318-19.) Bessie was crying, and McNabb asked if she was okay.(R 318.) On June 12, 2001, as Bessie was on her way to

33

work she saw Mrs. McNabb getting into her van. That evening
when Bessie came home from work, she saw police in McNabb's
apartment. They had kicked in the door. She also saw Mrs.
McNabb during the three days preceding the 12th. (R 320.)
Bessie said June 6 was the last time she saw McNabb at the
apartments. (R 321.)

**GREG BRYSON**

Greg Bryson ("Bryson") operates Greg's Auto Repair in
Orlando. (R 323-24.) Bryson was shown Defendant's Exhibit 1, a
copy of the repair order which McNabb said he received from an
employee of Greg's Auto Repair while his car was having the
transmission repaired. Bryson said it was not a receipt from
his business, nor did he give the receipt to McNabb. The
amount of tax on the receipt is incorrect. (R 325.) His tickets
are in two parts; a white copy, which is kept by the business,
and a yellow copy, which is given to the customer. (325-26.) A
carbon is placed between the two sheets to make a copy. (R
326.) Defendant's Exhibit 1 contains writing in blue ink. (R
327.)

On cross-examination, Bryson admitted that some of his
employees do work on the side, and one of them could possibly
have written the ticket and given it to McNabb. (R 328.) Bryson

34

said he knew McNabb, had seen him in Orlando often, and had worked on his car before. (R 328-29.) On redirect, Bryson said work orders are kept on an open counter and are accessible to the public. (R 329.) On re-cross, Bryson admitted having an independent contractor named Travis Johnson, whose nickname was Trap. (R 332.)

**WILLIE WILLIAMSON**

Willie Williamson ("Williamson") worked as a City of Dothan police officer on June 14, 2001. (R 333.) On that date she saw Mrs. McNabb in a white van with wood paneling. (R 334.) Williamson spoke with Mrs. McNabb, who told her that she and McNabb were separated and hadn't seen each other in two weeks. (R 334.) When Williamson and Singletary asked if Mrs. McNabb could explain why items from the robbery were found in her apartment, she said McNabb had not been home in two weeks. (R 334-35.) She did not tell police she had just been in Orlando with McNabb. (R 335.) On June 18, 2001 Williamson, acting on a tip that McNabb might be there, went back to McNabb's apartment. Mrs. McNabb allowed her to enter the apartment. McNabb was not there. Mrs. McNabb did not tell Williamson he was in Orlando. (R 336.)

35

## STANDARD OF REVIEW

A defendant who claims the right to a free transcript does not, under our cases, bear the burden of proving inadequate such alternatives as may be suggested by the State or conjured up by a court in hindsight. Britt v. North Carolina, 404 U.S. 226, 235, 92 S.Ct. 431, 435, 30 L.Ed.2d 400 (1971). See also Dunn v. State, 733 S.W.2d 212, 215 (Tex.Cr.App. 1987) (The appellant must show due diligence in requesting [the transcript] and that failure to file or have the [transcript] timely filed is not in any way due to negligence, laches, or other fault on the part of the appellant or his counsel, indeed, the circumstances in such cases should be viewed from the appellant's standpoint, and any reasonable doubt is resolved in favor of the appellant.) Harris v. State, 552 So.2d 866, 873 (Ala. Crim. App. 1989).

Moreover, as to a required showing of particularized need by a defendant for a copy of a transcript of a prior trial, this Court has echoed the United States Supreme Court's language in Britt that [o]ur cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case. Harris v. State, supra at

36

874. . . . The United States Supreme Court in <u>Britt v. North Carolina</u>, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), held that an indigent defendant must be provided with transcripts of a prior trial that ended in a mistrial without showing a specific need. The necessity of the transcripts to an effective defense was to be presumed. <u>Grayson v. State</u>, [CR-95-1511, 824 So.2d 804, 823 (Ala. Crim. App. 1999), quoting <u>State v. Tison</u>, 129 Ariz. 526, 540, 633 P.2d 335, 349 (1981).

<u>Quick v. State</u>, 825 So. 2d 246, 260-62 (Ala. Crim. App. 2001)


## SUMMARY OF THE ARGUMENT

McNabb, an indigent, timely requested the trial court to approve extraordinary expense funds so he could purchase a transcript of his prior trial, which ended in a mistrial. The trial court denied his request. It was important at trial for McNabb to be able to challenge the ability of witnesses to remember details of the robbery. This Court has previously ruled that the United State Supreme Court decision <u>Britt v. North Carolina</u>, 404 U.S. 226, 92 S.Ct. 431, ,30 L.Ed.2d 400 (1971) requires the State to furnish an indigent with a free transcript of his prior trial which ended in a mistrial. <u>Quick</u>

37

<u>v. State</u>, 825 So. 2d 246 (Ala. Crim. App. 2001). The trial court erred by refusing McNabb's request.


## ARGUMENT

**THE TRIAL COURT ERRED BY REFUSING TO GRANT FUNDS FOR MCNABB, AN INDIGENT, TO PURCHASE A TRANSCRIPT OF HIS PRIOR TRIAL.**

McNabb was clearly indigent. Prior to both of his trials, McNabb filed an affidavit of hardship with the court. For purposes of his first trial the court expressly determined McNabb to be indigent. (C 14.) McNabb was not expressly determined to be indigent for purposes of his retrial, but the facts clearly imply that such a determination was made: McNabb filed a second affidavit of hardship stating he was unemployed and owned nothing of value (C 75-76), whereupon the court reappointed counsel to represent him. (C 81.)

> Section 15-12-1, Ala. Code 1975, defines an indigent defendant as "[a]ny person involved in a criminal or juvenile proceeding in the trial or appellate courts of the State for which proceeding representation by counsel is constitutionally required and who under oath or affirmation states that he is unable to pay for his defense and who is found by the court to be financially unable to pay for his defense.

<u>Quick v. State</u>, 825 So. 2d 246, 256 (Ala. Crim. App. 2001)

38

McNabb timely filed a request for funds to purchase a transcript of the previous trial for cross-examination and rebuttal purposes. The request was made on February 26, 2003, nearly a year before his retrial.(C 79-80, R 2.)  A week after McNabb made his request the trial court summarily denied the motion.(C 82.)

This Court has previously ruled that the United States Supreme Court decision Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, ,30 L.Ed.2d 400 (1971) requires the State to furnish an indigent with a free transcript of his prior trial which ended in a mistrial.

> . . . Beninati's ability to remember and recount the events and conversations that transpired around the time of the offense was critical to the State's case; thus, the appellant's ability to cast doubt as to his ability to remember based on prior on inconsistent testimony concerning this time period was critical to the defense.
>
> . . . .
>
> . . . The United States Supreme Court in Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), held that an indigent defendant must be provided with transcripts of a prior trial that ended in a mistrial without showing a specific need. The necessity of the transcripts to an effective defense was to be presumed.'" Grayson v. State, [CR-95-1511, 824 So. 2d 804, 823 (Ala. Crim. App. 1999), quoting State v. Tison, 129 Ariz. 526, 540, 633 P.2d 335, 349 (1981).
>
> . . . .

39

In the present case, because the appellant, as an indigent, was entitled to the transcript of his prior mistrial of this case, or the use of an adequate alternative, <u>McKinney v. State</u>, 665 So. 2d 209 (Ala. Crim. App. 1995) (wherein possible alternatives to a transcript are discussed); <u>Nickerson v. State</u>, <u>supra</u> (same), the judgment is due to be reversed and the cause remanded for a new trial.

<u>QUICK v. STATE</u>, 825 So. 2d 246, 260-62 (Ala. Crim. App. 2001).

As was the case in <u>Quick</u>, it was crucial for McNabb to be able to cast doubt on the ability of Roach and Reeves to remember. This fact is underscored by the contrast in Roach's testimony. She claimed that she got a "pretty good look" at the robber, and that her recollection is better at the time of trial than it was at the time of the robbery. (R 122-23.) Human experience and common sense teaches that memories fade with time. To prove the point, Roach was unable to recall on the witness stand whether a photograph she was shown was the same one Singleton and another officer brought to her house, nor did she recall which person in the photograph she selected. (R 124-25.) Also, Reeves told the police dispatcher he could not state whether the robber was black or white. (R 21.) Reeves later selected someone whom he thought resembled the robber from a photographic lineup which did not contain a photograph of McNabb. (R 199-01.)

40

**CONCLUSION**

McNabb, an indigent, was entitled to have a copy of the transcript of his previous trial which ended in a mistrial provided to him by the State. The trial court erroneously denied his request for funds to purchase the transcript. Accordingly, McNabb requests this Court to reverse his conviction and order a new trial at which he will be provided a copy of the transcript of his first trial.

DAVID K. HOGG, ATTORNEY AT LAW LLC

David K. Hogg (HOG007)
ASB 4589-055D
Attorney for Defendant
188 N. Foster St., Ste. 201
Dothan, Alabama 36303
(334) 794-8559

41

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Brief upon the following persons by placing a copy of the same in the United States Mail, correctly addressed and postage prepaid on this the 14th day of September, 2004.

        Honorable Bill Pryor
        Attorney General
        Alabama State House
        11 Union Street
        Montgomery, Alabama 36130

                                    David K. Hogg

## SUMMARY OF RULINGS AND ACTIONS ADVERSE TO APPELLANT

| Record Page No. | Summary |
|---|---|
| Vol I | |
| 25; C 38; C 100 | Denying motion to suppress. |
| Vol. II | |
| C 38 | Denying request for reconsideration of bond. |
| C 91 | Denying motion to reconsider bond. |
| 22 | Sustaining objection to opening statement. |
| C 100 | Denying motion to suppress evidence. |
| 51 | Overruling objection to question about comparison. |
| 92 | Sustaining objection to question about witness's criminal record. |
| 140 | Sustaining objection to question already asked and answered. |
| 168 | Sustaining objection to hearsay question. |
| 183 | Overruling objection to lack of personal knowledge. |
| Vol. III | |
| 215 | Sustaining objection to question asked and answered. |

43

| 222; C 122 | Denying motion for judgment of acquittal. |
| 227 | Sustaining objection to hearsay. |
| 230 | Sustaining objection to hearsay. |
| 251 | Sustaining objection to hearsay. |
| 252 | Sustaining objection to hearsay. |
| 270 | Sustaining objection to Defendant being released from jail. |
| 329 | Sustaining objection to question about witness's opinion of Defendant's propensity for robbery. |
| 329 | Sustaining objection to question about witness's opinion of Defendant's propensity for robbery. |
| 333 | Sustaining objection to question whether witness's employee could have possibly forged receipt. |

44

CR-03-1141

In the COURT of CRIMINAL APPEALS
of ALABAMA

———————◆———————

**RUBEN McNABB,**

Appellant,

v.

**STATE OF ALABAMA,**

Appellee.

———————◆———————

*On Appeal from the Circuit Court of
Houston County (CC-2002-225)*

———————

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

Robin Blevins Scales
*Assistant Attorney General*

Bettie J. Carmack
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130

October 12, 2004



## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument because "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Ala. R. App. P. 34(a)(3).

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT......................... i

TABLE OF CONTENTS........................................ ii

TABLE OF AUTHORITIES.................................... iii

STATEMENT OF THE CASE.................................... 1

ISSUE PRESENTED FOR REVIEW............................... 2

STANDARD OF REVIEW...................................... 2

STATEMENT OF THE FACTS.................................. 3

SUMMARY OF THE ARGUMENT................................. 5

ARGUMENT

McNabb Was Not Prejudiced By The Trial Court's Denial Of
His Request For A Free Transcript Because His Attorney At
The Retrial Represented Him At The Mistrial; His Attorney
Recalled Much Of The Witnesses' Testimony Made At The
Mistrial; And, As A Result, Was Able To Competently
Cross-Examine The State's Witnesses Without The Aid
Of A Transcript Of The Mistrial......................... 6

  A.  Value of the transcript ........................... 6

  B.  Functional Alternative ............................ 6

CONCLUSION.............................................. 9

CERTIFICATE OF SERVICE................................. 10

## TABLE OF AUTHORITIES

**Cases**

Anderson v. State, 542 So. 2d 292 (Ala. Crim. App. 1988... 8

Britt v. North Carolina, 404 U.S. 226 (1971)............ 5-6

Ex parte Cochran, 500 So. 2d 1179 (Ala. 1985)............ 6

Ex parte Quick, 825 So. 2d 263 (Ala. 2001)............... 8

Quick v. State, 825 So. 2d 246 (Ala. Crim. App. 2001)..... 6

## STATEMENT OF THE CASE

On February 11, 2004, a Houston County jury found Ruben Corey McNabb (hereinafter "McNabb") guilty of robbery in the first degree. Judge Jerry M. White presided.

On August 30, 2001, Ruben Corey McNabb (hereinafter "McNabb") was indicted for robbery in the first degree. (C. 1)  McNabb was arrested on February 6, 2002. (C. 1)  On February 14, 2003, McNabb's trial resulted in a mistrial. (C. 4)  On February 26, 2003, Ruben's attorney filed a motion for extraordinary expenses. (C. 79)  In the motion for extraordinary expenses, Ruben's counsel stated: "That Defendant's counsel is in need of the trial transcript from the mistrial and the court reporter has estimated that such a transcript would cost $800.00.  Defendant's counsel is in need of said transcript for cross-examination and rebuttal purposes in the next trial of this case." (C. 79) The trial court judge denied the motion. (C. 82)

McNabb's trial began on February 10, 2004. (R. 2) After deliberating for fifteen minutes, the jury found McNabb guilty of robbery in the first degree. (R. 356) This appeal followed.

## ISSUE PRESENTED FOR REVIEW

Did the trial court judge properly deny McNabb's request for a free transcript of his previous trial, which resulted in a mistrial, when McNabb had a functional alternative to the transcript?

## STANDARD OF REVIEW

"Where an issue presents a pure question of law, such as one relating to the defendant's constitutional rights, this Court's review is de novo." Ex parte Paraita, No. 1021974, 2004 WL 1233972, at *2 (Ala. June 4, 2004).

2

## STATEMENT OF THE FACTS

On June 7, 2001, McNabb entered a Winn-Dixie and asked
to speak with Ronald Reeves (hereinafter "Reeves), an
assistant manager at Winn-Dixie. (R. 22-23, 103)  Patsy
Roach "paged" Reeves and asked him to come to the service
desk. (R. 31-32)  When Reeves arrived at the service desk,
he asked McNabb could he help him.  McNabb stated: "today
is your lucky day," as he held a silver nine millimeter
automatic. (R. 33-34)

McNabb ordered Reeves and Patsy Roach to go with him.
(R. 106)  The three went to the area where the safes were
located.  McNabb instructed Reeves to open the safe.  (R.
40)  When Reeves failed to open the safe quickly enough,
McNabb told him that he would either "pop him, cap him, or
shoot him." (R. 40)  Reeves finally got the safe open. (R.
43)  Reeves took the contents of the safe which included
currency, food stamps, and postage stamps, all worth
approximately $20,000.00, and left the store. (R. 63, 182)

On a hunch, Investigator Jimmy Singleton with the
Dothan Police Department, decided to drive around the
Barstone Apartment complex looking for a vehicle that may
match the description of a vehicle seen speeding from the

3

Winn-Dixie. (R. 180-181)  Investigator Singleton found a vehicle that matched the description and determined that the vehicle was registered to McNabb. (R. 181) Investigator Singleton subsequently obtained a search warrant for McNabb's vehicles and residence. (R. 186)

In McNabb's residence, Investigator Singleton found a black toboggan in the living room couch, food stamps with the Winn-Dixie stamp on them, a Winn-Dixie money wrapper, fifty books of postage stamps, bullets, and a case of "rolled" pennies. (R. 188-189, 196)  While the police were investigating the robbery and searching McNabb's residence, McNabb was in Orlando, Florida. (R. 240) McNabb was eventually arrested after he was stopped in Orlando, Florida on a traffic violation in which he gave a false name and tried to run from police. (R. 244, 264)

4

## SUMMARY OF THE ARGUMENT

Because there existed functional alternatives to the transcript of McNabb's mistrial, the trial court did not violate McNabb's constitutional right to a free transcript when it declined his request for the transcript of his mistrial.

## ARGUMENT

**McNabb Was Not Prejudiced By The Trial Court's Denial Of His Request For A Free Transcript Because His Attorney At The Retrial Represented Him At The Mistrial; His Attorney Recalled Much Of The Witnesses' Testimony Made At The Mistrial; And, As A Result, Was Able To Competently Cross-Examine The State's Witnesses Without The Aid Of A Transcript Of The Mistrial.**

In his brief on appeal, McNabb contends that the trial court committed reversible error when it denied his request for funds to purchase a transcript of his previous trial which resulted in a mistrial. McNabb's brief pgs. 38-41.

In Britt v. North Carolina, the United States Supreme Court stated that there are two factors relevant to the determination of an indigent's need for a transcript: (1) the value of the transcript and (2) the availability of alternative devices that would fulfill the same functions of a transcript. *See* Britt v. North Carolina, 404 U.S. 226, 227 (1971).

5

A.   Value of the transcript

The value of the transcript of a prior proceeding is presumptively recognized and, therefore, a showing that the transcript will be valuable to McNabb is generally not needed.  *See* <u>Quick v. State</u>, 825 So. 2d 246, 261-262 (Ala. Crim. App. 2001).  The issue, therefore in this case, is whether McNabb had a functional alternative to the transcript of the trial that resulted in a mistrial.

B.   Functional Alternative

In <u>Ex parte Cochran</u>, the Supreme Court of Alabama affirmed a trial court's decision denying an indigent's request for a transcript because an "adequate substitute" was available.  *See* <u>Ex parte Cochran</u>, 500 So. 2d 1179, 1184-1185 (Ala. 1985).

In this case, McNabb stated that he needed the transcript of the previous trial for "cross examination and rebuttal purposes." (C. 79)  The record shows, however, that McNabb was not prejudiced by the trial court's decision not to grant him the funds for the transcript of the mistrial.

In particular, McNabb's attorney cross-examined Ronald Reeves in twenty pages of trial transcript and referred to

6

a transcript of Reeves's 911 phone call. (R. 75-95)
McNabb's attorney cross-examined Patsy Roach during seven
pages of trial transcript. (R. 122-129)  McNabb's attorney
cross-examined Betty Prescott during six pages of trial
transcript. (R. 134-140)  McNabb's attorney cross-examined
Reggie Hill during fifteen pages of trial transcript and
referred to a statement he made to police. (R. 155-170)
McNabb's attorney cross-examined Jimmy Singleton during
fifteen pages of trial transcript and allowed Jimmy
Singleton to refer to his notes taken around the time of
the robbery. (R. 206-221)  Furthermore, during his cross-
examination of Mary Bessie, McNabb's attorney stated that
during the previous trial he specifically asked Bessie:
"you had a relationship with his wife really and not Mr.
McNabb; is that true?" (R. 321)

Because McNabb had the same attorney for the mistrial
and the retrial, was able to cross examine the State's
witnesses and rebuttal witness extensively with the use of
memory, police reports, 911 transcripts and police notes,
McNabb was not prejudiced by the trial court's decision not
to grant him funds for the purchase of a transcript of his
mistrial. See Anderson v. State, 542 So. 2d 292, 305 (Ala.

7

Crim. App. 1988)(decision to deny indigent's request for a transcript affirmed in a case where the same attorney represented him at both trials, defense counsel was able to recall previous testimony and attempted to introduce previous testimony of a State's witness); *see also* <u>Ex parte Quick</u>, 825 So. 2d 263 (Ala. 2001) (Brown, J., dissenting)(Justice Brown would have granted certiorari review to review the issue of whether Quick took advantage of the functional alternatives that were available to him in lieu of the transcript of his mistrial).

## CONCLUSION

Wherefore, based upon the above, Mcnabb's conviction is due to be affirmed.

Respectfully submitted,

Troy King
Attorney General and

Robin Blevins Scales,
Assistant Attorney General
By-

_Bettie J. Carmack_
Bettie J. Carmack
*Assistant Attorney General*
Counsel of Record*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___12th___ day of October, 2004, I served a copy of the foregoing on the Attorney for Appellant, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

Ruben McNabb
c/o David Hogg
Attorney at Law
188 North Foster Street – Suite 200
Dothan, AL   36303


_____
Bettye J. Carmack
*Assistant Attorney General*


ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL   36130
1-334-353-5305
**168952/McNabb, Ruben**

10

Carmack
66092

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

P. O. Box 301555

Montgomery, AL 36130-1555

**RELEASED**

NOV 19 2004

CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-03-1141                    Houston Circuit Court CC-02-225

Ruben Corey McNabb v. State of Alabama

Baschab, Judge.

The appellant was convicted of first-degree robbery, a violation of §13A-8-41(a)(1), Ala. Code 1975. The trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole. See §13A-5-9(c), Ala. Code 1975. The appellant filed a motion for a new trial, which the trial court summarily denied. This appeal followed.

On February 13, 2003, the appellant's first trial began. On February 14, 2003, the trial court declared a mistrial because the jury was deadlocked. On February 26, 2003, the appellant filed a motion for extraordinary expenses for funds to obtain a transcript of the first trial, which the trial court summarily denied on March 4, 2003. The appellant's

**EXHIBIT**

tables'

D

second trial began on February 10, 2004.

The appellant argues that "the trial court erred by refusing to grant funds ... to purchase a transcript of his prior trial." (Appellant's brief at p. 38.) Specifically, he contends that the transcript of his previous trial "was crucial for [him] to be able to cast doubt on the ability of [the victims] to remember." (Appellant's brief at p. 40.) We addressed a similar situation in Nickerson v. State, 523 So. 2d 504, 506 (Ala. Crim. App. 1987), as follows:

> "The trial court did not err by refusing to provide the defendant with a free transcript of the pre-trial suppression hearings. State v. Coe, 223 Kan. 153, 574 P. 2d 929 (1977). Cf. Leonard v. State, 369 So. 2d 873, 875 (Ala. Cr. App.), cert. denied, Ex parte Leonard, 369 So. 2d 877 (Ala. 1979) (no right to free transcript of preliminary hearing).

> "Although 'the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal,' Britt v. North Carolina, 404 U.S. 226, 227, 92 S. Ct. 431, 433, 30 L. Ed. 2d 400 (1971), 'the availability of alternative devices that would fulfill the same functions as a transcript,' id., 404 U.S. at 227, 92 S. Ct. at 434, provides an adequate substitute for a transcript in many cases. The suppression hearings in the present case, like the prior proceedings in Britt v. North Carolina, were conducted by the same judge and with the same defense counsel as those who appeared at trial, which took place within three months of the pre-trial suppression hearings.'

>> "'In these circumstances, ... petitioner's memory and that of his counsel should have furnished an adequate substitute for a transcript. In addition, ... petitioner could have called the court reporter to read to the jury the testimony given at the [suppression hearing], in the event that

2

inconsistent testimony was offered at the
... trial.' <u>Britt</u>, 404 U.S. at 228-29, 92
S. Ct. at 434."

In this case, the appellant had adequate substitutes for
a transcript of the previous trial. The same attorney
represented him during the first and the second trials. Also,
during the second trial, defense counsel thoroughly cross-
examined the State's witnesses and presented an alibi defense.
He also used an audiotape of a telephone call to 911,
depositions from a previous proceeding, and some of the
witnesses' prior statements to law enforcement officers to
cross-examine those witnesses. Further, defense counsel
specifically cross-examined one of the State's rebuttal
witnesses about potentially conflicting testimony she had
given during the previous trial. Finally, the record does not
indicate that the appellant did not have access to the court
reporter for the purpose of reciting any portion of the
reporter's notes or for the purpose of calling the reporter as
a witness at the trial. Moreover, in his motion for
extraordinary expenses, the appellant did not allege that he
did not have an adequate substitute for the transcript. Also,
he did not renew his motion for extraordinary expenses, ask
for a hearing on the motion, or allege that he did not have an
adequate substitute for the transcript due to the passage of
time between the first and second trials. Finally, during the
second trial, the appellant never argued that his
cross-examination of the State's witnesses was hampered by not
having a transcript of the previous trial. Because the record
indicates that the appellant had adequate substitutes for the
transcript of the previous trial, the trial court did not err
when it denied his motion for extraordinary expenses.
Accordingly, we affirm the trial court's judgment.

**AFFIRMED.**

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.

COURT OF CRIMINAL APPEALS NO. _CR.04-1028_____

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

## CIRCUIT COURT OF ___HOUSTON___ COUNTY, ALABAMA

**CIRCUIT COURT NO.** ___CC 2002-225.60___

**CIRCUIT JUDGE** ___JERRY M. WHITE___

Type of Conviction / Order Appealed From: ___RULE 32 PETITION_____

Sentence Imposed: ___DENIED/DISMISSED_____

Defendant Indigent: [X] YES  [ ] NO

REUBAN MCNABB       #236182

PRO-SE                                                          NAME OF APPELLANT
(Appellant's Attorney)                         (Telephone No.)
1000 ST. CLAIR RD
(Address)
SPRINGVILLE,        AL.        35146
(City)              (State)            (Zip Code)

V.

## STATE OF ALABAMA

(State represented by Attorney General)                NAME OF APPELLEE
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)


EXHIBIT
E

CLERK'S INDEX

CASE ACTION SUMMARY                                                           1-2

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE                               3-21

IN FORMA PAUPERIS DECLARATION                                                 22-25

ORDER DATED 3-15-2005, DEFENDANT ALLOWED TO FILE RULE 32 PETITION WITHOUT     26
PREPAYMENT OF COSTS.  CLERK  TO SERVE DISTRICT ATTORNEY WITH COPY OF
PETITION.  D.A. TO ANSWER PETITION WITHIN 30 DAYS.

MOTION FOR SUMMARY DISPOSITION                                                27-28

OBJECTIONS TO RESPONDANT'S RESPONSE TO PETITIONER'S RULE 32 PETITION          29-33

ORDER DATED 4-5-05, THE COURT HAS DULY WEIGHED AND CONSIDERED THE DEFT'S      34
RULE 32 PETITION AS WELL AS THE STATE'S MOTION FOR SUMMARY DISPOSITION. IT
IS THE JUDGEMENT AND OPINION OF THE COURT THAT THE STATE IS ENTITLED TO
PREVAIL AND THAT THE MOTION FOR SUMMARY DISPOSITION SHOULD BE GRANTED. DEFT'S
RULE 32 PETITION IS THEREFORE DENIED AND DISMISSED.

NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS                             35-36

COURT OF CRIMINAL APPEALS DOCKETING STATEMENT                                 37-38

COURT REPORTER'S TRNASCRIPT ORDER -- CRIMINAL                                 39

CLERK'S NOTICE OF APPEAL                                                      40

CERTIFICATE OF COMPLETION                                                     41

```
ACRO372            ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 000225.60
OPER: RHM               CASE ACTION SUMMARY
PAGE:    1                CIRCUIT   CRIMINAL                 RUN DATE: 03/10/2005
===================================================================================
IN THE CIRCUIT COURT OF  HOUSTON                                        JUDGE: JMW

STATE  OF  ALABAMA                   VS     MCNABB RUBEN COREY #23618
                                            1000 ST CLAIR RD
CASE: CC 2002 000225.60
                                            SPRINGVILLE, AL  35146 0000

DOB: 07/25/1975        SEX: M  RACE: B  HT: 6 00  WT: 197    HR: BLK EYES: BRO
SSN: 264654614  ALIAS NAMES:
===================================================================================
CHARGE01: RULE 32-FELONY          CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE: 06/07/2001                   AGENCY/OFFICER: 0380100 SINGLET

DATE WAR/CAP ISS:                          DATE ARRESTED: 02/05/2002
DATE    INDICTED: 08/30/2001               DATE    FILED: 03/10/2005
DATE    RELEASED:                          DATE  HEARING:
BOND      AMOUNT:     $100,000.00              SURETIES:

DATE 1:              DESC:                  TIME: 0000
DATE 2:              DESC:                  TIME: 0000

TRACKING NOS:                    /                          /

   DEF/ATY: PRO SE                      TYPE: P                        TYPE:

                           00000                        00000

PROSECUTOR: VALESKA DOUGLAS A

===================================================================================
OTH CSE:   000000000000 CHK/TICKET NO:                       GRAND JURY: 000000027
COURT REPORTER:                      SID NO:   000000000
DEF STATUS: JAIL                     DEMAND: Y                       OPER: RHM

NOTE: **BOND TO BE APPROVED BY THE COURT** (5-15-2003)
===================================================================================
DATE          ACTIONS,  JUDGEMENTS,  AND  NOTES
===================================================================================
```

| | |
|---|---|
| 03-08-05 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE.  PETITIONER'S MEMORANDUM |
| | BRIEF.  IN FORMA PAUPERIS DECLARATION. |

March 15 2005 - Defendant allowed to file Rule 32 petition without prepayment of costs. Clerk to serve District Attorney with copy of petition. D.A. to answer petition within 30 days. Notify -

_[signature]_ Judge

(3-17-05 N'DA & Deft)

1

STATE OF ALABAMA    VS    REUBAN  MCNABB              CC2002-225.60

3-18-05  Motion for Summary Disposition.

03-28-05  Objection to Respondent's response to Petitioner's Rule 32

April 5 2005
The Court has duly weighed and considered
the defendant's Rule 32 petition as well
as the State's motion for Summary
disposition. It is the judgment and opinion
of the Court that the State is entitled to
prevail and that the motion for Summary
disposition shall be granted. Defendant's
Rule 32 petition is therefore denied and
dismissed.

                                  Guy M. White
                                       Judge

        (4-12-05 N. Da & Dept)

04-29-05  Notice of appeal to the Court of Criminal Appeals  CCA docketing statement and
         CR transcript order.

5-13-05  File returned No Action Needed.  Clerk to notify CCA.

5-16-05  Clerk's notice of appeal to CCA, Ag and deft.  CCA docketing statement to
         CCA, AG and deft.

05-16-05 Record on appeal to CCA, Ag and deft.

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

### (Pursuant to Rule 32, Alabama Rules of Criminal Procedure)

Case Number

CC ___ 02 ___ 0225 ___
ID    YR    NUMBER

IN THE __Houston County Circuit_____ COURT OF __Dothan_____, ALABAMA

__Rubin C. McNabb_____ vs. _____State Of Alabama_____
Petitioner (Full Name)                                         Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number __Ais: 236182_____ Place of Confinement ___ST. Clair Prison_____

County of conviction __Houston County, Alabama_____

### NOTICE:   BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack __Houston County Circuit Court, Dothan, Al._____

2. Date of judgment of conviction __March 24, 2004,_____

3. Length of sentence __Life Without Possibialty of Parole_____

4. Nature of offense involved (all counts) _____Robbery, I._____

_____
_____
_____

**FILED**

MAR 0 8 2005

*Judy Byrd*

**JUDY BYRD, CLERK**
**HOUSTON CO., AL**

5. What was your plea?   (Check one)

   (a)   Guilty _____

   (b)   Not guilty _XX_

   (c)   Not guilty by reason of mental disease or defect _____

   (d)   Not guilty and not guilty by reason of mental disease or defect _____

3

6. Kind of trial: (Check one)

   (a) Jury _XX_           (b) Judge only _____

7. Did you testify at the trial?

   Yes _XX_           No _____

8. Did you appeal from the judgment of conviction?

   Yes _XX_           No _____

9. If you did appeal, answer the following:

   (a) As to the state court to which you first appealed, give the following information:

      (1) Name of court __Alabama Criminal Court Of Appeals.__

      (2) Result __Affirmed.__

      (3) Date of result __November 19, 2004__

   (b) If you appealed to any other court, then as to the second court to which you appealed, give the following information:

      (1) Name of court __Alabama Supreme Court__

      (2) Result __Certiorari denied__

      (3) Date of result __2-14-05__

   (c) If you appealed to any other court, then as to the third court to which you appealed, give the following information:

      (1) Name of court __N/A__

      (2) Result __N/A__

      (3) Date of result __N/A__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any court, state or federal?

Yes _____.    No __XX__

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)  (1)  Name of court _____ _N/A_

     (2)  Nature of proceeding _____ _N/A_

     (3)  Grounds raised _____ _N/A_

          _____
          _____
          _____
          _____
          _____

          (attach additional sheets if necessary)

     (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

          Yes _____.    No __X__

     (5)  Result _____ _N/A_

     (6)  Date of result _____ _N/A_

(b)  As to any second petition, application, or motion, give the same information:

     (1)  Name of court _____ _N/A_

     (2)  Nature of proceeding _____ _N/A_

     (3)  Grounds raised _____ _N/A_

          _____
          _____
          _____
          _____

          (attach additional sheets if necessary)

     (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

          Yes _____.    No __X__

     (5)  Result _____ _N/A_

     (6)  Date of result _____ _N/A_

(c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

     (1)  Name of court _____ _N/A_

(2) Nature of proceeding _____

(3) Grounds raised _____ N/A _____

_____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No X

(5) Result _____ N/A _____

(6) Date of result _____ N/A _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc.      Yes _____      N/A      No _____

(2) Second petition, etc.     Yes _____      N/A      No _____

(2) Third petition, etc.      Yes _____      N/A      No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____ N/A _____

_____

_____

_____

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include <u>all</u> facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

<u>XX</u>    A.  <u>The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.</u>

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1) Conviction ol    ied by plea of guilty which was unlawfu.   hduced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self–incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

XX (9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

XX B. The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

XX C. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D. Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E. Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post–trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

The facts do not merely an ht to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> "**Successive Petitions.** The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

   Yes _____          No __X__

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

   (a) Name of court _____ N/A _____

   (b) Result _____ N/A _____

   (c) Date of result _____ N/A _____
       (attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

   On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

   Yes _____          No __XX__

15. Give the name and addre  )f known, of each attorney who repre:  ed you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _Hampton Baxley - Att - At - Law_

   _Dothan, Al._

(b) At arraignment and plea _____ _Same_

(c) At trial _____ _Same_

(d) At sentencing _Same_

(e) On appeal _David Hogg - Att - At- Law_

   _Dothan, Al._

(f) In any post-conviction proceeding _____

(g) On appeal from adverse ruling in a post-conviction proceeding _Pro-Se_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____    No _XX_

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____    No _XX_

(a) If so, give name and location of court which imposed sentence to be served in the future: _____
   _N/A_

(b) And give date and length of sentence to be served in the future: _____
   _N/A_

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____    No _X_

18. What date is this petition being mailed?

_____ _ANNO DOMINI_ _____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

IN THE CIRCUIT COURT OF HOUSTON COUNTY

DOTHAN – – – ALABAMA

Rubin C. McNabb,
Petitioner,

    -VS-

IN RE:  CC-02-0225

State Of Alabama
Respondant,

---

    PETITIONER'S MEMORANDUM BRIEF AND ARGUMENT WITH ADDITIONAL SHEETS AND CASE LAW'S STATUTORY LAW AND CONSTITUTIONAL LAW'S CITED HEREIN WITH EACH CLAIM RAISED UNDER RULE 32.0, ALABAMA, RULES. CRIMINAL. P.

---

Rubin Corey McNabb
Ais:  236182 [      ]
1000 St. Clair Road
Springville, Al. 35146-5582

## STATEMENT OF THE CASE AND FACTS

On February 11th, 2004, the petitioner was found guilty by a jury for the crime of Robbery first degree. And the sentencing was deferred until March 18th, 2004, awaiting a P.S.I. report, it was then continued until March 24, 2004.

March 24th, 2004, the hearing and sentence was held, the defendant was sentenced to [Life without Parole]. "Quating verbatum: C.T.R. Exhibit (A) hereto, CR-of hearing and sentencing, pages 364, through 373.. Sentencing at pages 372 lines 20-thru-25, and page 373 lines 1-thru-15.

"[The defendant: (Complied.) Page 272]. Lines-20-25]"

The Court: Now, Ruben Mcnabb, the jury back on February 11th, 2004, having found you guilty of Robbery first degree, "[Based upon that jury verdict]" I hereby adjudge you guilty of Robbery in the first degree "As charged in theIndictment." "[Page 373 Lines 1-14]" Do you have anything to say as to say as to why sentence of Law should not be pronounced upon you at this time in this case?

The defendant: No, Sir. the court: I hereby sentence you to imprisonment in the penitentiary of the State of alabama for the term of your natural Life without parole. You're in the custody of the Sheriff.

States 1, is admitted. State's Exhibit No. 1, was admitted for the purpose of the sentencing hearing.) (The proceedings for March 24th, 2004, were concluded.)

(Off the Record.)

<u>ADDITIONAL SHEETS FOR CLAIM 32.1 (A) (A.R. CRIM. P.)</u>,

The constitution of the United States or of the State of Alabama requires
a new trial, a new sentencing proceeding or other relief:

McNabb was denied his right to due process and equal protection of Law
as guaranteed through the 5th, 6th, and 14th, amendment of the United States
constitution and article 1. Section 6, of the constitution of Alabama 1901.

And shows or sets out said violations herein claims raised in his Rule
[32] petition under Rule 32.1 (A) (9), ineffective assistance of trial counsel,
and appellate counsel. And under his claim raised under Rule 32.1 (B).

The court was without jurisdiction to impose the sentence March 24th,
2004, of <u>"Life without Parole"</u> For the felonie offense of Robbery I, 13A-
8-41 Code of Alabama 1975. And under his claim raised under 32.1 (C),

The sentence imposed exceeds the maximum authorized by Law, or is other-
wise not authorized by Law. Robbery first degree is a class A Felonie, 13
A-5-6 (A) (1), Code of Alabama 1975, as follows: For a class A felony, for
Life or not more than 99 years or less than 10 years.

Therefore, the sentence of <u>"Life Without Parole"</u> Exceeds that authorized
by statue, or is otherwise not authorized by Law.

[ii].
12

ADDITIONAL SHEETS FOR CLAIM 32.1 (A) (9), (A.R.Crim.P.).

(1). Denial of effective assistance of counsel.

Counsel at sentencing, and on appeal, should have objected to McNabb being sentence to "Life Without Parole" For a crime of Robbery first degree, a violation of 13A-8-41 Ala. Code 1975.

Counsel at sentencing and on appeal knew or should of knew the sentencing guide line or minimum maximum range of purishment for and crime in which he is defending a client, or appealing said conviction, Petitioner's establishes ineffective assistance of counsel by demonstrating that counsels performance fell below an objective standard of reasonableness, (A) for counsel to be

(A) For counsel to be effective constitutionally, counsel must be familiar with the facts and the Law in order to advise the defendant of the options available. Scott-V-Wainwright, 698 F. 2D. [at 429] (11th, Cir. 1983).

Defense counsel has a constitutional duty to "know or learn about the relevant Law and evaluate its application to his or her client – – – – Hill-V-Lockheart, 474 U. S. 52, 62, 106 S. Ct. 366, 372 (1985); Strickland-v-Washington, 466 U. S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. ED. 2D. 674 (1984). Correale-V-U. S., 479, F. 2D. 944, 949 (1St. Cir. 1973).

"The failure of an attorney to inform his client of the relevant Law clearly satsfies the first prong of the Strickland analysis – · · – as such an ommission cannot be said to fall within "the wide range of professionally competent assistance 'Demanded by the 6th, amendment.

In the present case, petitioner's counsel at sentencing and on appeal was clearly not apprised of relevant case law. 13A-8-41, and 13A-5-6 (A), (1), Code of Ala. 1975.

Under the <u>Strickland</u> analysis, the petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment. "Second. The defendant must show that the deficient performance prejudice the defense.

This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose results is reliable. 466 U. S. at 687, 104 S. Ct. at 2064.

ADDITIONAL SHEETS FOR RULE 32.1 (B) (A.R.CRIM.P.).

Rule 32.1 (B), the court was without jurisdiction to render the sentence imposed.

The sentence of (Life Without Parole) is a illegal sentence. The maximum sentence for a crime of first degree Robbery a violation of 13A-8-41 Ala. Code 1975. (is a Life sentence) See: 13A-5-6 (A), (1). Ala. Code 1975. Upon a conviction of a class A felonie - Robbery first degree - a person can be sentenced to Life not more than 99 years and not less than 10 years. "Life Without Parole sentence" is not within the statutory boundary of sentencig of title 13A-8-41, nor 13A-5-6 (A0 (1), Code of Ala. 1975. Said sentence is null and void and not authroized by law.

ADDITIONAL SHEETS FOR RULE 32.1 (C) (A.R.Crim.P.)

32.1 (C), the sentence as imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

McNabb, was charged, convicted and sentenced for the crime of Robbery first degree, a violation of 13A-8-41 (C), Code of Ala. 1975, and the court imposed a sentence of Life Without Parole, 13A-8-41 (C), States:  Robbery in the first degree is a class A felony.  Under statutory law 13A-5-6.  Sentences of imprisonment for felonies. 13A-5-6 (A), sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:

13A-5-6 (A), (1), for a class A felony, for Life or not more than 99 years or less than 10 years.

Also See: Grady-V-State, 831 SO. 2D. 649 (at-No# 10) (Ala. Crim. App. 2001).

15[v].

ARGUMENT

Based on the trial transcript and sentencing transcript and the brief and argument's on appeal.

McNabb's constitutional rights to due-process of a fair adjudication of sentence have been violated.

McNabb's constitutional rights to effective assistance of counsel through the 6th amendment hae been violated, and McNabb's sentence (Of Life Without Parole) exceeds that authorized by law or is otherwise not authorized by law 13A-8-41 (C) through 13A-5-6 (1) Ala. Code 1975. McNabb's sentence of (Life Without Parole) is a illegal sentence.

Wherefore, the within and above considered, this petition should be granted and lawful sentence between 10 years and Life.

REspectfully Submitted

_Ruben R. McNabb_

## CONCLUSION

In the final analysis, petitioner McNabb is unable to imagine a more compelling example of a miscarriage of justice than that presented in the facts of this case. The record reflects that, through a series of misstepts, begenning with ineffective assistance of counsel, coupled with insufficient legal advice and a sentence which exceeds that authorized by statue, McNabb is now serving a excessive sentence for which he is inounce of the time being exacted.

Petitioner McNabb moves this Honorable court to appoint counsel to protect petitioner's fundamental and constitutional rights, and to grant petitioner's relief requested.

## RELIEF REQUESTED

Petitioner request the court to set a hearing date to set aside the sentenceing order in accordance with the statues and Laws of the Code of Ala. 13A-8-41 (C), and 13A-5-6 (A) (1). 1975.

Respectfully Submitted

Ruben E. McNabb

Cerficate of Service Attached.

## CERFICATE OF SERVICE

I Ruben C. McNabb, certify that I have this __7__ day of March, 2005, have placed three Rule 32.0 petitions with [*9*] pages of memorandum brief and arguments behind page (7) of the Rule [32] petitions, in the U. S. Mail by certified return requested.  Proper postage and properly adressed to the office of the Circuit Clerk Houston County Courthouse.

Pro-Se-Petitioner
Ruben Corey Mcnabb
G-4-A-104 Ais: 236182
1000 ST. Clair Road
Springville, Al. 35146-5582

372

1    that some fight ensued about that transaction

2    there.  So that's what the testimony was at trial.

3    This was not some armed robbery at another grocery

4    store or anything of that nature.

5        MR. VALESKA:  I dispute that.  I recall the

6    paperwork when I had it in my hands, there was a

7    robbery.  The police were called.  And I can't

8    tell the Court if the victim did not show up to

9    testify.  But they did reduce it.  Once again, he

10   was charged with robbery.  As you can recall, the

11   Defense made the argument to you and the Defendant

12   himself on the stand, well, it wasn't robbery, it

13   was theft.  It was his own wallet.  Once again, if

14   it was his own wallet, he plead guilty, Judge, to

15   stealing his own wallet?  I do have the

16   paperwork.  But, once again, it was not a felony.

17        THE COURT:  I remember now.

18            Ruben McNabb, approach the bench,

19   please.

20        THE DEFENDANT:  (Complied.)

21        THE COURT:  Now, Ruben McNabb, the jury back

22   on February 11, 2004, having found you guilty of

23   robbery in the first degree, based upon that jury

24   verdict, I hereby adjudge you guilty of robbery in

25   the first degree as charged in the indictment.

373

1          Do you have anything to say as to why

2      sentence of law should not be pronounced upon you

3      at this time in this case?

4          THE DEFENDANT:  No, sir.

5          THE COURT:  I hereby sentence you to

6      imprisonment in the penitentiary of the State of

7      Alabama for the term of your natural life without

8      parole.

9               You're in the custody of the sheriff.

10              State's 1 is admitted.

11              (State's Exhibit No. 1 was admitted for

12              the purposes of the sentencing hearing.)

13              (The proceedings for March 24, 2004,

14              were concluded.)

15              (Off the Record.)

16

17

18

19

20

21

22

23

24

25

EXHIBIT [A]. [2-of-2] —
20

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ___3 - 4 - 05___
            (Date)

_Ruben McHall_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _4_ day of ___May___, _2005_

Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____.
                                    (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, _____

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

Case Number

*CC  02  225  W*

ID   YR   NUMBER

(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

HOUSTON COUNTY ALABAMA, CIRCUIT COURT

[Insert appropriate court]

RUBIN C. McNABB

(Petitioner)

vs.

STATE OF ALABAMA

(Respondent(s))

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, RUBIN C. McNABB  236182 _____, declare that I am the petitioner
in the above entitled case; that in support of my motion to proceed without being required to prepay
fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs
of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?     Yes _____     No _X__

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the
   name and address of your employer.

   _____

   _____

   b. If the answer is "no", state the date of last employment and the amount of the salary and
   wages per month which you received.

   _____ MAY, 2001

   _____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

   Yes _____          No _X__

   b. Rent payments, interest, or dividends?

   Yes _____          No _X__

   c. Pensions, annuities, or life insurance payments?

   Yes _____          No _X__

   d. Gifts or inheritances?

   Yes _____          No _X__

   e. Any other sources?

   Yes _____          No _X__

FILED

MAR 0 8 2005

Judy Byrd

JUDY BYRD, CLERK
HOUSTON CO., AL

If the answer to any of the above is "yes", describe each source money and state the amount received from each during the past twelve months.

_____

_____

_____

_____

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____          No X

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No X

If the answer is "yes", describe the property and state its approximate value.

_____

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____ Wife and Seven Children

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____ 2-25-05 _____
(Date)

_____ Rubin C. McNabb # 236182 _____
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ 309.48 on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _____ St. Clair C.F. _____ institution:

_____

_____

_____

2/28/05
DATE

_____ Diane Humphrey _____
AUTHORIZED OFFICER OF INSTITUTION

Rule 32

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
KILBY CORRECTIONAL FACILITY

AIS #: 236182        NAME: MCNABB, RUBEN C.

AS OF: 03/01/2005

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| MAR | 30 | $0.00 | $0.00 |
| APR | 30 | $0.00 | $0.00 |
| MAY | 31 | $0.00 | $0.00 |
| JUN | 30 | $0.00 | $0.00 |
| JUL | 31 | $0.00 | $0.00 |
| AUG | 31 | $0.00 | $0.00 |
| SEP | 30 | $6.39 | $67.70 |
| OCT | 31 | $7.50 | $50.00 |
| NOV | 30 | $5.13 | $10.00 |
| DEC | 31 | $6.96 | $25.00 |
| JAN | 31 | $0.00 | $0.00 |
| FEB | 28 | $0.00 | $0.00 |
| MAR | 1 | $0.00 | $0.00 |

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
ST. CLAIR CORR FACILITY

AIS #: 236182      NAME: MCNABB, RUBEN                 AS OF: 02/28/2005

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| MAR   | 31        | $0.00             | $0.00            |
| APR   | 30        | $0.00             | $0.00            |
| MAY   | 31        | $0.00             | $0.00            |
| JUN   | 30        | $0.00             | $0.00            |
| JUL   | 31        | $0.00             | $0.00            |
| AUG   | 31        | $0.00             | $0.00            |
| SEP   | 30        | $0.00             | $0.00            |
| OCT   | 31        | $0.00             | $0.00            |
| NOV   | 30        | $0.00             | $0.00            |
| DEC   | 31        | $6.03             | $40.69           |
| JAN   | 31        | $3.19             | $20.00           |
| FEB   | 28        | $285.99           | $520.00          |

```
ACR0372              ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2002 000225.60
OPER: RHM                 CASE ACTION SUMMARY
PAGE:  1                    CIRCUIT  CRIMINAL                   RUN DATE: 03/10/2005
==============================================================================
IN THE CIRCUIT COURT OF  HOUSTON                                    JUDGE: JMW

STATE  OF  ALABAMA                  VS      MCNABB RUBEN COREY #23618
                                            1000 ST CLAIR RD
CASE: CC 2002 000225.60
                                            SPRINGVILLE, AL  35146 0000

DOB: 07/25/1975          SEX: M  RACE: B  HT: 6 00  WT: 197   HR: BLK EYES: BRO
SSN: 264654614  ALIAS NAMES:
==============================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE: 06/07/2001                AGENCY/OFFICER: 0380100 SINGLET

DATE WAR/CAP ISS:                        DATE ARRESTED: 02/05/2002
DATE     INDICTED: 08/30/2001            DATE    FILED: 03/10/2005
DATE     RELEASED:                       DATE  HEARING:
BOND     AMOUNT:      $100,000.00            SURETIES:

DATE 1:              DESC:                TIME: 0000
DATE 2:              DESC:                TIME: 0000
TRACKING NOS:                    /                        /
   DEF/ATY: PRO SE                   TYPE: P                      TYPE:

                           00000                      00000
PROSECUTOR: VALESKA DOUGLAS A


9TH CSE:   00000000000 CHK/TICKET NO:                  GRAND JURY: 000000027
COURT REPORTER:                  SID NO:     000000000
DEF STATUS: JAIL                 DEMAND: Y                     OPER: RHM
NOTE: **BOND TO BE APPROVED BY THE COURT** (5-15-2003)
==============================================================================
DATE           ACTIONS, JUDGEMENTS, AND NOTES
==============================================================================
```

| 03-08-05 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE.  PETITIONER'S MEMORANDUM BRIEF.  IN FORMA PAUPERIS DECLARATION. |

*March 15 2005 - Defendant allowed to file Rule 32 petition without prepayment of costs. Clerk to serve District Attorney with copy of petition. D.A. to answer petition within 30 days. Nolf.* Judge

*(3-17-05 N' DA & def't)*

EX PARTE,                          )          IN THE CIRCUIT COURT OF

RUBEN COREY MCNABB                 )          HOUSTON COUNTY, ALABAMA

VS.                                )

STATE OF ALABAMA                   )          CASE NO. CC 2002-225.60

## MOTION FOR SUMMARY DISPOSITION

Comes now the State of Alabama and moves the Court for an order summarily dismissing the petition filed herein and for reason alleges the following:

1. The petition fails to state a claim for which relief may be granted.

2. The grounds alleged in the petition either were raised at trial or could have been but were not raised at trial.

3. The grounds alleged in the petition either were raised on appeal or could have been but were not raised on appeal.

4. The grounds alleged and facts stated do not amount to newly discovered evidence.

5. The petitioner's entire premise is that his trial and appellate counsel were ineffective because they "should have objected to McNabb being sentence to 'Life Without Parole'". On March 17, 2004, the State filed a notice of prior convictions which showed four prior felony convictions. The circuit clerk's file contains certified copies of these prior convictions. Pursuant to §13A-5-9(c)(3), Code of Alabama, the range of punishment is "imprisonment for life or life without possibility of parole". Therefore the sentence did not exceed the maximum authorized by law, the Court did not exceed its jurisdiction, nor was either counsel ineffective. See Exhibit "A".

6. The State denies each and every material allegation contained within the petition.

Submitted this _18TH_ day of March, 2005.

*Gary R. Maxwell*
Gary R. Maxwell
Chief Assistant District Attorney

## CERTIFICATE OF SERVICE

I, Gary R. Maxwell, Chief Assistant District Attorney, hereby certify that I have placed a copy of the same in the U.S. mail, postage prepaid, to Ruben Corey McNabb, #236182, St. Clair Prison, 1000 St. Clair Road, Springville, AL 35146 this _8TH_ day of March, 2005.

*Gary R. Maxwell*
Gary R. Maxwell
Chief Assistant District Attorney

**FILED**

MAR 1 8 2005

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

28

<u>IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA</u>

Ruben Corey McNabb,          )

      Petitioner,        )

                         )

Vs.                    )   IN RE: <u>CC-02-0225.60</u>

                         )

State of Alabama,         )

      Respondant,       )

OBJECTIONS TO RESPONDANT"S RESPONSE
TO PETITIONER'S RULE (32) PETITION
FOR RELIEF OF CONVICTION AND OR SENTENCE
OF LIFE WITHOUT PAROLE.

Ruben Corey McNabb
AIS# 236182  [G4A-104]
1000 St. Clair Rd.
Springville, Alabama 35146

**FILED**

MAR 2 8 2005

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

( 1- of -5 )

29

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

Ruben Corey McNabb,               )
     Petitioner,               )
                  )
Vs,                               )      IN RE: CC-02-Q225.60
                  )
                  )
State of Alabama,                 )
     Respondant,               )


   Response.... and objection to Respondant's Motion requesting dismissal and deniel of Petitioner's Rule [32] petition for relief under claims raised of 32.1 (a), 32.1 (a) (9), 32.1 (b), and 32.1 (c), [ Ala. R. Crim. P. ], and for good cause sets fourth reasons why:


1.) As to Respondant's (No.#1 ) it is totaly without merit, and evidently Respondant is very confused as to the claims raised and "supported" by the court record," which also, Petitioner has exhibited copies as evidence in-support thereof his claims raised, [and the record sumitted has not been refuted by Respondant's as required under Rule 32.7 (a), Ala.R.Crim.P., further, See: Exparte Rivers, "Clearly illegal sentence does not require objection at trial and may be raised at any time. 597 So.2d 1308 (Ala. 1991).


2.) As to Respondant's (No.# 2) and (No.# 3) : "Subdivision (a) (2) and (a) (3) mutually exclusive, as are (a) (4), and (a) (5) of [Rule 32.2].- Contending that subdivision (a) (2) is a ground of preclusion while also contending that subdivision (a) (3) is a ground of preclusion, amounts to a factual impossibility, Because subdivision (A) (2) allows preclusion where the petitioner's assertion was raised or adressed at trial, and subdivision (A) (3) allows preclusion where such issue could have been, but was not raised at trial.


[1].

Petitioner could not have both asserted and not asserted the same issue at trial. And the same analysis may be applied to subdivision (A) (4) and (A) (5). Fruther See, Hughley-V-State, 597 So. 2D. 764 (Ala.Crim.App. 1992).

[3]. As to respondant's (No.# 4) "atleaste the respondant agrees the claims raised are (Facts). As to respondant's statement refering to (newly discovered evidence), petitioner's jurisdictional claims nor ineffective assistant of counsel (do not have to be raised under newly discovered evidence).

[4]. As to respondant's (No.# 5), it appear's furthur that respondant is very confused again.

Respondant states that petitioner's [entire premise] is that trial and appellant's counsel on appeal were ineffective as to petitioner being sentenced to [L W O P], however, there are other claims and subject matter jurisdictional claims the respondants fail to refer to. As required under Rule 32. 7 (A), (Ala.R.Crim.P.), and furthur See: Ferguson-V-State, 565 So. 2D. 1172 (Ala.Crim.App. 1990); Adams-V-State, 825 SO. 2D. 239-241 (Ala.Crim.App.2001); ExParte Brannon, 547 So. 2D. 68, 69 (Ala. 1989); Hall-V-State, 676 So. 2D. 954, 955 (Ala.Crim.App. 1995); Steele-V-State, 2004 WL 117813 (Ala.Crim.App. 2004); Bates-V-State, 620 SO. 2D. 745-46, (Ala.Crim.App. 1992); Smith-V-State, 581 SO. 2D. 1283-84, (Ala.Crim.App. 1991); Goetzman-V-State, 844 SO. 2D. 1289 (Ala.Crim.App. 2002).

[5]. Petitioner moves this Honorable Court to take judicial notice to the records and review said claims as are applied to the record, and after review to grant petitioner's relief requested and set a date for a full and complete hearing into each claim and matter before this Court for review.

Respectfully Submitted

[2].
31

CERFICATE OF SERVICE

I Ruben C. McNabb hereby certify that I have placed a copy of the same in the U. S. Mail, postage pre-paid and properly adressed to: Gary R. Maxwell, assistant District Attorney, P. O. Box 1632, Dothan, Alabama 36302 C/C Inmate file.

_Ruben Corey McNabb_    3/22/5
Ais: 236182 (G-4-A-104)
1000 St. Clair Road
Springville, Alabama 35146-5582

EXHIBIT "A"

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                          *

      PLAINTIFF,                       *

VS.                                        *   CASE NO. CC 2002 0002755

RUBEN COREY MCNABB,                        *

DEFENDANT.                                 *

### NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS AND NOTICE OF INTENT TO USE SUCH CONVICTIONS FOR IMPEACHMENT PURPOSES

     You are hereby notified that the District Attorney's Office has evidence of the following convictions, which, in the event of your conviction in the above case, will be presented to the court for consideration under the Alabama Habitual Offender Statute, Sec. 13A-5-9, Code of Alabama, 1975. Furthermore, it is the State's intent to use such convictions for impeachment purposes should the defendant testify at trial, Rules 609 (a), (b), (c)of the Alabama Rules of Evidence.

| Date | Case No. | Charge | Disposition | Jurisdiction |
|------|----------|--------|-------------|--------------|
| 3/28/1995 | CR 94 5433 | Possession of Cocaine with Intent to Sell | 14 months | Orange Co, FL |
| 7/3/1997 | CR 0-97-3658 | Possession of Cocaine with Intent to Sell | 20 months | Orange Co, FL |
| 8/4/93 | CR 92-11635 | Carrying Concealed Firearm | 30 months | Orange Co, FL |
| 7/3/1997 | CR-0-97-13987 | Possession of Cocaine with Intent to Sell | 20 months | Orange Co, FL |

     You will be properly notified in the event the District Attorney receives evidence of any other or additional convictions.

     This the 17th day of November, 2004.

                               *Douglas Albert Valeska*
                               DOUGLAS ALBERT VALESKA
                               DISTRICT ATTORNEY

### CERTIFICATE OF SERVICE
     I certify that I have served a copy of this motion on the Honorable Hamp Baxley, Attorney for the Defendant by placing a copy in his box at the Houston County Courthouse on March 17, 2004.

               *Douglas Albert Valeska*
               DOUGLAS ALBERT VALESKA

FILED

MAR 1 7 2004

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

33

STATE OF ALABAMA    VS    REUBAN MCNABB                CC2002-225.60

3-18-05  Motion for Summary Disposition.

03-28-05  Objection to Respondent's response to Petitioner's Rule 32

April 5 2005
The Court has duly weighed and considered the defendant's Rule 32 petition as well as the State's motion for Summary disposition. It is the judgment and opinion of the Court that the State is entitled to prevail and that the motion for Summary disposition shall be granted. Defendant's Rule 32 petition is therefore denied and dismissed.

*[signature]*
*Judge*

(4-12-05 N. Da. & Dept)

04-29-05  Notice of appeal to the Court of Criminal Appeals  CCA docketing statement and
          CR transcript order.

5-13-05  File returned No Action Needed.  Clerk to notify CCA.

5-16-05  Clerk's notice of appeal to CCA, Ag and deft.  CCA docketing statement to
         CCA, AG and deft.

05-16-05  Record on appeal to CCA, Ag and deft.

In the Circuit court of *Houston County*

*Dothan,* Alabama


*Ruben McNabb*

Petitioner, Pro Se,


vs.

# FILED

Case No. *CC-02-0225*

State of Alabama,

APR 2 9 2005

Respondent,

*Judy Byrd*

JUDY BYRD, CLERK

HOUSTON CO., AL

## Notice of Appeal to the Court of Criminal Appeals

## of Alabama

Notice is hereby given that *Ruben McNabb*, petitioner pro se, appeals to the above named court from the judgment entered in this case on the *5th* day of *April*, 2005, denying his Rule 32 post conviction petition.


Respectfully Submitted,

*Ruben McNabb*

Petitioner, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that I have this _22_ day of _April_, 200_5_.

served a copy of the foregoing, upon the following, by placing a copy of the

same in the U.S. mail, postage prepaid and properly addressed:

_Judy Bofad, Circuit Clerk_
_P.O. Drawer 6406_
_Nathan, Alabama 35146_

_____

_____

                                      Respectfully Submitted,

_____                     _Rulzer McNabb 236182_

_____                     _1000 St. Clair Road_

_____                     _Springville, Al. 35146_

_____                     _____

State of Alabama
Unified Judicial System

Form ARAP- 26 (front)    8/91

# COURT OF CRIMINAL APPEALS
## DOCKETING STATEMENT

Criminal Appeal Number

_____ - _____ - _____

## A. GENERAL INFORMATION:

☒ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF _____ Houston _____ COUNTY

Rubin Corey Mcnabb _____, Appellant

v.  ☒ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____ Circuit Court Of Houston Co. Al. _____

| Case Number | Date of Complaint or Indictment | Date of Judgment/Sentence/Order |
|---|---|---|
| CC-02-0225 | 3-5-05 | 4-5-05 |
| Number of Days of Trial/Hearing | Date of Notice of Appeal | |
| N/A      Days | Oral: | |
| | | Written: 4-21-05 Written |

Indigent Status Requested: ☒ Yes ☐ No          Indigent Status Granted: ☒ Yes ☐ No

## B. REPRESENTATION:

Is Attorney Appointed or Retained? ☐ Appointed ☐ Retained.     If no attorney, will appellant represent self? ☐ Yes ☐ No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)          Telephone Number

Address                          City                          State          Zip Code

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

Codefendant                                    Case Number

Codefendant                                    Case Number

Codefendant                                    Case Number

**FILED**

**APR 2 9 2005**

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

## D. TYPE OF APPEAL: Please check the applicable block.

1 ☐ State Conviction        4 ☐ Pretrial Order        7 ☐ Juvenile Transfer Order  10 ☐ Other (Specify)
2 ☒ Post-Conviction Remedy  5 ☐ Contempt Adjudication  8 ☐ Juvenile Delinquency
3 ☐ Probation Revocation    6 ☐ Municipal Conviction   9 ☐ Habeas Corpus Petition

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - §_____      6 ☐ Trafficking in Drugs - §_____    11 ☐ Fraudulent Practices - §_____
2 ☐ Homicide - §_____            7 ☒ Theft - § Robbery                   12 ☐ Offense Against Family - §_____
3 ☐ Assault - §_____             8 ☐ Damage or Intrusion                 13 ☐ Traffic - DUI - §_____
4 ☐ Kidnapping/Unlawful                to Property - §_____              14 ☐ Traffic - Other - §_____
   Imprisonment - §_____         9 ☐ Escape - §_____                   15 ☐ Miscellaneous (Specify):
5 ☐ Drug Possession - §_____    10 ☐ Weapons/Firearms - §_____         _____ - §_____

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed? ☐ Yes ☐ No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript? ☐ Yes ☒ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk? ☐ Yes ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? ☐ Yes ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

27

Form ARAP-26 (back)    8/91    |    COURT OF CRIMINAL APPEALS ⌐CKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 3 | 5 | 05 | Rule 32 Petition | 4 | 5 | 05 |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

Defendant was sentence t£oLife Without for Robbery First Degree, the Court transcript of sentencing clearly reflects he was not sentenced under the HFOA 13A-5-9 (C), (3), of the Code of Ala. 1975 nor was he sentenced as a HFO. The sentence of Life Without Parole exceed that authorized by law 13A-8-41, 13A-5-6 (A), (1), Code of Ala. 1975. Appellant filed his Rule 32 post conviction petition alleging his claims's under Rule 32.1 (B), and (C), concerning his illegal sentence, which exceeds that authorized by law.

The State responded "without answering the illegal sentence claim's, and the Circuit Court April 5, 2005, granted the states summary dispotion and denied petitioner's Rule 32 petition, this appeal followed.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach *additional pages if necessary*.)

Did the Trial Court error in accepting the States claim that petitioner's jurisdictional claim's that the Trial Court was without jurisdiction or the authority to pass judgment and pronounce sentence which exceeds that authorized by law, where said claims are raised under Rule 32.1 (B), and 32.1 (C), Ala. R. Crim. P., and the trial court summary denied said claims under Rule 32.2 (A), (2), 32.2 (A), (30, 32.2 (A),$(4), and 32.2 (A), (5), 32.7 (D), Ala. Crim. P., and said illegal sentence and jurisdictional claim not answered byp respondant or Circuit Court.

**K. SIGNATURE:**

_____    38    Signature of Attorney/ Party Filing this Form
Date

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 1C    8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br>____ - ____ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒ CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF _____ Houston _____ COUNTY

Ruben Corey McNabb _____ Appellant

v. ☒ STATE OF ALABAMA ☐ MUNICIPALITY OF Circuit Court of Houston County, Al.

| Case Number<br>CC-02-0225.60 | Date of Judgment/Sentence/Order<br>Rule 32 petition |
| Date of Notice of Appeal    4-21-05<br>Oral: ____    Written: Written | Indigent Status Granted:<br>☒ Yes    ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE AND §12-12-72, CODE OF ALABAMA 1975).

| Signature | Date | Print or Type Name |

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:                                                                COURT REPORTER(S)

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence _____
proceedings, a transcript of the organization of the jury and arguments of counsel must
be designated separately.

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and _____
challenges for cause. Note that in noncapital cases the voir dire of the jury will not be
recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will _____
not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

**FILED**

**APR 2 9 2005**

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON COUNTY, ALA.

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL (ATTACH ADDITIONAL PAGES IF NECESSARY):

ADDITIONAL PROCEEDINGS REQUESTED                        DATE                    COURT REPORTER(S)

D. _____    _____    _____

E. _____    _____    _____

F. _____    _____    _____

G. _____    _____    _____

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be affective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

| Signature | Date | Print or Type Name |

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to:    (1) Clerk of the Court of Criminal Appeals,    (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

ACR371                          ALABAMA JUDICIAL DATA CENTER
              NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                         BY THE TRIAL COURT CLERK
                   IN THE CIRCUIT COURT OF    HOUSTON COUNTY
STATE OF ALABAMA VS MCNABB RUBEN COREY #23618 JUDGE: JERRY M. WHITE

| APPEAL DATE: 04/29/2005

| INDIGENCY STATUS:
|   GRANTED INDIGENCY STATUS AT TRIAL COURT:
|   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:    __X__ YES    _____ NO
|   INDIGENT STATUS REVOKED ON APPEAL:                __X__ YES    __X__ NO
|   INDIGENT STATUS GRANTED ON APPEAL:                __X__ YES    __X__ NO
|                                                     __X__ YES    _____ NO

| DEATH PENALTY: NO

| APPEAL TYPE: RULE 32 PETITION

| THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
| WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

| CO/CASE NUMBER: 38/CC 2002 000225.60

| ORDER ENTERED(DATE): 04052005 PETITION: __DISMISSED  X DENIED  __GRANTED

| POST-JUDGMENT MOTIONS FILED:    DT FILED      DT DENIED      CON BY AGREE
| ___  MOTION FOR NEW TRIAL
| ___  MOTION FOR JUDG. OF ACQUIT
| ___  MOTION TO W/D GUILTY PLEA
| ___  MOTION FOR ATTY TO W/DRAW
| ___  OTHER

| COURT REPORTER(S):
| ADDRESS:

| APPELLATE COUNSEL #1:
| ADDRESS:                                 PRO SE

| PHONE NUMBER:                                                    00000
|                                          000-000-0000

| APPELLATE COUNSEL #2:
| ADDRESS:

| PHONE NUMBER:

| APPELLANT (PRO SE):
| ADDRESS:                                 MCNABB RUBEN COREY #236182
|                                          1000 ST CLAIR RD
| AIS #:                                   SPRINGVILLE    ,  AL   351460000

| APPELLEE (IF CITY APPEAL):
| ADDRESS:

I CERTIFY THAT THE INFORMATION PROVIDED
ABOVE IS ACCURATE TO THE BEST OF MY                      OPERATOR: RHM
KNOWLEDGE AND I HAVE SERVED A COPY OF                    PREPARED: 05/16/2005
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 16th DAY OF may    2005
                                          CIRCUIT COURT CLERK

AP 14-3 Certificate of Completion and Transmittal of Record on Appeal by Trial Clerk

# CERTIFICATE OF COMPLETION AND TRANSMITTAL
## OF RECORD ON APPEAL BY TRIAL CLERK

REUBAN MCNABB
_____
Appellant

V.

State of Alabama
Appellee

TO: The Clerk of the Court of
Criminal Appeals of Alabama

Case No. ___CC2002-225.60___

Date of Notice of Appeal ___4-29-05___

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling ___40___ pages of the Clerk's record, and ___0___ pages of the Court Reporter's transcript, and that one copy of each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ___16TH___ day of ___MAY___ , ___2005___ .

_____
Judy Byrd
Circuit Clerk

HOUSTON
_____
County

## IN the Alabama Court of Criminal Appeals

FILED

MAY 2 5 2005

CLERK
ALA COURT CRIMINAL APPEALS

## CR-04-1628

Reuban McNABB
Petitioner/Appellant, PRO SE,

versus

State of Alabama,
Respondent/Appellee.

ATTORNEY
GENERAL
COPY

Denial of Rule 32 petition by Judge white in the
Circuit Court of Houston Co., Alabama, CC-02-225.60.

## BRIEF AND ARGUMENT OF Appellant

By:

Reuban McNABB
1000 St. Clair Rd.
#236182 (INF 129)
Springville, Alabama
USA 35746-5582

EXHIBIT

F

NO ORAL ARGUMENT Requested

## STATEMENT OF CASE

McNABB Filed A Rule 32 Alleging Ineffective Assistance of Counsel And Challenged the Courts Jurisdiction to Impose Sentence C.R. 03-21. The District Attorney Responded C.R. 27-28. McNABB traversed the District Attorney's Motion For Summary Disposition C.R. 29-33. The trial court Granted the District Attorneys Motion And Denied the petition C.R. 02. Timely Notice OF Appeal Was Filed C.R. 35-40.

## ISSUE PRESENTED FOR REVIEW

Whether OR NOT the trial Court Abused its discretion when it Denied the petition?

## STATEMENT OF FACTS

The State Filed notice OF prior Convictions which Showed Four prior Felony Convictions. The clerks office File Contains Certified Copies of these prior Convictions C.R. 27 Also see C.R. 33. It is A Fact, the trial Court did not determine McNABB AS A Habitual Felony Offender because McNABB OR His Attorney did not Admit He had prior Felonies And the Record Fails to Reflect the Court Acknowledged ANY PRIOR(S) CASE ACTION Summary Sheets From ORANGE County, Florida to ADJudicate McNABB A H.F.O. C.R. 19-20. LAstly, the prosecutor's Response did not Contain ANY Supporting Affidavits And A Certified Record OR such portions thereof AS ARE APPROPRIATE OR MATERIAL to the issues Raised in the petition NOR did the trial Court Acknowledge it took Judicial Notice OF the Record.

## STANDARD OF REVIEW

Standard OF Review on APPEAL IN A post Conviction petition is whether the trial Court Abused its discretion when He denied the petition. EX PARTE HEATON, 542 So. 2d 931 (Ala. 1989), Elliot v. State, 601 So. 2d 1118 (Ala. Cr. App. 1992).

1

## SUMMARY OF ARGUMENT

McNabb is due a new sentence hearing because he was not adjudicated by the court as a H.F.O. And the sentence imposed exceeds the maximum for a non H.F.O. 13A-5-6 (A)(1), Ala. Crim. Code 1975.

## ARGUMENT

McNabb argues the trial court abused its discretion when the petition contained no evidence that the sentencing court determined McNabb as a H.F.O.

McNabb is due a new sentence hearing because he was not adjudicated by the court as a H.F.O. And the sentence imposed exceeds the maximum for a non H.F.O. Consequently, counsel was ineffective per se when the court in the presence of counsel sentenced McNabb to L.W.O.P. for a first degree Robbery conviction with determining and adjudicating McNabb was a H.F.O. Since McNabb or counsel did not admit he had priors and the trial court did not acknowledge any certified case action summary sheets from Orange Co., Florida were in the record then and there at sentencing. For these reasons the state did not meet its burden for the court to grant their motion and deny McNabb's petition.

## Conclusion

McNabb is due a new sentencing hearing because counsel failed to object when the court imposed a sentence that exceeded the maximum statutory limitations for sentencing a non H.F.O. Rule 26.6 (B)(3) A.R.Cr.P.

## CERTIFICATE OF SERVICE

On May 25, 2005, McNabb served two copies upon the appellate court clerk for him to place a copy into the Attorney General's mailbox.

Respectfully submitted,

Reuben McNabb

Reuban McNabb

2

CR-04-1628

In the COURT of CRIMINAL APPEALS
of ALABAMA

———————◆———————

**REUBEN MCNABB,**

Appellant,

v.

**STATE OF ALABAMA,**

Appellee.

———————◆———————

*On Appeal from the Circuit Court of
Houston County (CC-02-225.60)*

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

Robin Blevins Scales
*Assistant Attorney General*

Bettie J. Carmack
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130

June 16, 2005



EXHIBIT
G
tabbies

**STATEMENT REGARDING ORAL ARGUMENT**

The State does not request oral argument because "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Ala. R. App. P. 34(a)(3).

i

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ................... i

TABLE OF CONTENTS ................................ ii

TABLE OF AUTHORITIES ............................ iii

STATEMENT OF THE CASE AND FACTS .................... 1

ISSUE PRESENTED FOR REVIEW ........................ 3

STANDARD OF REVIEW ................................ 3

SUMMARY OF THE ARGUMENT ........................... 4

ARGUMENT

I.   This Court Is Precluded From Reviewing McNabb's
Claim That His Sentence Exceeded The Maximum
Authorized By Law (Because He Was Never Adjudicated
An Habitual Felony Offender), Because It Is A
Precluded Non- Jurisdictional Claim................. 5

II.  McNabb's Claim That His Trial Counsel Was
Ineffective Is Without Merit Because He Has Failed
To Show That His Trial Counsel's Performance Was
Deficient Or That He Was Prejudiced By His Trial
Counsel's Allegedly Deficient Performance........... 8

CONCLUSION....................................... 10

CERTIFICATE OF SERVICE........................... 11

## TABLE OF AUTHORITIES

### Cases

<u>Dixon v. State</u>, 804 So. 2d 1080 (Ala. Crim. App. 2000). ...................................... 7

<u>Ex parte Dixon</u>, 804 So. 2d 1075 (Ala. 2000) .......... 6

<u>Franks v. State</u>, 819 So. 2d 106 (Ala. Crim. App. 2001). ...................................... 5

<u>Jones v. State</u>, 816 So. 2d 1067 (Ala. Crim. App. 2000) 9

<u>Yarbrough v. State</u>, 841 So. 2d 306 (Ala. Crim. App. 2002). ...................................... 8, 9

### Statutes

Ala. Code (1994)

13A-5-9(c)~~32.2(5)~~. .................................... 6

## STATEMENT OF THE CASE AND FACTS[1]

On April 5, 2005, Judge Jerry M. White of the Houston County Circuit Court denied Reuben McNabb's (hereinafter "McNabb") Rule 32 petition. This appeal followed.

On August 30, 2001, Ruben Corey McNabb was indicted for robbery in the first degree. (DAR, C. 1) McNabb was arrested on February 6, 2002. (DAR, C. 1) On February 14, 2003, McNabb's trial resulted in a mistrial. (C. 4)

McNabb's re-trial began on February 10, 2004. (DAR, R. 2) After deliberating for fifteen minutes, the jury found McNabb guilty of robbery in the first degree. (DAR, R. 356) McNabb appealed his conviction and sentence on the ground that the trial court judge improperly denied his request for a transcript of his first trial which had resulted in a mistrial. *See* McNabb v. State, CR-03-1141, mem. op. at 2 (Ala. Crim. App. Nov. 19, 2004).

---

[1] Some of the facts are taken from McNabb's direct appeal record (DAR). This Court is requested to take judicial notice of McNabb's direct appeal record (CR-03-1141). *See* Ex parte Salter, 520 So. 2d 213, 216 (Ala. Crim. App. 1987)("The Court of Criminal Appeals can take judicial notice of its own records.").

On March 8, 2005, McNabb filed his Rule 32 petition. (C. 3) In his Rule 32 petition, McNabb stated on the Rule 32 form that: (1) "The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief; (2) The court was without jurisdiction to render the judgment or to impose the sentence; and, (3) The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law." (C. 4-5)  In his attachment to the Rule 32 form, McNabb stated that his trial counsel was ineffective and that his sentence exceeded the maximum authorized by law. (C. 13-15)

In his brief on appeal, McNabb contends that the trial court never adjudicated him an habitual felony offender and, as a result, his sentence exceeded the maximum authorized by law.  (McNabb's brief, pg. 2.) McNabb further contends that his trial counsel was ineffective for failing to object to the trial court's alleged failure to adjudicate him an habitual felony offender. (McNabb's brief, pg. 2)

2

## ISSUES PRESENTED FOR REVIEW

Did Judge White properly exercise his discretion when he summarily dismissed McNabb's Rule 32 petition?

## STATEMENT OF STANDARD OF REVIEW

"When the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo. . . . However, where there are disputed facts in a post[-]conviction proceeding and the circuit court resolves those disputed facts, 'the standard of review on appeal . . . is whether the trial judge abused his discretion when he denied the petition.' . . . If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition." Boyd v. State, CR-02-0037, 2003 WL 22220330, at *3 (Ala. Crim. App. Sept. 26, 2003).

3

## SUMMARY OF THE ARGUMENT

McNabb's claim that his sentence was improperly enhanced based upon the Habitual Felony Offender Act is precluded from review in a Rule 32 petition because, as a non-jurisdictional claim, McNabb had to have raised the claim on direct appeal and McNabb did not raise the claim on direct appeal.

McNabb's claim that his counsel was ineffective is without merit because McNabb has failed to show that his trial counsel's performance was deficient or that he was prejudiced by his trial counsel's allegedly deficient performance.

**ARGUMENT**

I.   **This Court Is Precluded From Reviewing McNabb's Claim That His Sentence Exceeded The Maximum Authorized By Law (Because He Was Never Adjudicated An Habitual Felony Offender), Because It Is A Precluded Non-Jurisdictional Claim.**

McNabb contends that the trial court never adjudicated him an habitual felony offender and, as a result, his sentence exceeded the maximum sentence allowed for a first degree robbery conviction. In particular, McNabb contends that the State never produced certified copies of his prior felony convictions and, as a result, he could not be declared an habitual felony offender. This issue is precluded from review in a Rule 32 petition because McNabb did not raise it at his sentencing hearing or on direct appeal. *See* <u>Franks v. State</u>, 819 So. 2d 106, 108 (Ala. Crim. App. 2001).

5

McNabb did not object at his sentencing hearing to the trial court's decision to sentence him as an habitual offender. On direct appeal, the only issue McNabb raised was that the trial court improperly denied him funds to obtain a copy of the transcript of his first trial which had resulted in a mistrial. This Court has specifically held that the State's method of proving prior convictions is a non-jurisdictional issue and the issue is precluded from review in a Rule 32 petition if it was not raised on direct appeal. *See* Franks v. State, 819 So. 2d at 108; *see also* Ala. R. Crim. P. 32.2(5). Because McNabb failed to raise this issue on direct appeal, this Court is precluded from reviewing it in a Rule 32 petition.

Furthermore, McNabb admitted during his re-trial that he had "roughly four or five felony convictions." (DAR, R. 248) As a result of admitting his prior felony convictions, the State was relieved of its burden of proving McNabb had prior felony convictions. *See* Ex parte Dixon, 804 So. 2d 1075, 1076 (Ala. 2000)("[B]y admitting prior felony convictions, the defendant relieves the State of its burden of proof.").

*rev'd as to sentences and remanded on other grounds*
<u>Dixon v. State</u>, 804 So. 2d 1080 (Ala. Crim. App. 2000).

Moreover, McNabb was convicted of robbery in the
first degree, a class A felony. *See* Ala. Code § 13A-8-
41 (1994). McNabb admitted that he had four or five
prior felony convictions. The trial court sentenced
McNabb based upon three prior felony convictions
submitted by the State on March 17, 2004. (DAR; C. 123,
R. 365) As a convicted felon with three prior
convictions, the trial court judge could have sentenced
McNabb to a term of life imprisonment or life
imprisonment without parole, in the discretion of the
trial court. Judge White properly exercised his
discretion and sentenced McNabb to a term of life
imprisonment without the possibility of parole. *See*
Ala. Code § 13A-5-9(c)(3)(1994). McNabb, therefore,
was properly sentenced.

7

II.  **McNabb's Claim That His Trial Counsel Was Ineffective Is Without Merit Because He Has Failed To Show That His Trial Counsel's Performance Was Deficient Or That He Was Prejudiced By His Trial Counsel's Allegedly Deficient Performance.**

McNabb contends in his brief on appeal that this trial counsel was ineffective. McNabb contends that his trial counsel's performance was deficient because he did not object when the trial court imposed a sentence which exceeded the maximum authorized by law. (McNabb's brief, pg. 2)  McNabb's contention is without merit.

"To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient and (2) that he was prejudiced by the deficient performance." Yarbrough v. State, 841 So. 2d 306, 309 (Ala. Crim. App. 2002).

As stated previously, McNabb admitted that he had four or five felony convictions.  The trial court adjudicated McNabb as an habitual felony offender with three prior felony convictions.  The trial court judge chose to exercise his discretion and sentenced McNabb to a term of imprisonment of life without the

8

possibility of parole.  Because McNabb's sentence was proper, his attorney's objection would have been without merit.  This Court has specifically stated that "[c]ounsel cannot be ineffective for failing to raise a meritless issue."  *See* Jones v. State, 816 So. 2d 1067, 1071 (Ala. Crim. App. 2000) *remanded with instructions on other grounds*.

Furthermore, McNabb has failed to show how he was prejudiced by his attorney's alleged failure to object to the enhancement of his sentence.  McNabb, himself, admitted that he had four or five prior felony convictions.  As a result, McNabb would have been sentenced to a term of life imprisonment without the possibility of parole even if his attorney had made the meritless objection that he was not an habitual felony offender.

## CONCLUSION

Based upon the above, this Court should affirm the trial court's decision summarily dismissing McNabb's Rule 32 petition.

Respectfully submitted,

Troy King
Attorney General
By-


Bette J. Carmack
*Assistant Attorney General*
Counsel of Record*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on this the __16th__ day of

June, 2005, I served a copy of the foregoing on the

Appellant, by placing the same in the United States

Mail, first class, postage prepaid and addressed as

follows:

**Reuben Corey McNabb**
**1000 St. Clair Road**
**#236182 (INF 129)**
**Springville, AL  35476-5582**

Bettie J. Carmack
*Assistant Attorney General*

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
1-334-353-5305
**206924/McNabb, Reuben Corey**



Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

**P. O. Box 301555**

**Montgomery, AL 36130-1555**

**RELEASED**

**AUG 0 5 2005**

CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-1628          Houston Circuit Court CC-02-225.60

Ruben Corey McNabb v. State of Alabama

Wise, Judge.

The appellant, Ruben Corey McNabb, appeals from the circuit court's denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala. R. Crim. P., in which he challenged his 2004 conviction for first-degree robbery.[1]

---

[1]McNabb's first trial ended in a mistrial on February 14, 2003. He was retried on February 10, 2004 and found guilty as charged. McNabb appealed his conviction and sentence to this Court on November 19, 2004, alleging that the trial court improperly denied his request for a copy of a transcript of his first trial which ended in a mistrial. We affirmed the

1



EXHIBIT

tabbies

H

On March 8, 2005, McNabb filed the instant Rule 32 petition. In his petition, McNabb stated on the Rule 32 form that: (1) the Constitution of the United States or of the State of Alabama requires a new trial, a new sentencing proceeding, or other relief; (2) the Court was without jurisdiction to render the judgment or to impose the sentence; and (3) the sentence imposed exceeds the maximum authorized by law. In his attachment to the Rule 32 form, McNabb stated that his trial counsel was ineffective and that his sentence exceeded the maximum authorized by law. On April 5, 2005, the trial court summarily dismissed McNabb's petition.

On appeal, McNabb claims that the trial court abused its discretion when it denied his Rule 32 petition. McNabb specifically claims as grounds for his illegal sentence that the trial court never adjudicated him as an habitual felony offender; thus, his sentence exceeded the maximum allowed by law. He also contends that his trial counsel was ineffective for failing to object to the trial court's alleged failure to adjudicate him as an habitual offender.

I.

McNabb contends that because the State never produced certified copies of his prior felony convictions his sentence exceeded the maximum legal sentence for first-degree robbery.

The State contends that this non-jurisdictional issue is precluded from review because McNabb failed to object to the use of the prior convictions at the sentencing hearing or on direct appeal. See Rule 32.2(a)(3) and (5), Ala. R. Crim. P.; Nichols v. State, 629 So.2d 51, 57-58 (Ala. Crim. App. 1993) (the failure to object in the trial court to the State's method of proving prior convictions precludes further consideration of that issue on direct appeal). Because this issue is waivable on appeal, it does not involve depriving the trial court of its jurisdiction; thus, this issue is not jurisdictional. Nichols, 629 So.2d at 57 (a procedural requirement can be waived by defendant's failure to object; a

_____

trial court's judgment by unpublished memorandum. See McNabb v. State (No. CR-03-1141), ___ So. 2d ___ (Ala. Crim. App. 2004)(table).

jurisdictional matter is not subject to waiver); <u>Ex parte Thomas</u>, 549 So.2d 95 (Ala.1989) (Rule 32 petition asserting a claim of improper enhancement under the HFOA was not meritorious because such an issue is properly raised on direct appeal, rather than in a Rule 32 petition).

Moreover, McNabb admitted that he had four or five felony convictions. For sentencing, the trial court relied upon three of those prior felony convictions.[2] (Direct Appeal, C. 123; R. 365). As an habitual felony offender with three prior felony convictions, the range of punishment available to the trial court was life imprisonment or life imprisonment without the possibility of parole. The trial court was well within its discretion, pursuant to § 13A-5-9(c)(3), Ala. Code 1975, when it sentenced McNabb to a term of life imprisonment without the possibility of parole. Thus, McNabb's various claims regarding the legality of his sentence or of the court's authority to impose that sentence are without merit.

II.

McNabb claims that his trial counsel was ineffective for his failure to object when the trial court imposed a sentence which allegedly exceeded the maximum authorized by law. Based on our analysis herein, his claim is without merit.

In <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. Counsel's performance is viewed objectively; therefore, a defendant's subjective satisfaction with counsel's performance is irrelevant in determining whether counsel was ineffective. As stated in Section I, McNabb admitted to at least three prior felony convictions -- actually four or five. The trial court exercised his discretion, pursuant to the habitual felony offender act and sentenced McNabb to imprisonment for a term

---

[2]This Court may take judicial notice of its own records. See <u>Hull v. State</u>, 607 So. 2d 369, 371 (Ala. Crim. App. 1992).

of life without the possibility of parole. Given the existence of at least three prior felony convictions, such a sentence is legally proper; thus, the failure to make an objection at sentencing does not constitute ineffective assistance of counsel. Counsel cannot be ineffective for failing to raise a meritless issue. See <u>Patrick v. State</u>, 680 So. 2d 959, 963 (Ala. Crim. App. 1996); <u>Hope v. State</u>, 521 So. 2d 1383, 1386 (Ala. Crim. App. 1988).

For the above-stated reasons, the trial court's dismissal of McNabb's Rule 32 petition is due to be affirmed.

**AFFIRMED.**

McMillan, P.J., and Cobb and Baschab, JJ., concur. Shaw, J., concurs in the result.

COURT OF CRIMINAL APPEALS NO. _CP-06-1421_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

**CIRCUIT COURT OF** _HOUSTON_ **COUNTY, ALABAMA**

CIRCUIT COURT NO _CC2002-225.61_

CIRCUIT JUDGE _JERRY M. WHITE_

Type of Conviction/ Order Appealed From: _RULE 32 PETITION_

Sentence Imposed: _PETITION DENIED_

Defendant Indigent: ☑ YES ☐ NO

## RUBEN COREY MCNABB

**NAME OF APPELLANT**

PRO-SE                    #236182
(Appellant's Attorney)              (Telephone No.)

1000 ST CLAIR RD
(Address)

SPRINGVILLE,        AL        35146
(City)           (State)      (Zip Code)

### V.

## STATE OF ALABAMA

**NAME OF APPELLEE**

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

Exhibit I

CLERK'S INDEX

CASE ACTIONN SUMMARY                                        1-2

MARCH 21, 2007 ORDER: DEFENDANT ALLOWED TO FILE            3
PETITION IN FORMA PAUPERIS.

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE            4-17

IN FORMA PAUPERIS DECLARATION                              18-20

MOTION FOR SUMMARY DISPOSITION                             21-26

APRIL 4, 2007 ORDER:  THIS IS A SUCCESSIVE PETITION.       27
THE GROUNDS RAISED WERE PREVIOUSLY RAISED AND
SHOULD AND COULD HAVE BEEN RAISED ON APPEAL.  THE
STATE'S MOTION FOR SUMMARY DISPOSITION IS GRANTED.
PETITION DENIED AND DISMISSED.

REPLY TO MOTION FOR SUMMARY DISPOSITION.                   28-30

MOTION FOR RECONSIDERATION                                 31-45

MAY 1, 2007 ORDER:  MOTION FOR RECONSIDERATION             46
DENIED.

NOTICE OF APPEAL                                           47

COURT OF CRIMINAL APPEALS DOCKETING STATEMENT             48-49

REPORTER'S TRANSCRIPT ORDER – CRIMINAL                    50

MAY 10, 2007 ORDER:  NOTIFY COURT OF CRIMINAL             51
APPEALS.

CLERK'S NOTICE OF APPEAL                                   52

CERTIFICATE OF COMPLETION                                  53

```
7  0372                ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2002 000225.61
\  R: RHM                    CASE ACTION SUMMARY
PAGE:  1                        CIRCUIT  CRIMINAL              RUN DATE: 03/24/2007
====================================================================================
IN THE CIRCUIT COURT OF  HOUSTON                                      JUDGE: JMW
STATE OF ALABAMA                       VS      MCNABB RUBEN COREY #23618
                                               1000 ST CLAIR RD
CASE: CC 2002 000225.61
                                               SPRINGVILLE, AL  35146 0000
DOB: 07/25/1975        SEX: M  RACE: B  HT: 6 00  WT: 197   HR: BLK EYES: BRO
SSN: 264654614  ALIAS NAMES:
====================================================================================
CHARGE01: RULE 32-FELONY         CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE: 06/07/2001                 AGENCY/OFFICER: 0380100 SINGLET

DATE WAR/CAP ISS:                        DATE ARRESTED: 02/05/2002
DATE   INDICTED: 08/30/2001              DATE   FILED: 03/21/2007
DATE  RELEASED:                          DATE  HEARING:
BOND     AMOUNT:          $.00              SURETIES:

DATE 1:              DESC:                TIME: 0000
DATE 2:              DESC:                TIME: 0000
TRACKING NOS:                    /                    /
   DEF/ATY: PRO SE                  TYPE: P                         TYPE:

                       00000                         00000
PROSECUTOR: VALESKA DOUGLAS A

====================================================================================
OTH CSE:   000000000000 CHK/TICKET NO:                    GRAND JURY: 000000027
COURT REPORTER:                                 000000000
   STATUS: JAIL                 DEMAND: Y                         OPER: RHM
====================================================================================
DATE           ACTIONS, JUDGEMENTS, AND NOTES
====================================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 03-21-07 | Free filing authorized. Petition for relief from conviction or sentence and in forma pauperis filed. |
| | 03-24-07 copy to DA    N: deft w/cas |
| 4-2-07 | Motion for Summary Disposition |
| | April 4 2007. This is a Successive petition. The Grounds raised were previously raised and should and could have been raised on Appeal. The State's Motion for Summary disposition is Granted. Petition denied and dismissed. |
| | [signature] Judge |
| | 4-6-07: N, D.A, + Deft |

ACRO369   A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R
CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2002 000225.61
JUDGE ID: JMW

STATE OF ALABAMA                        VS       MCNABB RUBEN COREY #23618

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 04-12-07 | Reply to Motion for Summary Disposition. |
| 04-16-07 | Motion for reconsideration. |
| | May 4, 2007 - Motion for reconsideration denied _(signature)_ Judge |
| | 5-2-07 N. Da, Deft |
| 5-4-07 | Notice of appeal, CCA Docketing statement, CR transcript order filed. |
| | May 10, 2007 - Notify Ct. of Crim. App. _(signature)_ Judge |
| 5-18-07 | Clerks notice of appeal, CCA Docketing statement & CR transcript order to CCA, AG & Deft. |

2

March 21, 2007. Defendant allowed to

# PETITION FOR RELIEF FROM
# CONVICTION OR SENTENCE
### (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

file petition
in forma
pauperis.
Rule 32.

_____ Judge

Case Number

3

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

## (Pursuant to Rule 32, Alabama Rules of Criminal Procedure)

Case Number

CC   02   225
ID   YR   NUMBER

IN THE ___Houston County Circuit___ COURT OF ___Dothan___, ALABAMA

___Ruben Corey McNabb___ vs. ___State of Alabama___

Petitioner (Full Name)                                  Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number ___236182___ Place of Confinement ___St. Clair Prison___

County of conviction ___Houston County Alabama___

### NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1.  Name and location (city and county) of court which entered the judgment of conviction or sentence under attack ___Houston County Circuit Court, Dothan, AL___

2.  Date of judgment of conviction ___March 24, 2004___

3.  Length of sentence ___Life W/O Possibility of Parole___

4.  Nature of offense involved (all counts) ___Robbery I___

5.  What was your plea?  (Check one)

    (a)  Guilty _____

    (b)  Not guilty _xxx_

    (c)  Not guilty by reason of mental disease or defect _____

    (d)  Not guilty and not guilty by reason of mental disease or defect _____

4

6. Kind of trial: (Check one)

    (a)  Jury __XX__              (b)  Judge only _____

7. Did you testify at the trial?

    Yes __XX__              No _____

8. Did you appeal from the judgment of conviction?

    Yes __XX__              No _____

9. If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court ___Alabama Criminal Court of Appeal___

        (2)  Result ___Affirmed___

        (3)  Date of result ___Nov. 19, 2004___

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court ___Alabama Supreme Court___

        (2)  Result ___Certiorari denied___

        (3)  Date of result ___2-14-05___

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court ___District Court of the United States___

        (2)  Result ___Denied___

        (3)  Date of result ___January 26, 2007___

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes __XX__      No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court __Middle District United States District Court__

(2) Nature of proceeding __Habeas Corpus__

(3) Grounds raised __Previous convictions being used to enhance the sentence__

__were youthful offender__

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____      No __XX__

(5) Result __Dismissed w/o prejudice to afford opportunity to exhaust State remedies__

(6) Date of result __January 26, 2007__

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court __N/A__

(2) Nature of proceeding __N/A__

(3) Grounds raised __N/A__

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____      No __XX__

(5) Result __N/A__

(6) Date of result __N/A__

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court __N/A__

(2)  Nature of proceeding _____ N/A

(3)  Grounds raised _____ N/A _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____                    No __ XX __

(5)  Result _____ N/A _____

(6)  Date of result _____ N/A _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.         Yes _____    N/A    No _____

(2)  Second petition, etc.       Yes _____    N/A    No _____

(2)  Third petition, etc.        Yes _____    N/A    No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____ N/A _____

_____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

~~XXX~~  A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief. (See attached pages)

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1)    Conviction obt   ed by plea of guilty which was unlawful.   )duced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)    Conviction obtained by use of coerced confession.

(3)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)    Conviction obtained by a violation of the privilege against self-incrimination.

(6)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)    Conviction obtained by a violation of the protection against double jeopardy.

(8)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

XX (9)    Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

**If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.**

_____  B.    **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

XXX  C.    **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.** (See attached pages)

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  D.    **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  E.    **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> **"Successive Petitions.** The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No __XX__

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court ____N/A_____

(b) Result ____N/A_____

(c) Date of result ____N/A_____
(attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No __XX__

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _____ Hampton Baxley Att-At-Law

_____ Dothan, AL

(b) At arraignment and plea _____ Same

(c) At trial _____ Same

(d) At sentencing _____ Same

(e) On appeal _____ David Hogg Att-At-Law

_____ Dothan, AL

(f) In any post-conviction proceeding _____

(g) On appeal from adverse ruling in a post-conviction proceeding _____ Pro se

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____         No _XX_

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____         No _XX_

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____ N/A

(b) And give date and length of sentence to be served in the future: _____

_____ N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____         No _XX_

18. What date is this petition being mailed?

_____ Anno Domini

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _February 28, 2007_
              (Date)

_Robert McNabb_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the 28 day of _February_ 2007

Notary Public

Keith Parker Mayo
Commission Expires 9-27-2009

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____ .
                                    (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, _____.

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

11

<u>CLAIM</u>

Petitioner claims <u>Three</u> of the prior felony convictions from the State of Florida are actually Youthful Offender Convictions, under the Florida Youthful Offender Act 958.04(4), and cannot be used for sentencing enhancement under the Habitual Felony Offender Act to sentence Petitioner to life without parole.

<u>SUPPORTING FACTS</u>

Copies of Petitioner's youthful offender status from the State of Florida is attached hereto.

<u>ISSUE PRESENTED FOR REVIEW</u>

Whether or not the circumstance of petitioner's alleged prior convictions are youthful offender status and cannot be used for enhancement of sentence at any time..

<u>RELIEF SOUGHT</u>

Petitioner wants the trial court to set aside the life without parole sentence under the Habitual Felony Offender Act and to resentence Petitioner under the Habitual Felony Act with appropriate sentence under the guidelines of petitioner having only one prior felony conviction whereas the other two convictions only constitutes a youthful offender act under the State of Florida as well as the State of Alabama after January 1st, 1980.

### REASON WHY THE PETITION SHOULD BE GRANTED

Applicable law in the State of Alabama under 13A-5-9 precludes the State of Alabama of using any prior youthful offender conviction for the purpose of enhancement of sentence under the habitual offender Act, for any defendant. See: Thomas 435 So.2d 1234, Specifically states No youthful offender will be used under 13A-5-9 for enhancement purpose, also attached are the cases which are from the State of Florida which the State of Alabama used for enhancement purpose. Which are case numbers --- 14-5433, 92-11635 and 94-13987; Whereas all fall under Florida's youthful offender status 958.04(4) and was modified in the record on March 28, 1995, within are proof with County Seal stating facts of youthful offender status granted within the State of Florida, and was used for enhancement purpose. Under several case laws that this Court is aware of the prior's of youthful offender cannot be used to enhance under 13A-5-9, H.O.F.A. such as: Lucious, 879 So.2d 1216 (2003); Hardy, 709 So.2d 490 (1995) the Court has reversed and remand these cases because of youthful offender status cases being used for habitual enhancement and federal law. Gordon v. Nagle, 2 F.3d 835 (1993) so relief must be granted according to word of law.

### WHY RELIEF SHOULD BE GRANTED
### AND PETITION GRANTED

Under Alabama Rules of Criminal Proc., Jurisdictional claims are not precluded by limitation periods or by the Rule against successive petitions. Beaver v. State, CR-03-1590, 2004 WL 2201303

2.

(Oct 2004) But more importantly <u>Robinson v. State</u>, 562 So.2d 277 which under Rule 20.1(b) provides post conviction relief where the court was without jurisdiction to render judgment or to impose sentence, so with the said allegation being made only an evidentiary hearing will determine if the sentence exceeds the authority and jurisdiction to the Court and the sentence must be made with Ferguson v. State, [MS. 6 Div. 229, February 2, 1990] and Robinson v. State, 562 So.2d 277.

## CONCLUSION

Based on the above facts and law and evidence, Petitioner is due a sentencing hearing, because the life without parole sentence exceeds the maximum authorized by law or is not authorized by law. The failure to entertain this petition will result in a miscarriage of justice because a convicted defendant cannot receive a life without parole sentence while having youthful offender status used for enhancement for the Alabama Habitual Offender Act.

Respectfully submitted,

Ruben C. McNabb
#236182
1000 St. Clair Rd.
Springville, AL 35146-5582

3.

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                              *

      PLAINTIFF,                           *

VS.                                            *    CASE NO. CC 2002 0002255

RUBEN COREY MCNABB,                            *

DEFENDANT.                                     *

## NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS AND NOTICE OF INTENT TO USE SUCH CONVICTIONS FOR IMPEACHMENT PURPOSES

    You are hereby notified that the District Attorney's Office has evidence of the following convictions, which, in the event of your conviction in the above case, will be presented to the court for consideration under the Alabama Habitual Offender Statute, Sec. 13A-5-9, Code of Alabama, 1975. Furthermore, it is the State's intent to use such convictions for impeachment purposes should the defendant testify at trial, Rules 609 (a), (b), (c)of the Alabama Rules of Evidence.

| Date | Case No. | Charge | Disposition | Jurisdiction |
|------|----------|--------|-------------|--------------|
| 3/28/1995 | CR 94 5433 | Possession of Cocaine with Intent to Sell | 14 months | Orange Co, FL |
| 7/3/1997 | CR 0-97-3658 | Possession of Cocaine with Intent to Sell | 20 months | Orange Co, FL |
| 8/4/93 | CR 92-11635 | Carrying Concealed Firearm | 30 months | Orange Co, FL |
| 7/3/1997 | CR-0-97-13987 | Possession of Cocaine with Intent to Sell | 20 months | Orange Co, FL |

    You will be properly notified in the event the District Attorney receives evidence of any other or additional convictions.

This the 17th day of November, 2004.

DOUGLAS ALBERT VALESKA
DISTRICT ATTORNEY

CERTIFICATE OF SERVICE
I certify that I have served a copy of this motion on the Honorable Hamp Baxley, Attorney for the Defendant by placing a copy in his box at the Houston County Courthouse on March 17, 2004.

DOUGLAS ALBERT VALESKA

RECEIVED

15

RAMSEY, ...        McDOUGLE

IN THE CIRCUIT COURT OF THE NINETH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA.

CASE NO. 93-2899; 94-5433; 94-13987; 92-11635
JUDGE: Michael F. Cycmanick

STATE OF FLORIDA
vs
MCNABB, Ruben  370109  A131
        Defendant

DEFENDANT'S WAIVER OF RIGHTS TO MODIFY SENTENCE
AND PLACE DEFENDANT ON PROBATION

Defendant, MCNABB, Ruben  370109 A131, moves this Court to modify its sentence in the
above styled case.

1.   On March 28, 1995, defendant was sentenced to 3 years 2 months by the
     Honorable Michael F. Cycmanick, Circuit Judge.

2.   The defendant has successfully participated in the Department of
     Corrections Boot Camp Program pursuant to Section 958.04(4), Florida
     Statutes.

3.   Defendant has been fully advised to his satisfaction of the nature and
     consequences of his actions in making this motion. Defendant is aware
     that by making this motion he is waiving his constitutional rights:

     a.   to a fair, impartial and public hearing before a Judge on this
          modification.

     b.   to contest or appeal any order entered by this Court granting the
          Modification of Sentence.

     c.   to have the effective assistance of legal counsel for his defense at
          any hearing on this modification.

     d.   to have compulsory process, to subpoena witnesses to testify for
          him.

     e.   to confront all witnesses against him.

Wherefore, defendant prays this Court will modify defendant's sentence by placing the
defendant on a specified period of probation, a condition thereof to be the payment of
any restitution previously assessed in the case as a lien, if any.

_____
                         Defendant

State of Florida
County of Sumter

The foregoing instrument was acknowledge before me this __11th__ day of __October__,
1995 by MCNABB, Ruben  370109  A131 who produced inmate identification as
identification and who did take an oath that it is true and correct to the best of his
knowledge and belief.

_____
Notary Public, State of Florida

Explained by: Sharon Mosley,
Correctional Probation Officer II
DC4-606 (4/92)

16

Defendant _Reuben_
_McNabb_    Case Number _CR94_
_(13987)_    JBTS Number _772186_

## SENTENCE

### (As to Count _two_)

The defendant, being personally before this court, accompanied by the defendant's attorney of record, _E. Jewett_ , and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant shoul not be sentenced as provided by law, and no cause being shown,

(Check one if applicable.)

_____ and the Court having on _____ deferred imposition of sentence until this date.
                                (date)

_____ and the Court having previously entered a judgment in this case on _____ now resentences
the defendant.                                                    (date)

_____ and the Court having placed the defendant on probation/community  control and having subsequently revoked
the defendant's probation/community control.

**IT IS THE SENTENCE OF THE COURT THAT:**

_____ The defendant pay a fine of $_____, pursuant to section 775.083, Florida Statutes, plus $_____
as the 5% surcharge required by section 960.25, Florida Statutes.

__✓__ The defendant is hereby committed to the custody of the Department of Corrections.

_____ The defendant is hereby committed to the custody of the Sheriff of _____Orange_____ County, Florida.

_____ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

**TO BE IMPRISONED (CHECK ONE; UNMARKED SECTIONS ARE INAPPLICABLE.):**

_____ For a term of natural life.

__✓__ For a term of_____ _14 mos_

FILED IN OPEN COURT
THIS _20_ DAY OF _March_ 19 _95_
_Ann_ Carlton, Clerk
BY _____ D.C.

_____ Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in
this order.

**If "split" sentence, complete the appropriate paragraph.**

_____ Followed by a period of _____ on probation/community control under the supervision of the
Department of Corrections according to the terms and conditions of supervision set forth in a separate order
entered herein.

_____ However, after serving a period of _____ imprisonment in _____ , the
balance of the sentence shall be suspended and the defendant shall be placed on probation/community
control for a period of _____ under supervision of the Department of Corrections
according to the terms and conditions of probation/community control set forth in a separate order entered
herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be
satisfied before the defendant begins service of the supervision terms.

CONSECUTIVE/    It is further ordered that the sentence imposed for this count shall run ____ Consecutive to
CONCURRENT      _____ Concurrent with (check one) the sentence set forth in count ____ above.

Case Number

| ID | YR | NUMBER |
|----|----|--------|

(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

*Houston County Alabama Circuit Court*
[Insert appropriate court]

*Ruben Corey McNabb*
(Petitioner)

vs.

*State of Alabama*
(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, *Ruben C. McNabb* _____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No _X_

    a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

    _____

    _____

    b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

    _____ *May 2001* _____

    _____

2. Have you received within the past twelve months any money from any of the following sources?

    a. Business, profession, or other form of self-employment?

       Yes _____    No _X_

    b. Rent payments, interest, or dividends?

       Yes _____    No _X_

    c. Pensions, annuities, or life insurance payments?

       Yes _____    No _X_

    d. Gifts or inheritances?

       Yes _____    No _X_

    e. Any other sources?

       Yes _____    No _X_

If the answer to any of th  bove is "yes", describe each source   money and state the amount received from each during the past twelve months.

_____ N/A _____

_____

_____

_____

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____              No _X_

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____ N/A _____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____              No _X_

If the answer is "yes", describe the property and state its approximate value.

_____ N/A _____

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____ wife & five children _____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _2-25-07_
                    (Date)

_____
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _541.64_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _St. Clair C.F._ institution:

_____

_____

_2/26/07_
DATE

_____
AUTHORIZED OFFICER OF INSTITUTION

Rule 32

3/19

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
ST. CLAIR CORR FACILITY

AIS #: 236182      NAME: MCNABB, RUBEN                    AS OF: 02/26/2007

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| FEB   | 2         | $25.13            | $0.00            |
| MAR   | 31        | $8.95             | $80.00           |
| APR   | 30        | $13.79            | $75.00           |
| MAY   | 31        | $3.01             | $65.00           |
| JUN   | 30        | $9.18             | $60.00           |
| JUL   | 31        | $2.54             | $10.00           |
| AUG   | 31        | $19.28            | $135.00          |
| SEP   | 30        | $8.77             | $20.00           |
| OCT   | 31        | $11.70            | $83.00           |
| NOV   | 30        | $12.33            | $40.00           |
| DEC   | 31        | $6.86             | $30.00           |
| JAN   | 31        | $8.04             | $70.00           |
| FEB   | 26        | $359.05           | $550.00          |

20

| | | |
|---|---|---|
| EX PARTE, | ) | IN THE CIRCUIT COURT OF |
| RUBEN COREY McNABB | ) | HOUSTON COUNTY, ALABAMA |
| VS. | ) | |
| STATE OF ALABAMA | ) | CASE NO. <u>CC 2002-225.61</u> |

## <u>MOTION FOR SUMMARY DISPOSITION</u>

Comes now the State of Alabama and moves the Court for an order summarily dismissing the petition filed herein and for reason alleges the following:

1. The petition fails to state a claim for which relief may be granted.

2. The grounds alleged in the petition either were raised at trial or could have been but were not raised at trial.

3. The grounds alleged in the petition either were raised on appeal or could have been but were not raised on appeal.

4. The grounds alleged and facts stated do not amount to newly discovered evidence.

5. On March 8, 2005, the petitioner filed his first Rule 32 petition wherein he alleged that the court was without jurisdiction to render the judgment or to impose the maximum sentence. He alleged that the State never produced certified copies of his prior felony convictions and therefore his sentence exceeded the maximum allowed by law.

6. In the opinion affirming the denial of this earlier petition, the Court of Criminal Appeals ruled "the failure to object in the trial court to the State's method of proving prior convictions precludes further consideration of that issue on direct appeal. Because this issue is waivable on appeal, it does not involve depriving the trial court of its jurisdiction, thus, this issue is not jurisdictional."

7. The Court went on to say, "Moreover, McNabb admitted that he had four or five felony convictions. For sentencing, the trial court relied on three of those prior felony convictions." See Exhibit "A" attached.

8. The petition should be barred by the statute of limitations.

9. The State denies each and every material allegation contained within the petition.

Submitted this _____ day of April 2007.

Gary R. Maxwell
Chief Assistant District Attorney

## CERTIFICATE OF SERVICE

I, Gary R. Maxwell, Chief Assistant District Attorney, hereby certify that I have placed a copy of the same in the U. S. mail, postage prepaid, to Ruben Corey McNabb #236182, St. Clair Correctional, 1000 St. Clair Road, Springville, AL 35146-5582 on this _____ day of April 2007.

Gary R. Maxwell
Chief Assistant District Attorney

# FILED

APR 0 2 2007

Carla Woodall, Clerk
Houston County, AL

22

*EXHIBIT H*

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

## P. O. Box 301555

## Montgomery, AL 36130-1555

**RELEASED**

**AUG 05 2005**

CLERK
ALA COURT CRIMINAL APPEALS

**H.W."BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-1628                Houston Circuit Court CC-02-225.60

<u>Ruben Corey McNabb v. State of Alabama</u>

Wise, Judge.

The appellant, Ruben Corey McNabb, appeals from the circuit court's denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala. R. Crim. P., in which he challenged his 2004 conviction for first-degree robbery.[1]

---

[1]McNabb's first trial ended in a mistrial on February 14, 2003. He was retried on February 10, 2004 and found guilty as charged. McNabb appealed his conviction and sentence to this Court on November 19, 2004, alleging that the trial court improperly denied his request for a copy of a transcript of his first trial which ended in a mistrial. We affirmed the

1

On March 8, 2005, McNabb filed the instant Rule 32 petition. In his petition, McNabb stated on the Rule 32 form that: (1) the Constitution of the United States or of the State of Alabama requires a new trial, a new sentencing proceeding, or other relief; (2) the Court was without jurisdiction to render the judgment or to impose the sentence; and (3) the sentence imposed exceeds the maximum authorized by law. In his attachment to the Rule 32 form, McNabb stated that his trial counsel was ineffective and that his sentence exceeded the maximum authorized by law. On April 5, 2005, the trial court summarily dismissed McNabb's petition.

On appeal, McNabb claims that the trial court abused its discretion when it denied his Rule 32 petition. McNabb specifically claims as grounds for his illegal sentence that the trial court never adjudicated him as an habitual felony offender; thus, his sentence exceeded the maximum allowed by law. He also contends that his trial counsel was ineffective for failing to object to the trial court's alleged failure to adjudicate him as an habitual offender.

I.

McNabb contends that because the State never produced certified copies of his prior felony convictions his sentence exceeded the maximum legal sentence for first-degree robbery.

The State contends that this non-jurisdictional issue is precluded from review because McNabb failed to object to the use of the prior convictions at the sentencing hearing or on direct appeal. See Rule 32.2(a)(3) and (5), Ala. R. Crim. P.; Nichols v. State, 629 So.2d 51, 57-58 (Ala. Crim. App. 1993) (the failure to object in the trial court to the State's method of proving prior convictions precludes further consideration of that issue on direct appeal). Because this issue is waivable on appeal, it does not involve depriving the trial court of its jurisdiction; thus, this issue is not jurisdictional. Nichols, 629 So.2d at 57 (a procedural requirement can be waived by defendant's failure to object; a

---

trial court's judgment by unpublished memorandum. See McNabb v. State (No. CR-03-1141), ___ So. 2d ___ (Ala. Crim. App. 2004)(table).

2

jurisdictional matter is not subject to waiver); <u>Ex parte</u> <u>Thomas</u>, 549 So.2d 95 (Ala.1989) (Rule 32 petition asserting a claim of improper enhancement under the HFOA was not meritorious because such an issue is properly raised on direct appeal, rather than in a Rule 32 petition).

Moreover, McNabb admitted that he had four or five felony convictions. For sentencing, the trial court relied upon three of those prior felony convictions.[2] (Direct Appeal, C. 123; R. 365). As an habitual felony offender with three prior felony convictions, the range of punishment available to the trial court was life imprisonment or life imprisonment without the possibility of parole. The trial court was well within its discretion, pursuant to § 13A-5-9(c)(3), Ala. Code 1975, when it sentenced McNabb to a term of life imprisonment without the possibility of parole. Thus, McNabb's various claims regarding the legality of his sentence or of the court's authority to impose that sentence are without merit.

II.

McNabb claims that his trial counsel was ineffective for his failure to object when the trial court imposed a sentence which allegedly exceeded the maximum authorized by law. Based on our analysis herein, his claim is without merit.

In <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. Counsel's performance is viewed objectively; therefore, a defendant's subjective satisfaction with counsel's performance is irrelevant in determining whether counsel was ineffective. As stated in Section I, McNabb admitted to at least three prior felony convictions -- actually four or five. The trial court exercised his discretion, pursuant to the habitual felony offender act and sentenced McNabb to imprisonment for a term

---

[2]This Court may take judicial notice of its own records. See <u>Hull v. State</u>, 607 So. 2d 369, 371 (Ala. Crim. App. 1992).

3

of life without the possibility of parole. Given the existence of at least three prior felony convictions, such a sentence is legally proper; thus, the failure to make an objection at sentencing does not constitute ineffective assistance of counsel. Counsel cannot be ineffective for failing to raise a meritless issue. See <u>Patrick v. State</u>, 680 So. 2d 959, 963 (Ala. Crim. App. 1996); <u>Hope v. State</u>, 521 So. 2d 1383, 1386 (Ala. Crim. App. 1988).

For the above-stated reasons, the trial court's dismissal of McNabb's Rule 32 petition is due to be affirmed.

**AFFIRMED.**

McMillan, P.J., and Cobb and Baschab, JJ., concur. Shaw, J., concurs in the result.

4



April 4, 2007. This is a successive petition. The grounds raised were previously raised and should and could have been raised on appeal. The State's Motion for Summary disposition is granted. Petition denied and dismissed.

_[signature]_
Judge

4-6-07: N, D.A, + Deft

27

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

Ruben Corey McNabb,

                               *

                               *

                               *

vs.                               *       Case No. CC-2002-225.61

                               *

                               *

State of Alabama.                *

                               *

## REPLY TO MOTION FOR SUMMARY DISPOSITION

The Chief Assistant District Attorney, Gary R. Maxwell, has attached to his Summary Disposition grounds that do not apply to the Rule 32 sent in by the Petitioner, so Petitioner will not answer that Exhibit-A, and this Court should not adopt the attach Exhibit either.

But Petitioner does answer number 1, 3, 6 and 7 of the A.D.A. answers.

1. The Petitioner fails to state a claim for which relief may be granted.
1.) Petitioner Reply: Petitioner stated in the Rule 32 attachment three(3) grounds, 1, why relief should be granted and petition granted; 2, relief sought, and 3, claim. Whereas each stating that the Court is without jurisdiction to sentence the petitioner by use of youthful offender as prior convictions. Under Rule 20.1(6) A.R.C.P..

3. The grounds alleged in the petition either were raised on appeal or could have been but were not raised on appeal.

2.) Petitioner's reply: Number (3) does not comply when there is an illegal sentence at hand. Where there is so in this Rule 32 petition, which state the illegal sentence. <u>Nagle v. State</u>, 647 So.2d 91 (1994). An adjudication of youthful

offender status may not be considered a prior felony conviction within the meaning of the H.F.O.A. Act 13A-5-9 et seq, Exparte Thomas, 435 So.2d 1324 (1982); Thomas v. State, 445 So.2d 992, N. 1 (Ala. Crim. App. 1984).

6. In the opinion affirming the denial of this earlier petition, the Court of Criminal Appeals ruled:

3.) Petitioner's reply: NOWHERE in the affirminf attachment is there any alleged statement of any kind of a youthful offender Act, the Chief Assistant District Attorney is playing on an old Memorandum to get by the facts at hand that the sentence is illegal by use of youthful offender convictions. See the attached exhibits by petitioner on the back of the Rule 32.

7. The Court went on to say: "Moreover, McNabb admitted that he had four or five felony convictions for sentencing, the trial Court relied on three of those prior felony convictions.

4.) Petitioner's reply: The Court knows that when the A.D.A. office pick the illegal conviction, the sentence can be set aside for resentence at any time, The Petitioner states the following in closing;

Under Alabama Rules of Criminal Procedure jurisdictional claims are not precluded by limitation periods or by the rule against succesive petitions, Beaver v. State, CR-03-1590, 2004 WL 2201303 (Oct 2004). But more importantly Robinson v. State, 562 So.2d 277 which under Rule 20.1(b) provides post conviction relief where the Court was without jurisdiction to render judgment or to impose sentence. So with the said allegation being made only an evidentiary hearing will determine if the sentence exceeds the authority and jurisdiction of the court and sentence must be made viod. Ferguson v. State, [MS. 6 Div. 229, February 2, 1990] and Robinson v. State, 562 So.2d 277.

5.) Petitioner ask this Court not to dismiss this Rule 32 Petition without a hearing to factual evidences.

Submitted this _9th_ day of April 2007.

Ruben Corey McNabb
AIS# 236182  K-28-1A
1000 St. Clair Rd.
Springville, Alabama
35146-5582

## CERTIFICATE OF SERVICE

I Ruben Corey McNabb, Petitioner, hereby certify that I have places a copy of the same in the U.S. Mail, postage prepaid to Gary R. Maxwell, Chief Assistant District Attorney, P.O. Box 1632, Dothan, Alabama 36302. On this _9th_ day of April 2007.

Ruben Corey McNabb
Petitioner

# FILED

APR 1 2 2007

Carla Woodall, Clerk
Houston County, AL

3.

30

IN THE CIRCUIT COURT OF Houston CO., Alabama

Ruben Corey McNabb,
Petitioner, PRO SE,

To: Judge J.M. White

        VERSUS

**FILED**    CC-2002-225.61.

State of Alabama,
Respondent.

APR 16 2007

Carla Woodall
Carla Woodall, Clerk
Houston County, AL

FOR: Second Rule 32 Petition.
Filed 3-21-07.
Denied 4-4-07.
Certified Mail Number
7006 0810 0003 6771 1849

# MOTION FOR RECONSIDERATION

Comes Now McNabb And moves this court
to Reconsider the Denial of his Rule 32
petition based on the Attached Additional
Facts Submitted by the Respondent in the
First Rule 32 petition AND the Facts AND
Law Found by the Federal Court.

1) In the Respondents Answer Attached hereto
on pages 6-7, the State Admits McNabb Can
file A Second Rule 32 petition Raising this
Same claim. The Respondent Also Admits the
claim is Jurisdictional.

Page 1 of 2

2) Also see the Attached Federal Court Order with Respect to the first Rule 32 petition where the Magistrate Judge Also states he can raise the claim in a second petition.

## Conclusion

Wherefore based on these Additional facts this motion is due to be Granted and McNabb is due a New Sentence hearing. The failure to entertain this matter will Result in a Miscarriage of Justice.

## Certificate of Service

McNabb does hereby certify on the below date that he has served a copy of the forgoing upon the District Attorney, P.O. Box 1682, Dothan, Alabama USA 36302 by placing the same in the U.S. Mail first class postage prepaid.

Attachments

Respectfully Submitted,
Ruben Corey McNabb
#236182   (K2-28-1A)
1000 St. Clair Road
Springville, Alabama
USA 35146-5582

Page 2 of 2.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RUBEN C. MCNABB,    )
           )
   Petitioner,    )
           )  CIVIL ACTION NO.
v.          )  05-0736-WS-M
           )
RALPH HOOKS,    )
           )
   Respondent.   )

## ANSWER

Comes now Respondent, by and through the Attorney General of Alabama, to respond to the Order to Show Cause issued by this Honorable Court on January 30, 2006.

## PROCEDURAL HISTORY

The Houston County Grand Jury indicted the petitioner, Ruben McNabb, on August 30, 2001, for first-degree robbery, a violation of Section 13A-8-41(a)(1) of the Code of Alabama (1975). (C. 1)   McNabb was tried on the charge, but the trial ended in a mistrial on February 14, 2003. (C. 4)

McNabb's attorney filed a motion for extraordinary expenses and asked for funds to purchase a transcript of the mistrial. Counsel alleged that the transcript was necessary for cross-examination and rebuttal of witness testimony at the new trial. That motion was denied. (C.79, 82)

McNabb was tried again on February 10-11, 2004, and the jury returned a verdict of guilty on the first-degree robbery charge. (R. 2, 356) McNabb was sentenced as an habitual offender to life imprisonment without the possibility of parole.

The Alabama Court of Criminal Appeals affirmed the conviction on November 19, 2004. McNabb v. State, CR-03-1141, (Ala. Crim. App. Nov. 19, 2004) (Mem. op.). McNabb's application for rehearing was overruled on December 10, 2004. On February 11, 2005, the Supreme Court of Alabama denied McNabb's petition for writ of certiorari, and the Certificate of Judgment was entered on February 14, 2005.

On March 8, 2005, McNabb filed a petition under Rule 32 of the Alabama Rules of Criminal Procedure in the Houston County Circuit Court. The petition was denied on April 5, 2005. The Alabama Court of Criminal Appeals affirmed the denial on August 5, 2005. McNabb v. State, CR-04-1628 (Ala. Crim. App. Aug. 5, 2005) (Mem. op.). His petition for writ of certiorari filed in the Supreme

2

Court of Alabama was denied on November 10, 2005. The Certificate of Judgment was issued on November 14, 2005.

# ISSUES RAISED IN THE FEDERAL HABEAS PETITION

McNabb alleged the following claims in his federal petition:

1)  The state court was without jurisdiction to sentence him as a habitual offender because the previous convictions used to enhance the sentence were youthful offender convictions;

2)  He was denied effective assistance of counsel because his attorney failed to object to the sentencing under the Habitual Felony Offender Act when the youthful offender convictions were used.

# CLAIMS RAISED ON DIRECT APPEAL

I.  "Whether the Court erred by refusing to grant funds for McNabb to purchase a transcript of the prior trial."

# CLAIMS RAISED IN THE RULE 32 PETITION

(1) "The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief;

(2) The court was without jurisdiction to render the judgment or to impose the sentence;

3

(3)    The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law."

4)    McNabb also alleged that his trial counsel was ineffective and that his sentence exceeded the maximum authorized by law. (C.4-5, 13-15)

On appeal, McNabb raised the following claims:

1)    He contended that the trial court never adjudicated him to be an habitual felony offender and, as a result, his sentence exceeded the maximum authorized by law.

2     McNabb contended that his trial counsel was ineffective for failing to object to the trial court's alleged failure to adjudicate him an habitual felony offender.

## EXHAUSTION OF CLAIMS RAISED IN THE FEDERAL HABEAS PETITION

### (A)

### MCNABB HAS NOT PROPERLY EXHAUSTED THE CLAIMS RAISED IN THIS PETITION.

The claims raised by McNabb in his federal habeas petition are not exhausted because he did not raise the precise claims in the Rule 32 petition that he now raises in his federal petition. In his Rule 32 petition, McNabb only alleged that the trial court was without jurisdiction to sentence him as an habitual offender because it never adjudicated him as an habitual offender, and alleged that the State failed to produce certified copies of his previous convictions. He also only alleged

36

4

that trial counsel was ineffective because he failed to object when the trial court sentenced him as an habitual offender.

McNabb never alleged in state court that the court had used previous youthful offender adjudications instead of convictions to enhance his sentence as an habitual offender. Furthermore, he did not allege in state court that his counsel was ineffective for failure to object to the court's use of youthful offender adjudications to sentence him as an habitual offender.

McNabb's federal claims cannot be considered exhausted because the precise claims that he raises in his federal petition were not raised in state court. Under the Anti-Terrorism and Effective Death Penalty Act, specifically Title 28 U.S.C. §2254(b)(1)(A), "an application for writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted remedies available in the courts of the State."

Because McNabb's federal habeas claims are not the exact legal claims presented to the state courts, his federal habeas claims have not been exhausted. In Duncan v. Henry, 513 U.S. 364, (1995), the Supreme Court indicated that a defendant has to present his claim as a violation of federal constitutional law when he raises the claim in state court. "[E]xhaustion of state remedies requires that petitioners fairly presen[t] federal claims to the state courts in order to give the

5

State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. (some internal quotation marks omitted)." Id. at 365.

"The applicable law requires that a habeas corpus petitioner present 'the substance of a federal habeas corpus claim' to the state courts. However, it is not required that the petitioner present book and verse on the federal constitution.... [I]t is the substance of the claim that the court looks to in analyzing whether a federal claim has been voiced." Blanco v. Singletary, 943 F.2d 1477, 1499 (11th Cir. 1991), quoting Hutchins v. Wainwright, 715 F.2d 512, 519 (11th Cir.1983). It is clear that McNabb failed to raise the substance of his federal claim during the Rule 32 proceedings.


## MCNABB HAS A VALID REMEDY IN WHICH TO RAISE THE CLAIMS IN STATE COURT

Although McNabb has filed a previous Rule 32 petition, he may still raise his claim in a second petition. The successive petition rule does not prevent a petitioner from raising a jurisdictional claim.  "Jurisdictional claims are not precluded by the limitations period or by the rule against successive petitions." Beavers v. State, CR-03-1590, 2004 WL 2201303, at *2 (Ala. Crim. App. Oct. 1, 2004); See also Jones v. State, 724 So. 2d 75, 76 (Ala. Crim. App. 1998).

6

"Youthful offender adjudications are not to be considered prior convictions when sentence is imposed under the provisions of the Habitual Felony Offender Act." <u>Pickens v. State</u>, 475 So. 2d 637, 639 (Ala. Crim. App. 1985). See also <u>Ex parte Dixon</u>, 804 So. 2d 1075, 1077- 1078 (Ala. Sep. 01, 2000) ("We hold that a prior youthful offender adjudication is properly considered in determining the sentence to be imposed within the statutory range for a later crime for which the defendant has been convicted. That same youthful offender determination, however, may not be considered a prior felony conviction, as contemplated by the Habitual Offender Act ...."). The state courts view the improper use of youthful offender adjudications to enhance sentences as a jurisdictional issue. *See* <u>Hardy v. State</u>, 709 So. 2d 490, 491 (Ala. Crim. App. 1995) ("Furthermore, Hardy's claim that his sentences are excessive cannot be procedurally barred by Rule 32.2(a) (5). It arguably falls within the ground expressly exempt from that procedural bar: "The court was without jurisdiction ... to impose sentence." Rule 32.1(b). If in fact one of the prior convictions is a youthful offender adjudication, his sentences are outside the limits prescribed by statute...").

McNabb has not exhausted his state remedies because he can present his sentencing claim in a second Rule 32 petition and, therefore, his federal habeas petition should be dismissed. This Court may not hold the petition in abeyance pending the outcome of the Rule 32 petition because McNabb has not shown good

7

cause why he failed to exhaust his precise claims before he filed his federal petition.

> "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and [A]beyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."

Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005).

Because McNabb's claims are unexhausted, the Court should dismiss the petition instead of holding it in abeyance while McNabb presents his specific claims to the state court.

## EXHIBITS

1)   Copy of trial transcript, Exhibit A;

2)   McNabb's brief on appeal, Exhibit B;

3)   Copy of State's brief on appeal, Exhibit C;

4)   Opinion on direct appeal, Exhibit D;

5)   Copy of Rule 32 transcript, Exhibit E;

6)   McNabb's brief on appeal, Exhibit F;

8

7)    Copy of State's brief on appeal, Exhibit G;

8)    Copy of Opinion on Rule 32 proceeding, Exhibit H;

Respectfully submitted,

Troy King – KIN047
*Attorney General*
State of Alabama


s/James B. Prude
James B. Prude (PRU005)
Assistant Attorney General

9

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>1st</u> day of May, 2006, I electronically filed the foregoing (including exhibits B-H and excluding exhibit A, a 3-volume transcript which will be sent under separate cover) with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing (including exhibits) to the following non-CM/ECF participants: <u>Ruben McNabb, AIS #236182, St. Clair Correctional Facility, 1000 St. Clair Rd, Springville, AL 35146-9790.</u>

s/James B. Prude
James B. Prude (PRU005)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  JPrude@ago.state.al.us

126882/91408-001

10

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RUBEN COREY McNABB, #236182,        )
                                    )
        Petitioner,                 )
                                    )
    v.                              )        CIVIL ACTION NO. 1:06-CV-530-MEF
                                    )
RALPH HOOKS, et al.,                )
                                    )
        Respondents.                )

## ORDER

In their answers filed with this court, the respondents argue that the petitioner,

Rueben Corey McNabb ["McNabb"] has failed to exhaust state remedies with respect to

the claims now pending before this court.  Specifically, the respondents maintain that

McNabb may present his challenge to the enhancement of his sentence with alleged

youthful offender convictions in a petition filed pursuant to Rule 32 as such a claim is

jurisdictional in nature and, therefore, not barred by applicable state procedural limitations.

*Respondents' Answer* at 6-7 (The issue raised is considered a jurisdictional issue by the

state courts and is therefore not precluded by the state limitations period or the rule against

successive petitions.); *Respondents' Supplemental Answer* at 3-7 (Although McNabb raised

a challenge to the enhancement of his sentence by use of youthful offender convictions in

an application for rehearing and petition for writ of certiorari, he did so without first

presenting the claim in his initial brief on direct appeal.  Because state rules of appellate

procedure "generally preclude review of claims raised for the first time in an application

43

for rehearing, [McNabb] failed to present the claim in a posture that allowed the courts to review the claim on the merits." Thus, neither the Alabama Court of Criminal Appeals nor the Alabama Supreme Court addressed the issue and, "this claim was not properly exhausted in state court. . . . McNabb may still present this claim in a Rule 32 petition because it raises a jurisdictional issue that is not precluded from review as a successive petition or under the limitation period contained in Rule 32.2(b) and (c) of the <u>Alabama Rules of Criminal Procedure</u>.").

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court *shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ...*" 28 U.S.C. § 2254(1)(b)(1)(A) (emphasis added). Upon review of the pleadings filed in this case, it is clear that McNabb has not yet exhausted his available state court remedies with respect to the challenge to his sentence raised in the present habeas petition. Specifically, McNabb may raise his claim in a post-conviction petition filed pursuant to Rule 32. Under the circumstances of this case, the court does not deem it appropriate to rule on the merits of McNabb's claim without first requiring that he exhaust any available state remedy. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, the court finds that a stay of this case is not warranted pending the outcome of any state court collateral proceeding McNabb may file as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005). Accordingly, it is

ORDERED that on or before January 5, 2007 the petitioner shall show cause why his petition should not be dismissed for failure to exhaust a remedy available to him before the state courts.

Done this 21st day of December, 2006.

_____/s/ Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

May 1, 2007. Motion for reconsideration denied
5-2-07 N. 00, dept

IN THE CIRCUIT COURT OF HOUSTON_____, COUNTY ALABAMA

| | | |
|---|---|---|
| Ruben C. MCNABB_____, | § | To: Judge |
| Petitioner/Appellant, pro-se, | § | White_____ |
| | § | |
| versus | § | Case Number'(s) |
| | § | 2002-000225.~~60~~ 61 |
| State of Alabama, | § | For: Robbery  class a |
| Respondent/Appellee. | § | _____ |

## NOTICE OF APPEAL

Comes now Petitioner/Appellant, pro-se, and gives notice of appeal to the Court of Criminal Appeals to the trial court's order denying the petition on __April 4,2007__.

## CERTIFICATE OF SERVICE

On the below date Petitioner/Appellant, does hereby certify that he has served copies of the foregoing attachments to the District Attorney, Court Reporter, Attorney General and the Alabama Court of Criminal Appeals by properly addressing and depositing the same in the institution's internal legal mail system to be processed by the United States post office.

Dated: _May 1,2007_

_____
Notary Public
__8-17-09__
My Commission Expires

Resectfully Submitted,

_____
AIS# 236182   {      }
1000 St. Clair Rd.
Springville, AL  35146

**Attachments:** Reporter's Transcript Order and Docketing Statement.

47

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 26 (front)    8/91. | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br><br>_____ |
|---|---|---|

## A. GENERAL INFORMATION:

☒ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF ___HOUSTON_____ COUNTY

*Ruben C. McNabb* , Appellant

V.   ☒ STATE OF ALABAMA    ☐ MUNICIPALITY OF _____

| Case Number<br>2002-0225.61 | Date of Complaint or Indictment<br>8/30/01 | Date of Judgment/Sentence/Order<br>4/02/07 |
|---|---|---|
| Number of Days of Trial/Hearing<br>n/a   Days | Date of Notice of Appeal<br>Oral: | Written: 5/1/07 |

Indigent Status Requested: ☒ Yes ☐ No        Indigent Status Granted: ☒ Yes ☐ No

## B. REPRESENTATION:

Is Attorney Appointed or Retained? ☐ Appointed ☐ Retained.    If no attorney, will appellant represent self? ☒ Yes ☐ No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)<br><br>RUBEN C .MCNABB | Telephone Number<br><br>N/a |
|---|---|
| Address<br>1000 St. Clair rd. | City<br>Springville | State<br>Al. | Zip Code<br>35146-5582 |

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant<br>none | Case Number |
|---|---|
| Codefendant<br>none | Case Number |
| Codefendant<br>none | Case Number |

## D. TYPE OF APPEAL: Please check the applicable block.

1 ☒ State Conviction        4 ☐ Pretrial Order            7 ☐ Juvenile Transfer Order      10 ☐ Other (Specify)
2 ☐ Post-Conviction Remedy   5 ☐ Contempt Adjudication     8 ☐ Juvenile Delinquency          _____
3 ☐ Probation Revocation     6 ☐ Municipal Conviction      9 ☐ Habeas Corpus Petition        _____

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____        6 ☐ Trafficking in Drugs - § _____        11 ☐ Fraudulent Practices - § _____
2 ☐ Homicide - § _____               7 ☐ Theft - § _____                       12 ☐ Offense Against Family - § _____
3 ☐ Assault - § _____                8 ☐ Damage or Intrusion                     13 ☐ Traffic - DUI - § _____
4 ☐ Kidnapping/Unlawful                   to Property - § _____                   14 ☐ Traffic - Other - § _____
   Imprisonment - § _____            9 ☐ Escape - § _____                      15 ☐ Miscellaneous (Specify):
5 ☐ Drug Possession - § _____        10 ☐ Weapons/Firearms - § _____              _____ - § _____

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?   ☐ Yes ☒ No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?   ☐ Yes ☒ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____
                                                                                                        (Date)
3. If the answer to question "1" is "No":
   (a)  Will a stipulation of facts be filed with the circuit clerk?   ☒ Yes ☐ No
   (b)  Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  ☐ Yes ☐ No

NOTE:  If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP- 26 (back)   8/91            COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment actions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCP)).

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 3 | 21 | 07 | rule 32 | 4 | 2 | 07 |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

The state of Alabama used youthful offender act cases to enhance the conviction. Under 13-5-9 code of Alabama 1975.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

The state of Alabama can not use the Florida youthful offender act cases to enhance the appellant's convictions. Unser 13a-5-9 code of Alabama 1975. Rule 20.1 (b).

**K. SIGNATURE:**

5/1/07
Date                                            Signature of Attorney/Party Filing this Form

49

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 1C    8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number |
| --- | --- | --- |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

[X] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF    HOUSTON _____ COUNTY

Ruben C. McNabb _____, Appellant

V.  [X] STATE OF ALABAMA  [ ] MUNICIPALITY OF _____

| Case Number<br>2002-0225.61 | Date of Judgment/Sentence/Order<br>4/2/07 | |
| --- | --- | --- |
| Date of Notice of Appeal<br>Oral:                    Written: 5/01/07 | Indigent Status Granted:<br>[X] Yes    [ ] No | |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

_Ruben D. McNabb_  _6/2/7_                    Ruben C. McNabb
Signature                Date                    Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:                                        COURT REPORTER(S)

A. [ ] **TRIAL PROCEEDINGS** - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.  _____

B. [ ] **ORGANIZATION OF THE JURY** - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)  _____

C. [ ] **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)  _____

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

ADDITIONAL PROCEEDINGS REQUESTED                DATE                COURT REPORTER(S)

D. copies of the convictions used for
   enhancement                                _____

E. motion for reconsideration filed 4/12/07   _____

F. _____                            _____

G. _____                            _____

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_Ruben D. McNabb_  _5/2/7_                    Ruben C. McNabb
Signature                Date                    Print or Type Name

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to:  (1) Clerk of the Court of Criminal Appeals;  (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

May 10, 2007 - _[illegible handwriting]_

ACR371                    ALABAMA JUDICIAL DATA CENTER
        NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                      BY THE TRIAL COURT CLERK
              IN THE CIRCUIT COURT OF   HOUSTON COUNTY
STATE OF ALABAMA VS MCNABB RUBEN COREY #23618 JUDGE: JERRY M. WHITE
------------------------------------------------------------------
APPEAL DATE: 05/04/2007

INDIGENCY STATUS:
   GRANTED INDIGENCY STATUS AT TRIAL COURT:          X   YES        NO
   APP  TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:    X   YES        NO
   INDIGENT STATUS REVOKED ON APPEAL:                    YES        NO
   INDIGENT STATUS GRANTED ON APPEAL:                X   YES    X   NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION
------------------------------------------------------------------
THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E. RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 38/CC 2002 000225.61

ORDER ENTERED(DATE): 04042007 PETITION:   DISMISSED  X DENIED   GRANTED
------------------------------------------------------------------
POST-JUDGMENT MOTIONS FILED:    DT FILED      DT DENIED     CON BY AGREE
____ MOTION FOR NEW TRIAL
____ MOTION FOR JUDG. OF ACQUIT   _____      _____       _____
____ MOTION TO W/D GUILTY PLEA    _____      _____       _____
____ MOTION FOR ATTY TO W/DRAW    _____      _____       _____
____ OTHER                        _____      _____       _____
------------------------------------------------------------------
COURT REPORTER(S):                _____
ADDRESS:                          _____

APPELLATE COUNSEL #1:             _____
ADDRESS:                          PRO SE

PHONE NUMBER:                                           00000
EMAIL ADDRESS:                    000-000-0000

APPELLATE COUNSEL #2:             _____
ADDRESS:                          _____

PHONE NUMBER:                     _____
EMAIL ADDRESS:                    _____

APPELLANT (PRO SE):               MCNABB RUBEN COREY #236182
ADDRESS:                          1000 ST CLAIR RD
                                  SPRINGVILLE    ,  AL  351460000
AIS #:

APPELLEE (IF CITY APPEAL):        _____
ADDRESS:                          _____
                                  _____
------------------------------------------------------------------
I CERTIFY THAT THE INFORMATION PROVIDED                OPERATOR: RHM
ABOVE IS ACCURATE TO THE BEST OF MY           PREPARED: 05/18/2007
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO       _____Carla Woodall_____
THIS ACTION ON THIS 18th DAY OF May ,2007      CIRCUIT COURT CLERK

52

| State of Alabama<br>Unified Judicial System<br><br>From ARAP - 14 Rev. 11 / 91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>_____ |
|---|---|---|

TO: THE CLERK OF
    THE COURT OF CRIMINAL APPEALS OF ALABAMA

| | DATE OF<br>NOTICE OF APPEAL: | 05-04-2007 |
|---|---|---|

APPELLANT

               RUBEN COREY MCNABB

v. STATE OF ALABAMA

---

      I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of ___53___ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

    I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

    DATED this ___30TH___ day of _____MAY_____, __2007__ .


                                       CARLA WOODALL
                _____
                Circuit Clerk

## CR-06-1421

## IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

RUBEN McNABB, PRO SE
PETITIONER/APPELLANT,

*Attorney General's Copy*

Vs.

STATE OF ALABAMA,
APPELLEE.

**FILED**

JUN 18 2007

CLERK
ALA COURT CRIMINAL APPEALS

*RULE 32. ON APPEAL FROM THE CIRCUIT COURT
OF HOUSTON COUNTY, ALABAMA
CC-2002-225.61*

## BRIEF AND ARGUMENT OF APPELLANT

## NO ORAL ARGUMENT REQUESTED

Ruben McNabb
AIS 236182    {K2-28-1A}
1000 St. Cliar Rd.
Springville, Alabama
35146-5582

— Exhibit J —

# TABLE OF CONTENTS

**PAGE #**

Table of Contents . . . . . . . i.

Table of Authorities . . . . . . ii.

Statement of the Case . . . . . . 1.

Issue Presented For Review . . . . 1.

Statement of the Facts . . . . . . 1.

Standard of Review . . . . . . . 2.

Summary of the Argument . . . . . 3.

Argument . . . . . . . . 3-4.

Conclusion . . . . . . . . 4.

Certificate of Service . . . . . . 4.

i.

## TABLE OF AUTHORITIES

### CASES

Beavers    v.    State,    CR-03-1590,    2004    WL    2201303
(Ala.Crim.App. Oct. 1, 2004)

Ex parte Heaton, 542 So. 2d 931, 933 (Ala. 1989)

Grady v. State, 831 So. 2d 646, 647 (Ala.Crim.App. 2001)

Strickland v. State, 771 So. 2d 1123, 1125 (Ala. 1999)

State v. Jude, 685 So. 2d 528, 530 (Ala.Crim.App. 1996)

Dobyne v. State, 805 So. 2d 733, 741 (Ala.Crim.App. 2000)

Ex parte White, 792 So. 2d 1097, 1098 (Ala. 2001).

Pickens v. State, 475 So.2d 637, 639 (Ala.Crim.App. 1985)

Ex parte Dixion, 804 So.2d 1075, 1077-1078 (Ala. 2000)

Jones v. State, 724 So.2d 75, 76 (Ala.Crim.App. 1998)

### STATEMENT OF CASE

McNabb filed a Rule 32 petition challenging the trial court's jurisdiction to impose sentence **C. 4-20**. The D.A. responded **C. 21-26**. The court denied the petition **C. 27**. McNabb filed a motion for reconsideration **C. 31-45**. The court denied the motion **C. 46**.

### ISSUE PRESENTED FOR REVIEW

Whether Or Not The Trial Court Abused It's Discretion When It Denied The Petition?

### STATEMENT OF FACTS

McNabb filed a second petition because the Attorney General requested and Federal Court ORDERED him to re-file his jurisdictional claim back into state court **C. 43**. McNabb claims three of the prior felony convictions used for sentencing enhancement under the H.F.O.A. are youthful offender convictions from the state of Florida **C. 12**. McNabb's claim is supported by the evidence **C. 15-17**.

1.

## STANDARD FOR REVIEW

The denial of a Rule 32 petition is reviewed under the abuse of discretion standard and if the circuit court's decision is correct for any reason, even if not stated, this court will not reverse the lower court. <u>Ex parte Heaton</u>, 542 So. 2d 931, 933 (Ala. 1989); <u>Grady v. State</u>, 831 So. 2d 646, 647 (Ala.Crim.App. 2001), <u>Strickland v. State</u>, 771 So. 2d 1123, 1125 (Ala. 1999), <u>cert. denied</u>, 771 So. 2d 1129 (Ala. 1999). An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law or if there is no evidence in the record to rationally support the decision. <u>State v. Jude</u>, 685 So. 2d 528, 530 (Ala.Crim.App. 1996), <u>cert. quashed</u>, 686 So. 2d 536 (Ala. 1996).

Findings of fact are reviewed under the clearly erroneous standard. <u>Dobyne v. State</u>, 805 So. 2d 733, 741 (Ala.Crim.App. 2000). "When the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 petition is de novo." <u>Ex parte White</u>, 792 So. 2d 1097, 1098 (Ala. 2001).

2.

## SUMMARY OF THE ARGUMENT

The trial court abused it's discretion when it denied the petition because the petition is based on correct law and valid evidence.

## ARGUMENT

Youthful offender adjudication's are not be considered prior convictions when sentence is imposed under the provisions of the H.F.O.A…. SEE: **Pickens v. State**, 475 So.2d 637, 639 (Ala.Crim.App. 1985); see also **Ex parte Dixion**, 804 So.2d 1075, 1077-1078 (Ala. 2000), <u>C. 39</u>. Also, "jurisdictional claims are not to be precluded by the limitations period or by the rule against successive petitions." **Beavers v. State**, CR-03-1590, 2004 WL 2201303, @ 2 (Ala.Crim.App. Oct. 1, 2004); see also **Jones v. State**, 724 So.2d 75, 76 (Ala.Crim.App. 1998), <u>C. 38</u>.

Lastly, the evidence is undisputed and unrefuted. The evidence qualifies Mcnabb's admission that he had four or five prior [Youthful Offender] felony convictions. Had the D.A. at sentencing provided the court with evidence or McNabb's lawyers or the court asked him if they were

3.

prior adult convictions, the none of this would have happened.

## CONCLUSION

WHEREFORE, based on the law and evidence, McNabb is due a new sentence proceeding.

## CERTIFICATE OF SERVICE

On the below date McNabb has served two copies of the foregoing upon the appellate clerk, for him to place one copy into the Attorney General's Mail Box for service.

Date:
6/18/7

Respectfully Submitted,

Ruben Corey McNabb

4.

CR-06-1421

## In the COURT of CRIMINAL APPEALS of ALABAMA

———————◆———————

RUBEN COREY MCNABB,

*Appellant,*

v.

STATE OF ALABAMA,

*Appellee.*

———————◆———————

*On Appeal from the Circuit Court of Houston County*
*(CC-02-225.61)*

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

P. David Bjurberg
*Assistant Attorney General*

James B. Prude
*Assistant Attorney General*
Counsel of Record*

Attorneys for Appellee
Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300*
jprude@ago.state.al.us

July 24, 2007

— Exhibit K —

## STATEMENT REGARDING ORAL ARGUMENT

The State does not believe that oral argument will materially assist the Court in deciding the issue presented in this case.

**TABLE OF CONTENTS**

STATEMENT REGARDING ORAL ARGUMENT .......................... i

TABLE OF CONTENTS ....................................... ii

TABLE OF AUTHORITIES .................................. iii

STATEMENT OF THE CASE ................................... 1

STATEMENT OF THE ISSUE .................................. 3

STATEMENT OF THE FACTS .................................. 4

STATEMENT OF THE STANDARD OF REVIEW ..................... 4

SUMMARY OF THE ARGUMENT ................................. 4

ARGUMENT ............................................... 5

  This Court Should Remand The Case Back To The Circuit
  Court For That Court To Determine If The Previous
  Convictions Used To Enhance McNabb's Convictions
  Were Youthful Offender Adjudications And To Enter
  The Certified Records Of The Previous Convictions
  Into The Record For Appellate Review ................... 5

CONCLUSION ............................................. 8

CERTIFICATE OF SERVICE ................................. 9

## TABLE OF AUTHORITIES

**Cases**

Lucious v. State, 879 So. 2d 1216 (Ala. Crim. App.
  2003) ........................................... 6

**Other Authorities**

Code of Alabama (1975)

  § 13A-5-9 ........................................ 5

## STATEMENT OF THE CASE

Petitioner, Ruben Corey McNabb, filed this Petition For Relief From Conviction Or Sentence Pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, in the Houston County Circuit Court on March 21, 2007, challenging his conviction for first-degree robbery obtained in that court on February 11, 2004. McNabb was sentenced to life without the possibility of parole on March 24, 2004. (C. 4) This Court affirmed the conviction on November 19, 2004. McNabb v. State, CR-03-1141 (Ala. Crim. App. Nov. 19, 2004) (Mem. Op.). McNabb filed a Rule 32 petition on March 8, 2005, which was denied on April 5, 2005. This Court affirmed the denial of that petition on August 5, 2005. McNabb v. State, CR-04-1628 (Ala. Crim. App. Aug. 5, 2005) (Mem. Op.).

McNabb filed a habeas corpus petition in the United States District Court for the Middle District of Alabama and that court entered a Show Cause Order to the State of Alabama on January 30, 2006. In that petition, McNabb alleged that the state court had enhanced his sentence on the robbery conviction with previous youthful offender adjudications from the State of Florida. (C. 35) The

district court dismissed the petition and ordered McNabb to

exhaust this claim by presenting it to the state courts

before proceeding on the claim in federal court.  (C. 43)

In this petition, McNabb alleges that the sentence

imposed exceeds the maximum authorized by law, or is

otherwise not authorized by law.  (C. 8) He also alleged

that he was denied effective assistance of counsel.  (C. 8)

In the petition, McNabb again alleges that three of the

previous felony convictions from the State of Florida that

were used to enhance his sentence under the Habitual Felony

Offender Act were actually youthful offender convictions.

(C. 12)

On April 2, 2007, the State filed a Motion for Summary

Disposition.  The State alleged that the petition failed to

state a claim for which relief may be granted, and that the

claims were either raised at trial or on appeal, or could

have been raised at trial or on appeal.  (C. 21) The State

also alleged that the grounds stated do not constitute

newly discovered evidence.  (C. 21)  The State also alleged

that this claim was raised in the previous petition filed

on March 8, 2005, and that this Court had ruled that the

claim was procedurally barred because McNabb had failed to

2

object in the trial court to the State's method of proving

previous convictions.   (C. 21) The State also alleged that

this Court ruled that McNabb had admitted to four or five

felony convictions.   (C. 22)

On April 4, 2007, Circuit Judge Jerry M. White denied

relief.   (C. 27) The court found the petition to be

successive, and that the claims could have been raised on

appeal.   (C. 27)

On May 1, 2007, McNabb filed a Notice of Appeal.   (C.

47)


### STATEMENT OF THE ISSUE


Whether this Court should remand the case back to the

circuit court for that court to determine if the previous

convictions used to enhance McNabb's convictions were, in

fact, youthful offender adjudications, and to enter the

certified records of the previous convictions into the

record for appellate review?

3

## STATEMENT OF THE FACTS

The Statement of the Case contains essentially the facts of the proceedings in the trial court.  The Statement of the Case is hereby adopted as the Statement of the Facts.

## STATEMENT OF THE STANDARD OF REVIEW

The standard of review is whether the trial court abused its discretion by denying the petition.  "The standard of review on appeal in a post conviction proceeding is whether the trial judge abused his discretion when he denied the petition."  Strickland v. State, 771 So. 2d 1123, 1125 (Ala. Crim. App. 1999), citing Ex parte Heaton, 542 So. 2d 931 (Ala. 1989).

## SUMMARY OF THE ARGUMENT

This Court should remand this case back to the circuit court for it to determine if McNabb's sentence on the first-degree robbery conviction was enhanced with youthful offender adjudications instead of previous felony convictions.

4

**ARGUMENT**

**This Court Should Remand The Case Back To The Circuit Court For That Court To Determine If The Previous Convictions Used To Enhance McNabb's Convictions Were Youthful Offender Adjudications And To Enter The Certified Records Of The Previous Convictions Into The Record For Appellate Review.**

McNabb alleges that the previous convictions from the State of Florida that were used to enhance his sentence constituted youthful offender adjudications, not felony convictions as required by the Habitual Felony Offender Act contained in section 13A-5-9 of the Code of Alabama (1975). (McNabb's brief, page 3) Because the appellate record is inconclusive on whether the previous convictions were given youthful offender status, this Court should remand the case for the trial court to rule on this issue, and to place into the appellate record the State's exhibits containing information about the previous convictions.

The record filed on direct appeal of the conviction indicated that the State presented to the court exemplified copies of previous felony convictions for possession of cocaine with the intent to distribute. (R. 365) McNabb also

5

admitted to the previous felonies. (R. 366)[1]  However, the

copies of the records of the previous convictions were not

made a part of the record on direct appeal, or record on

this appeal from the denial of this petition. McNabb

alleges that the previous convictions were, in fact,

youthful offender adjudications.

"A youthful-offender adjudication cannot be used as a

prior conviction to enhance a sentence under the Habitual

Felony Offender Act." Lucious v. State, 879 So. 2d 1216,

1217 (Ala. Crim. App. 2003), citing Hardy v. State, 709 So.

2d 490 (Ala. Crim. App. 1995). The appellate record on

direct appeal contain the list of the previous felony

convictions the State sought to introduce at trial, but the

list of convictions does not show if McNabb committed the

felonies as a juvenile or whether he was granted youthful

status. (C. 125) The appellate record on direct appeal

contains the Exemplification Certificate only on Case#

CR092-11635. (C. 159) The Case Action Summary Sheet lists

McNabb's date of birth as July 25, 1975. (C. 1, 125) It is

possible that McNabb was less than twenty-one years of age

---

[1] "This court may properly take judicial notice of its own
records." Arthur v. State, 711 So. 2d 1031, 1043 (Ala.
Crim. App. 1996); Riddle v. State, 669 So. 2d 1014, 1016
(Ala. Crim. App. 1994).

6

## CONCLUSION

There is nothing in the record on direct appeal or on appeal of this Rule 32 petition that supports McNabb's claim that his previous convictions from the State of Florida were given youthful offender status. However, out of an abundance of caution, this Court should remand the case to the circuit court for it to rule on the merits of the claim and to place the State's exhibits that contain records of the previous convictions into the record for appellate review. Because McNabb argued a fact that, if true, would entitle him to relief, this Court should remand this case for the circuit court to determine and to make a specific finding as to whether the prior convictions used to enhance McNabb's sentence were, in fact, youthful-offender adjudications. See Lucious, Id. at 1218.

Respectfully submitted,

Troy King
*Attorney General*

_____

James B. Prude
*Assistant Attorney General*

8

## CERTIFICATE OF SERVICE

I hereby certify on this <u>24th</u> day of July, 2007, I
served a copy of the foregoing on McNabb, by placing the
same in the United States Mail, first class, postage
prepaid and addressed as follows:

> Ruben Corey McNabb
> AIS# 236182 K2-28-1A
> St. Clair Correctional Facility
> 1000 St. Clair Rd
> Springville, Al 35146-5582


_____
James B. Prude
Assistant Attorney General


ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
297710/109008-001

9

**CONCLUSION**

There is nothing in the record on direct appeal or on appeal of this Rule 32 petition that supports McNabb's claim that his previous convictions from the State of Florida were given youthful offender status. However, out of an abundance of caution, this Court should remand the case to the circuit court for it to rule on the merits of the claim and to place the State's exhibits that contain records of the previous convictions into the record for appellate review. Because McNabb argued a fact that, if true, would entitle him to relief, this Court should remand this case for the circuit court to determine and to make a specific finding as to whether the prior convictions used to enhance McNabb's sentence were, in fact, youthful-offender adjudications. See Lucious, Id. at 1218.

Respectfully submitted,

Troy King
*Attorney General*

/s/James B. Prude
James B. Prude
*Assistant Attorney General*

8

**CERTIFICATE OF SERVICE**

I hereby certify on this <u>24th</u> day of July, 2007, I electronically filed the foregoing and served a copy on McNabb, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

      Ruben Corey McNabb
      AIS# 236182 K2-28-1A
      St. Clair Correctional Facility
      1000 St. Clair Rd
      Springville, Al 35146-5582

               <u>/s/James B. Prude</u>
               James B. Prude
               Assistant Attorney General

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
297710/109008-001

9

REL08/31/07

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# ALABAMA COURT OF CRIMINAL APPEALS

## OCTOBER TERM, 2006-2007

---

### CR-06-1421

---

#### Ruben Corey McNabb

#### v.

#### State of Alabama

#### Appeal from Houston Circuit Court
#### (CC-02-225.61)

BASCHAB, PRESIDING JUDGE

On February 11, 2004, the appellant, Ruben Corey McNabb, was convicted of first-degree robbery. On March 24, 2004, the trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole. <u>See</u>



CR-06-1421

§13A-5-9(c), Ala. Code 1975. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on February 14, 2005. See <u>McNabb v. State</u>, (CR-03-1141) 923 So. 2d 349 (Ala. Crim. App. 2004) (table). On or about March 21, 2007, the appellant filed a Rule 32 petition, challenging his sentence. After the State responded, the circuit court summarily denied the petition. This appeal followed.

The appellant argues that his sentence exceeds the maximum authorized by law or is otherwise not authorized by law. Specifically, he contends that "[t]hree of the prior felony convictions from the State of Florida are actually Youthful Offender Convictions, under the Florida Youthful Offender Act 958.04(4), and cannot be used for sentencing enhancement under the Habitual Felony Offender Act to sentence Petitioner to life without parole." (C.R. 12.) The State concedes that we should remand this case for the circuit court to determine whether some of the prior convictions that were used to enhance the appellant's sentence were actually youthful offender adjudications.

"[A] youthful offender adjudication cannot be used to enhance a sentence under the HFOA. See <u>Ex Parte Thomas</u>, 435

2

CR-06-1421

So. 2d 1324 (Ala. 1982)." Grier v. State, 825 So. 2d 873, 875 (Ala. Crim. App. 2001). Therefore, the appellant's argument may be meritorious. Accordingly, we remand this case to the circuit court with instructions that it make specific, written findings of fact concerning the appellant's argument. On remand, the circuit court may require the State to respond more specifically to the appellant's argument and/or may conduct an evidentiary hearing. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court's written findings of fact and, if applicable, the State's response and/or a transcript of the evidentiary hearing.

REMANDED WITH INSTRUCTIONS.

McMillan, Shaw, Wise, and Welch, JJ., concur.

109008
Prude

COURT OF CRIMINAL APPEALS NO. _____    CR-06-1421

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

CIRCUIT COURT OF _____HOUSTON_____ COUNTY, ALABAMA

CIRCUIT COURT NO _____CC 2002-225.61_____

CIRCUIT JUDGE _____JERRY M. WHITE_____

Type of Conviction/ Order Appealed From: _____RULE 32 PETITION - RETURN TO REMAND_____

Sentence Imposed: _____

Defendant Indigent:    ☑ YES    ☐ NO

## RUBEN COREY MCNABB

NAME OF APPELLANT

PRO-SE _____    #236182 _____

(Appellant's Attorney)    (Telephone No.)

1000 ST CLAIR RD

(Address)

SPRINGVILLE,        AL        35146

(City)        (State)        (Zip Code)

### V.

## STATE OF ALABAMA

NAME OF APPELLEE

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

_____

_____

_____

(For Court of Criminal Appeals Use Only)

EXhibit M

CLERK'S INDEX

RETURN TO REMAND

CASE ACTION SUMMARY                                          1-2

ORDER FROM COURT OF CRIMINAL APPEALS REMANDING CASE          3-5
WITH INSTRUCTIONS.

ORDER ON REMAND FROM COURT OF CRIMINAL APPEALS               6

CERTIFICATE OF COMPLETION                                    7

```
ACRO372              ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2002 000225.61
OPER: RHM                      CASE ACTION SUMMARY
●E:    1                        CIRCUIT  CRIMINAL           RUN DATE: 03/24/2007
================================================================================
IN THE CIRCUIT COURT OF  HOUSTON                                     JUDGE: JMW
STATE  OF  ALABAMA                  VS      MCNABB RUBEN COREY #23618
CASE: CC 2002 000225.61                     1000 ST CLAIR RD
                                            SPRINGVILLE, AL  35146 0000
DOB: 07/25/1975          SEX: M  RACE: B  HT: 6 00  WT: 197   HR: BLK EYES: BRO
SSN: 264654614  ALIAS NAMES:
================================================================================
CHARGE01: RULE 32-FELONY         CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE: 06/07/2001                 AGENCY/OFFICER: 0380100 SINGLET

DATE WAR/CAP ISS:                        DATE ARRESTED: 02/05/2002
DATE    INDICTED: 08/30/2001             DATE   FILED: 03/21/2007
DATE    RELEASED:                        DATE  HEARING:
BOND        AMOUNT:          $.00        SURETIES:

DATE 1:          DESC:                   TIME: 0000
DATE 2:          DESC:                   TIME: 0000

TRACKING NOS:                    /                      /
   DEF/ATY: PRO SE                  TYPE: P                      TYPE:

                     00000                        00000
PROSECUTOR: VALESKA DOUGLAS A
================================================================================
OTH CSE:   000000000000 CHK/TICKET NO:                 GRAND JURY: 000000027
COURT REPORTER:                   SID NO:    000000000
DEF STATUS: JAIL                  DEMAND: Y                    OPER: RHM
●E          ACTIONS,  JUDGEMENTS,  AND NOTES
================================================================================
```

| | |
|---|---|
| 03-21-07 | Free filing authorized. Petition for relief from conviction or sentence |
| | and in forma pauperis filed. |
| | 03-24-07 copy to DA    N: deft w/cas |
| 4-2-07 | Motion for Summary Disposition |
| | April 4 2007. This is a successive petition. The grounds raised were previously raised and should and could have been raised on appeal. The State's Motion for Summary disposition is granted. Petition denied and dismissed. |
| | [signature] Judge |
| | 4-6-07: N, D.A, + Deft |

1

ACRO369   A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2002 000225.61
JUDGE ID:  JMW

STATE  OF  ALABAMA                          VS      MCNABB RUBEN COREY #23618

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|------------------------------|
| 04-12-07 | Reply to Motion for Summary Disposition. |
| 04-16-07 | Motion for reconsideration. |
| | May 1, 2007. Motion for reconsideration denied by the Court. Judge |
| | 5-2-07 N. Oa, Deft |
| 5-4-07 | Notice of appeal, CCA Docketing statement, CR transcript order filed |
| | May 10, 2007 — Notify Ct of Crim appeal. Original file to Ct. Judge |
| 5-18-07 | Clerks notice of appeal, CCA Docketing statement & CR transcript order to CCA, AG & Deft. |
| 5-30-07 | Record on appeal to CCA, AG & Deft |
| 6-1-07 | Notice from CCA appellants brief due 6-27-07 |
| 9-4-07 | Remanded with instructions from Court Criminal appeals |
| 9-4-07 | Order on remand from Court Criminal appeals |
| 9-6-07 | Return to remand   D: CCA, AG, |

2

# FILED

SEP 0 4 2007

*Carla Woodall*
Carla Woodall, Clerk
Houston County, AL



RELEASED

AUG 3 1 2007

CLERK
ALA COURT CRIMINAL APPEALS

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# ALABAMA COURT OF CRIMINAL APPEALS

## OCTOBER TERM, 2006-2007

---

### CR-06-1421

---

### Ruben Corey McNabb

### v.

### State of Alabama

### Appeal from Houston Circuit Court
### (CC-02-225.61)

BASCHAB, PRESIDING JUDGE

On February 11, 2004, the appellant, Ruben Corey McNabb, was convicted of first-degree robbery. On March 24, 2004, the trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole. See

CR-06-1421

§13A-5-9(c), Ala. Code 1975.  We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on February 14, 2005.  See McNabb v. State, (CR-03-1141) 923 So. 2d 349 (Ala. Crim. App. 2004) (table).  On or about March 21, 2007, the appellant filed a Rule 32 petition, challenging his sentence.  After the State responded, the circuit court summarily denied the petition.  This appeal followed.

The appellant argues that his sentence exceeds the maximum authorized by law or is otherwise not authorized by law.  Specifically, he contends that "[t]hree of the prior felony convictions from the State of Florida are actually Youthful Offender Convictions, under the Florida Youthful Offender Act 958.04(4), and cannot be used for sentencing enhancement under the Habitual Felony Offender Act to sentence Petitioner to life without parole."  (C.R. 12.)  The State concedes that we should remand this case for the circuit court to determine whether some of the prior convictions that were used to enhance the appellant's sentence were actually youthful offender adjudications.

"[A] youthful offender adjudication cannot be used to enhance a sentence under the HFOA.  See Ex Parte Thomas, 435

2

4

CR-06-1421

So. 2d 1324 (Ala. 1982)." Grier v. State, 825 So. 2d 873,
875 (Ala. Crim. App. 2001). Therefore, the appellant's
argument may be meritorious. Accordingly, we remand this case
to the circuit court with instructions that it make specific,
written findings of fact concerning the appellant's argument.
On remand, the circuit court may require the State to respond
more specifically to the appellant's argument and/or may
conduct an evidentiary hearing. On remand, the circuit court
shall take all necessary action to see that the circuit clerk
makes due return to this court at the earliest possible time
and within 56 days after the release of this opinion. The
return to remand shall include the circuit court's written
findings of fact and, if applicable, the State's response
and/or a transcript of the evidentiary hearing.

REMANDED WITH INSTRUCTIONS.

McMillan, Shaw, Wise, and Welch, JJ., concur.

REUBEN COREY MCNABB

v.

STATE OF ALABAMA

IN THE CIRCUIT COURT OF

HOUSTON COUNTY, ALABAMA

CASE NO. CC- 02-225

## ORDER ON REMAND FROM COURT OF CRIMINAL APPEALS

This Court certainly knows that a Youthful Offender conviction cannot be considered against a defendant when applying the Alabama Habitual Offender Act and therefore, was remiss in not setting forth the convictions relied upon in applying the Habitual Offender Act in this particular case when the defendant's Rule 32 petition was dismissed.

This defendant was sentenced to life without parole for his conviction of armed robbery first degree where danger to the lives of two people were threatened during the course of the robbery. At the sentencing hearing the State offered and had admitted into evidence three certified copies of judgments of convictions from the Circuit Court of Orange County, Florida, where Ruben Corey McNabb was listed as defendant as follows:

(1) Case No. CR 94-5433 where defendant was adjudged guilty of Possession of Cocaine With Intent to Sell, Sentenced to 14 months on March 28, 1995

(2) Case No. CR97-2935 where defendant was adjudged guilty of Possession of Cocaine With Intent to Sell or Deliver, Sentenced to 20 months on July 3, 1997

(3) Case No. CR97-3658 where defendant was adjudged guilty of Possession of Cocaine With Intent to Sell or Deliver, Sentenced to 20 months on July 3, 1997

The District Attorney also alleged that this defendant has previously been convicted of Carrying a Concealed Weapon and sentenced to 30 months in Orange County, Florida on August 4, 1993, but no certified copy of conviction was produced and that alleged conviction was not considered.
The three certificates of judgment considered made no mention of the defendant being sentenced under the Youthful Offender Act of the State of Florida.

This the 4th day of September, 2007.

_____

Circuit Judge, Active Retired

| State of Alabama<br>Unified Judicial System<br><br>From ARAP - 14 Rev. 11 / 91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>CR-06--1421 |
|---|---|---|

| TO: THE CLERK OF<br>  THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:  05-04-07 |
|---|---|
| APPELLANT<br>    RUBEN COREY MCNABB | |
| v. STATE OF ALABAMA | |

    I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of ___7___ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

    I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

    DATED this____6TH____ day of __SEPTEMBER__ , _2007_ .


                                        CARLA WOODALL
                                 _____
                                        Circuit Clerk

REL 10/26/2007

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
## State of Alabama
### Judicial Building, 300 Dexter Avenue
### P. O. Box 301555
### Montgomery, AL 36130-1555

**PAMELA W. BASCHAB**
**Presiding Judge**
**H.W."BUCKY" McMILLAN**
**GREG SHAW**
**A. KELLI WISE**
**SAMUEL HENRY WELCH**
**Judges**

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

### MEMORANDUM

On Return to Remand

CR-06-1421                    Houston Circuit Court CC-02-225.61

Ruben Corey McNabb v. State of Alabama

Baschab, Presiding Judge.

On February 11, 2004, the appellant was convicted of first-degree robbery. On March 24, 2004, the trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole. See §13A-5-9(c), Ala. Code 1975. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on February 14, 2005. See McNabb v. State, (CR-03-1141) 923 So. 2d 349 (Ala. Crim. App. 2004) (table). On or about March 21, 2007, the appellant filed a Rule 32 petition, challenging his

Exhibit N

sentence.   After the State responded, the circuit court
summarily denied the petition, and the appellant appealed the
denial to this court.

In an opinion that was released on August 31, 2007, we
remanded this case to the circuit court with instructions that
it make specific, written findings of fact regarding the
appellant's argument that some of the prior convictions that
were used to enhance his sentence as a habitual offender were
actually youthful offender adjudications.   On remand, the
circuit court found that the documentation regarding the prior
offenses did not indicate that the appellant was treated as a
youthful offender.   Accordingly, the appellant's argument is
without merit, and we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, Shaw, Wise, and Welch, JJ., concur.

# IN THE SUPREME COURT OF ALABAMA





March 14, 2008

**1070333**

Ex parte Ruben Corey McNabb.  PETITION FOR WRIT OF CERTIORARI TO THE
COURT OF CRIMINAL APPEALS  (In re: Ruben Corey McNabb v. State of
Alabama)   (Houston Circuit Court: CC02-225.61; Criminal Appeals : CR-06-1421).

## CERTIFICATE OF JUDGMENT

## Writ Denied

    The above cause having been duly submitted, IT IS CONSIDERED AND
ORDERED that the petition for writ of certiorari is denied.

    SMITH, J. -  See, Woodall, Stuart, and Parker, JJ., concur.  Cobb, C.J., recuses
herself.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.

Witness my hand this 14th day of March, 2008

*Robert G Esdale Sr*

**Clerk, Supreme Court of Alabama**

— Exhibit O