IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBEN COREY McNABB, #236182, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:08-CV-224-MEF |
| ) | |
| DAVID WISE, et al., ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ruben Corey McNabb ["McNabb"], a state inmate, on March 26, 2008. In this petition, McNabb challenges the sentence imposed upon him by the Circuit Court of Houston County, Alabama for a 2004 conviction of first degree robbery. McNabb argues that two of his prior Florida felony convictions on which the trial court relied for purposes of sentence enhancement under the provisions of the Alabama Habitual Felony Offender Act, *Ala. Code* § 13A-5-9, *et seq*, were youthful offender convictions and state law precludes sentence enhancement based on youthful offender convictions.

The respondents filed an answer in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that McNabb is entitled to no relief on the claims presented to this court. Specifically, the respondents argue that McNabb raises a claim which is purely a matter of state law, i.e., whether the prosecution properly proved his prior convictions constituted adult felony

convictions justifying enhancement of his sentence as a habitual felony offender, and, therefore, provides no basis for federal habeas relief. *Respondents' Answer - Court Doc. No. 11* at 7-10; *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, to the extent any review of the improper sentence claims is warranted, such review is severely limited by provisions of 28 U.S.C. § 2254(d)(2) as the state courts adjudicated this claim on the merits adversely to the petitioner. *See Order on Remand of Second Rule 32 Petition - Court Doc. No. 14-13* at 8 (The certified copies of McNabb's three prior judgments of conviction from Orange County, Florida on which the court relied for sentence enhancement "made no mention of the defendant being sentenced under the Youthful Offender Act of the State of Florida."). Consequently, under the circumstances of this case, habeas relief would be appropriate only if the state courts based their findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Accordingly, it is

ORDERED that on or before June 12, 2008 the petitioner may file a response to the answer filed by the respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. The petitioner is advised that at any time after June 12, 2008 the court shall "determine whether an

evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The petitioner is instructed that when responding to the respondents' answer he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on the grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the respondents' answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

    Done this 23rd day of May, 2008.


        /s/ Charles S. Coody
    CHARLES S. COODY
    UNITED STATES MAGISTRATE JUDGE