IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBEN COREY McNABB, #236182, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:08-CV-224-MEF |
| ) | |
| DAVID WISE, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ruben Corey McNabb ["McNabb"], a state inmate, on March 26, 2008. In this petition, McNabb challenges the sentence imposed upon him by the Circuit Court of Houston County, Alabama for a 2004 conviction of first degree robbery. Specifically, McNabb argues the trial court improperly relied on prior youthful offender convictions from the State of Florida for purposes of sentence enhancement under the provisions of the Alabama Habitual Felony Offender Act, *Ala. Code* § 13A-5-9, *et seq*.

The respondents filed an answer and supplements thereto in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that McNabb is entitled to no relief on the claim presented to this court. As support for this assertion, the respondents argue that McNabb's challenge to his sentence does not present a claim upon which federal habeas relief can be granted

as it involves the state court's application of state law.[1] *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (a federal court has no authority to re-examine state court determinations on questions of state law and, therefore, "federal habeas corpus relief does not lie for errors of state law."); *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A state court's interpretation of its own laws and rules are not grounds for relief in a federal habeas proceeding."); *Walton v. Attorney General fo the State of Alabama*, 986 F.2d 472, 475 (11th Cir. 1993) (federal court is bound by decision of state court that no state law has been violated); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-1055 (11th Cir. 1983) ("Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes.... A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.") .

Despite the foregoing, the court likewise finds that the record refutes McNabb's conclusory allegation of an improper sentence enhancement as it contains copies of the prior Florida convictions used by the trial court for enhancement purposes and each of these convictions indicates imposition of a sentence for a felony conviction as the trial court ***did not***, when provided an opportunity to do so, designate McNabb as a youthful

---

[1] The respondents maintain this is true "because the questions of whether the State may use a youthful offender adjudication to enhance the sentence on a later conviction, or whether the State adequately proved the previous convictions from Florida were felony convictions instead of youthful offender adjudications are [both] state law questions." *Respondents' Answer - Court Doc. No. 11* at 7.

offender.  *Respondents' Exhibit P - Court Doc. No. 19-2*; *Respondents' Exhibit Q - Court Doc. No. 19-3*; *Respondents' Exhibit R - Court Doc. No. 19-4*.  Moreover, even assuming McNabb has presented a claim proper for habeas relief, the court concludes that McNabb is entitled to no relief as the state courts properly adjudicated the improper sentence claim on the merits.  *Price v. Vincent*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."); *Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518 (2000).  Under the requisite provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, 529 U.S. at 412-413 (2000), the Supreme Court held that:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that

3

principle to the facts of the prisoner's case.

In dismissing McNabb's second Rule 32 petition, the Circuit Court of Houston County found the challenge to the sentence imposed meritless as "[t]he three certificates of judgment considered [for enhancement of McNabb's sentence] made no mention of [McNabb] being sentenced under the Youthful Offender Act of the State of Florida." *Respondents' Exhibit M - Court Doc. No. 14-13* at 8. On appeal from this decision, the Alabama Court of Criminal Appeals deemed the "argument ... without merit" as the prior offenses did not indicate granting of youthful offender treatment to McNabb. *Respondents' Exhibit N - Court Doc. No. 14-14* at 2. It is clear to this court that the denial of this claim by the state courts in the Rule 32 proceedings was not contrary to or an unreasonable application of federal law nor an unreasonable determination of the facts in light of the evidence presented to the state courts. Thus, to the extent McNabb's improper sentence claim is properly before this court for determination, he is due no relief on this claim. *Williams*, 529 U.S. at 404-405, 120 S.Ct. at 1518-1523.

Accordingly, it is

ORDERED that on or before September 23, 2008 the petitioner may file a response to the answers filed by the respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. The petitioner is advised that at any time after September 23, 2008 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not

required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The petitioner is instructed that when responding to the respondents' answers he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on the grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the respondents' answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

    Done this 3rd day of September, 2008.

                                /s/ Charles S. Coody
                                CHARLES S. COODY
                                UNITED STATES MAGISTRATE JUDGE